David M. Stern (State Bar No. 67697)
Matthew C. Heyn (State Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:  310-407-4000
Facsimile:  310-407-9090
Email:  dstern@ktbslaw.com
   mheyn@ktbslaw.com

*Attorneys for R. Todd Neilson,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC,<br>GGW DIRECT, LLC,<br>GGW EVENTS, LLC, and<br>GGW MAGAZINE, LLC<br><br>Debtors.<br><br>This pleading affects:<br>All Debtors ☒<br>GGW Brands, LLC ☐<br>GGW Direct, LLC ☐<br>GGW Events, LLC ☐<br>GGW Magazine, LLC ☐ | Jointly Administered<br>Under Case No. 2:13-bk-15130-SK<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR AUTHORITY TO REVOKE CANCELLATION AND TO FILE VOLUNTARY CHAPTER 11 PETITION FOR DEBTORS' SUBSIDIARY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW C. HEYN IN SUPPORT THEREOF**<br><br>[APPLICATION FOR ORDER SHORTENING TIME FILED CONCURRENTLY HEREWITH]<br><br>**Date:  TBD**<br>**Time:  TBD**<br>**Place: TBD** |

144403.2

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that R. Todd Neilson, as chapter 11 trustee (the "Trustee") of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC (together, the "Debtors"), hereby files this *Notice of Motion and Motion For Authority To Revoke Cancellation And To File Voluntary Chapter 11 Petition For Debtors' Subsidiary* (the "Motion"), pursuant to which the Trustee respectfully requests entry of an order authorizing the him (i) to revoke the cancellation of GGW Marketing, LLC ("GGW Marketing"), an entity owned and managed by GGW Brands, LLC (a debtor in these cases), and (ii) to file a voluntary chapter 11 bankruptcy petition for GGW Marketing.

**PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to Bankruptcy Code sections 363 and 105(a) and is based on this Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Matthew C. Heyn ("Heyn Decl."), the exhibits attached thereto, the record in these cases (including the pending adversary proceeding), the arguments and representations of counsel, any other evidence that may be presented at or prior to the hearing on the Motion, and all other matters of which the Court may properly take judicial notice.

Consideration of the Motion on shortened notice basis pursuant to Local Bankruptcy Rule 9075-1(b) is appropriate under the circumstances presented here:

(i) Path Media Holdings, LLC ("Path Media"), a Nevis limited liability company owned by an offshore trust, appears to own trademarks that are critical to the operation of the Debtors, including "Girls Gone Wild" and "Guys Gone Wild" (the "Trademarks"). The Trademarks were transferred from GGW Marketing, a subsidiary of the Debtors, to Path Media, for no apparent consideration, in November 2011. *See* Heyn Decl. ¶¶ 3-5.

(ii) Path Media contends, through its representative, that on February 25, 2013 (two days before the Debtors filed for bankruptcy), it terminated the Debtors' license to

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

use the Trademarks and entered into a short-term license agreement that expires on May 31, 2013 (the "License Agreement"). *Id.* Without use of the Trademarks, the Debtors may need to shut down.[1]

    (iii)    The Trustee seeks to revoke the cancellation of GGW Marketing and file a voluntary chapter 11 petition for GGW Marketing, in part, so that GGW Marketing may recover the fraudulent transfer of the Trademarks to Path Media. Expedited relief is necessary so that the Trustee may revoke the cancellation of GGW Marketing, file a voluntary petition for GGW Marketing and commence a fraudulent transfer action prior to the May 31, 2013 expiration of the short term License Agreement. *Id.*

**PLEASE TAKE FURTHER NOTICE** that, once the Court acts on the pending application to shorten time for hearing on the Motion filed concurrently herewith, pursuant to Local Bankruptcy Rule 9075-1(b), the Trustee will serve a separate notice specifying the date, time, and place of the hearing on the Motion, as well as deadlines for opposition and replies, on those parties entitled to notice thereof.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order granting this Motion in its entirety and (i) authorizing the Trustee to take such actions as are necessary to revoke the cancellation of GGW Marketing; (ii) authorizing the Trustee to take such actions as are necessary to cause GGW Marketing to file a voluntary chapter 11 bankruptcy petition; and (iii) granting such other and further relief as this Court deems just and proper.

DATED: May 9, 2013                      Respectfully submitted,

                                                      /s/ Matthew Heyn
                                                      Matthew C. Heyn

---

[1] The Trustee is continuing to investigate whether cancellation of the trademark license may have also been a fraudulent transfer. *See, e.g.*, *EBC I, Inc. v. Am. Online, Inc. (In re EBC I, Inc.)*, 356 B.R. 631, 638 (Bankr. D. Del. 2006) (concluding that exercise of a contractual right to terminate an advertising contract with debtor constituted a "transfer" of "an interest of the debtor in property"), *aff'd*, 2010 U.S. App. LEXIS 11183 (3d Cir. June 1, 2010). Even absent a fraudulent transfer action, enforcement of the Trademarks would be violate of the automatic stay. However expedited relief is appropriate to obviate the harmful threat of litigation.

144403.2                                                    2

KLEE, TUCHIN, BOGDANOFF & STERN LLP
*Attorneys for R. Todd Neilson, Chapter 11 Trustee*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

144403.2                                    3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATUS OF CASES AND JURISDICTION

The Debtors[2] commenced these cases on February 27, 2013 (the "Petition Date") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Following a hearing on April 10, 2013, the Court ordered the appointment of a chapter 11 trustee in the Debtors' cases. The Trustee was appointed as the chapter 11 trustee on April 11, 2013. An official committee of unsecured creditors has not been appointed. On April 24, 2013, the Court entered an order jointly administering these cases.

This Court has jurisdiction over these cases, the Debtors' estates, and this matter pursuant to 28 U.S.C. §§ 1334(a) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue of these cases and these proceedings in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicate for the relief sought herein is sections 363 and 105 of the Bankruptcy Code.

## II. FACTUAL BACKGROUND[3]

GGW Marketing is a Delaware limited liability company that was formed on November 2, 2006.[4] GGW Brands, LLC ("GGW Brands") was the manager member of GGW Marketing.[5] Prior to November 2011, GGW Marketing's primary (perhaps only) asset was its ownership of the Trademarks.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the foregoing Motion.

[3] The general factual background of the Debtors and these cases is set forth in the record of these cases, including the Debtors' schedules and statements, and the motions, declarations, exhibits, and transcripts that have been filed thus far in these cases. The following is intended to summarize the facts most pertinent to the Motion.

[4] *See* Certificate of Formation of GGW Marketing, LLC. Certified copies of all documents of GGW Marketing on file with the Delaware Secretary of State as of April 15, 2013, including its Certificate of Formation are attached to the Heyn Declaration. *See* Heyn Decl. Ex. A.

[5] *See* Deposition of Robert Klueger ("Klueger Depo.") at 27:1-4 (Heyn Decl. Ex. B). The California Certificate of Cancellation for GGW Marketing reflects that GGW Brands, LLC, a debtor, performed such cancellation as manager of GGW Marketing. Heyn Decl. ¶ 15 & Ex. J.

144403.2                                                                 1

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

The Trustee's investigation has revealed that, in mid-2011, while several lawsuits against the Debtors and GGW Marketing were pending,[6] Mr. Francis and the Debtors hired Robert Klueger, an expert "asset protection" attorney,[7] to facilitate the transfer of various assets of the Debtors and GGW Marketing, including, *inter alia*, the Trademarks, which were held by GGW Marketing. According to records from the United States Trademark Office, GGW Marketing and GGW Brands transferred the Trademarks to Path Media on November 15, 2011.[8]

In the litigation between the Debtors and Wynn Las Vegas, LLC, the Debtors designated Mr. Klueger as their 30(b)(6) representative to testify in deposition relating to issues of the Debtors' assets and structure.[9] According to Mr. Klueger:

- Mr. Klueger formed Path Media, an offshore entity in Nevis.[10]
- Mr. Klueger transferred the GGW copyrights and trademarks to Path Media.[11]
- Path Media is owned by the Ridgewood Global Trust.[12] Ridgewood Global Trust is a trust under the laws of the Cook Islands with Asiatrust Limited as its trustee and Joseph Francis as its settlor and one of its beneficiaries.[13]

---

[6] *See, e.g.,* Docket sheet for *Etagz, Inc. v. Cheri Magazine, et al.*, No. 2:10-cv-01266 (D. Utah, complaint filed Dec. 22, 2010) (Heyn Decl. Ex. C); Complaint, *Rayment v. GGW Brands, LLC et al.*, No. CJ-2012-01321 (Tulsa Cnty., Okla. Dist. Ct., complaint filed March 12, 2012) (Heyn Decl. Ex. D)); Docket sheet for *Favazza v. Path Media Holdings, LLC et al.*, No. 4:12-cv-01561 (E.D. Mo., complaint filed Aug. 29, 2012) (Heyn Decl. Ex. E).

[7] Mr. Klueger is the author of several treatises on "asset protection." *See, e.g.*, Robert F. Klueger, *A Guide to Asset Protection : How to Keep What's Legally Yours* (Wiley & Sons, Inc. 1996); Robert F. Klueger, *Asset Protection: Protect Your Wealth, Limit Your Exposure to Lawsuits, Maximize Your Tax Savings* (Entrepreneur Media, Inc. 2008).

[8] *See* US PTO Trademark Assignments (Heyn Decl. Ex. F).

[9] Klueger Depo. at 8:12-17. Mr. Kluger testified that he served as counsel to GGW Brands, LLC, *id.* at 9:11-20, and that he was not aware of anybody that has superior knowledge about the formation and setup of the company, *id.* at 26:8-14.

[10] *Id.* at 98:16-21. "Nevis is an island in the Caribbean Sea that forms part of the inner arc of the Leeward Islands chain of the West Indies. … Its area is 93 km² and capital is Charlestown. http://en.wikipedia.org/wiki/Nevis.

[11] *Id.* at 100:5-101:11.

[12] *Id.* at 98:24-99:3.

144403.2                                     2

According to records from the United States Trademark Office, GGW Marketing and GGW Brands transferred the Trademarks to Path Media on November 15, 2011.[14] The Debtors' records do not reflect that they received any consideration in exchange for the transfer of the Trademarks.

It is also worth noting that Joseph Francis appears to control or, at the very least, significantly influence the actions of both Path Media and Asiatrust Limited. For example:

- Argyle Online, LLC is Path Media's "U.S. Representative."[15] It has the power to enter into agreements on behalf of Path Media.[16]

- Ronald Tym, Mr. Francis's personal attorney, was formerly the manager of Argyle Online, LLC.[17]

- The address listed for Argyle Online, LLC on the California Secretary of State's website (see Exhibit H to the Heyn Declaration) is the same as Mr. Tym's personal address.[18]

- After the Trustee obtained a temporary restraining order prohibiting Joseph Francis from interfering with the Debtors or their operations, Asiatrust Limited appointed Mr. Francis' girlfriend as manager of Perfect Science Labs and Argyle Online.[19] She subsequently fired and/or locked out several of the Debtors' employees.[20]

---

[13] *See* Declaration of Asia Trust [sic] Limited ¶¶5-8 (Heyn Decl. Ex. K); Declaration of Adrian Taylor ¶ 9 (Heyn Decl. Ex. L).

[14] *See* US PTO Trademark Assignments (Heyn Decl. Ex. F).

[15] *See* February 25, 2013 License Agreement ¶ 8 (Heyn Decl. Ex. M).

[16] *See* April 25, 2013 Agreement Between Argyle Online, LLC, Path Media Holdings, LLC, Perfect Science Labs, LLC, and Trustee (Heyn Decl. Ex. G).

[17] *Id.* at 4.

[18] Compare California Secretary of State record address for Argyle Online LLC (Heyn Decl. Ex. H) to Resume of Ronald D. Tym (Heyn Decl. Ex. I).

[19] April 29, 2013 email from R. Tym to M. Heyn (Heyn Decl. Ex. P).

[20] See *Stipulation Resolving Emergency Ex Parte Application to Enforce and, to the Extent Necessary, Clarify and Expand Temporary Restraining Order by Specifically Naming Additional Parties*, *Neilson v. Francis*, Adv. No. 2:13-ap-1468-SK, Recital ¶ C ("On April 30,
*(FOOTNOTE CONTINUED)*

144403.2   3

- Asiatrust Limited has responded to requests for information by directing inquiries to Ron Tym.[21]

In 2012 and early 2013, apparently in furtherance of their asset protection scheme, Mr. Klueger, Mr. Francis, and others caused GGW Marketing to be cancelled by filing certificates of cancellation with the Delaware Secretary of State (filed on May 4, 2012)[22] and the California Secretary of State (filed on January 16, 2013).[23] Delaware law, applicable because GGW Marketing was a Delaware limited liability company, is plain that a limited liability company that is dissolved "[s]hall pay or make reasonable provision to pay all claims and obligations…," DEL. CODE. ANN. tit. 6, § 18-804(b)(1), and that an entity may be cancelled only "upon the dissolution and the completion of winding up of a limited liability company," *id*. at § 18-203(a). However, at the time of the cancellation, there were still several pending lawsuits against GGW Marketing. Thus, it appears that GGW Marketing failed to make reasonable provision for the payment of all claims and obligations.

Path Media now claims ownership of the Trademarks by virtue of the above described transactions. Path Media and GGW Direct (a Debtor in these jointly administered cases) apparently entered into the License Agreement on February 25, 2013 – just two days before the Debtors filed these bankruptcy cases. The License Agreement grants GGW Direct a license to use the Trademarks until May 31, 2013, at which point the agreement will terminate unless Path Media and GGW Direct agree to renew the agreement on a month-to-month basis for a to-be-determined fee. *See* License Agreement, ¶ 7. Through Argyle Online, Path Media has threatened

---

2013, Mr. Francis took actions that violated the TRO. The actions involved others acting in concert with him, including Additional Persons, who gave direction to CA-The Tower Limited Partnership ('Landlord'), the landlord of certain office space at 10940 Wilshire Boulevard, Los Angeles, California occupied by the Debtors (the 'Premises').").

[21] Heyn Decl. ¶ 21 & Ex. Q.

[22] *See* State of Delaware Certificate of Cancellation of GGW Marketing, LLC (Heyn Decl. Ex. A).

[23] *See* State of California Secretary of State Limited Liability Company Certificate of Cancellation (Heyn Decl. Ex. J).

144403.2                              4

to exercise its alleged rights with respect to the Trademarks against the Debtors if the Debtors continue to use the Trademarks after May 31, 2013.

### III. REQUESTED RELIEF

Utilizing his powers as Trustee to control GGW Brands, which is the manager and member of GGW Marketing, the Trustee intends to, *inter alia*:

(i)     Revoke the cancellation of GGW Marketing; and

(ii)    Cause GGW Marketing to file a voluntary chapter 11 bankruptcy petition.

### IV. ARGUMENT

Bankruptcy Code section 363(b) authorizes the Trustee to, after notice and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Bankruptcy Code section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). In so doing, the statute empowers the "bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *In re Morristown & Erie R.R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989).

In this instance, the relief requested is necessary and appropriate to ensure the ongoing viability of the Debtors, as well as to allow for the proper winding up of the assets of GGW Marketing to facilitate distribution of its assets to creditors.[24]

**A.     Revocation of GGW Marketing's Cancellation is Appropriate Because GGW Marketing Did Not Properly Wind Up its Affairs Prior to Cancellation**

Under Delaware law, the filing of a certificate of cancellation is predicated "upon the *dissolution and completion of winding up* of a limited liability company." DEL. CODE. ANN. tit. 6, § 18-203(a) (emphasis added). Section 18-804 of the Delaware Code makes clear that the process

---

[24] At this time it is unclear whether GGW Marketing, upon filing a chapter 11 petition, should be substantively consolidated with any or all of the Debtors. At least one court has found that GGW Marketing is an alter ego of the Debtors. *See Order Granting Summary Judgment*, *Rayment v. GGW Brands, LLC et al.*, No. CJ-2012-01321 (Tulsa Cnty., Okla. Dist. Ct. Jan. 25, 2013)¶ A.6, at 2 (Heyn Decl. Ex. N).

144403.2                                           5

of dissolving and winding up a limited liability company is not complete if the company has failed to provide for the payment of its liabilities:

> (b) A limited liability company which has dissolved:
>
> > (1) *Shall* pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional or unmatured contractual claims, known to the limited liability company; . . .

DEL. CODE. ANN. tit. 6, § 18-804(b)(1) (emphasis added).

At the time of its Delaware cancellation, GGW Marketing was a defendant in multiple pending lawsuits, and was soon to be named as a defendant in other lawsuits. *See supra* note 6. It appears that no provision was made for resolution of these outstanding lawsuits – or for the payment of any other creditors' claims – prior to filing GGW Marketing's certificate of cancellation. In fact, GGW Marketing continued to defend itself in at least one of the lawsuits several months *after* filing its certificate of cancellation in Delaware.[25] Thus, GGW Marketing did not properly and completely dissolve and wind up its affairs, and therefore it should not have been cancelled under Delaware law.

The Delaware Code sets forth a specific procedure in the event a certificate of cancellation is filed before the LLC has completed winding up its affairs:

> A certificate of cancellation that is filed in the office of the Secretary of State prior to the dissolution or the completion of winding up of a limited liability company may be corrected as an erroneously executed certificate of cancellation by filing with the office of the Secretary of State a certificate of correction of such certificate of cancellation in accordance with § 18-211 of this title.

DEL. CODE ANN. tit. 6, § 18-203(b).

By the Motion, the Trustee seeks Court authorization to exercise GGW Brands' power to file an amendment to the certificate of cancellation, as is expressly authorized under Delaware

---

[25] *See, e.g.*, *Defendants' Response to Plaintiff Etagz, Inc.'s Surreply in Opposition to Defendants' Motion to Dismiss Third Amended Complaint*, *Etagz, Inc. v. Conrey Publ'ns, Inc. et al.*, No. 2:10-cv-01266 (D. Utah Aug. 10, 2012) [Dkt. No. 79] (Heyn Decl. Ex. O).

144403.2                                              6

law, on the grounds that the affairs of GGW Marketing were not properly wound up because GGW Marketing failed to make reasonable provision to pay all claims against it.

**B.     The Filing of a Petition by GGW Marketing is Necessary in Order to Ensure That the Debtors Have Uninterrupted Use of the Fraudulently Transferred Trademarks**

Once the Trustee "revives" GGW Marketing, he intends to, and hereby seeks authority to, file a voluntary chapter 11 petition for GGW Marketing so that its affairs may be wound up in an orderly proceeding or resolved as part of the reorganization of the Debtors. After GGW Marking files a voluntary petition, the Trustee may, *inter alia*, elect to file a complaint to avoid the fraudulent transfer of the Trademarks to Path Media and enjoin Path Media from taking any action against the Debtors on account of their use of the Trademarks.

Although his investigation is still in process, the Trustee believes that the transfer of the Trademarks from GGW Marketing may have constituted a constructive or intentional fraudulent transfer. With GGW Marketing and the Debtors facing a wave of litigation, Mr. Francis and the Debtors hired an asset protection attorney, who engineered the transfer of a valuable asset to an offshore entity, Path Media, owned by a Trust that was settled by Francis (and for which Francis is a beneficiary). Then, to cover their tracks, Francis's asset protection attorneys filed false certificates of cancellation, leaving GGW Marketing, and the Debtors who owned GGW Marketing, and their creditors empty-handed and without the ability to take action against it. In addition, the transfers and related actions left GGW Marketing's affiliates without the ability to operate (unless Path Media agrees to license to them). While the Trustee is still developing his case, the indicia of a fraudulent transfer are strong.

Pursuant to section 1108 of the Bankruptcy Code, the Trustee is authorized to "operate [GGW Brands'] business." 11 U.S.C. § 1108. Furthermore, section 363(b) authorizes the Trustee to "use, sell or lease . . . property of the estate" outside of the ordinary course of business. 11 U.S.C. § 363(b). In light of these provisions, courts permit chapter 11 trustees to file bankruptcy petitions on behalf of subsidiaries of the debtor. For instance, in *In re Consolidated Auto Recyclers, Inc.*, 123 B.R. 130 (Bankr. D. Me. 1991), the chapter 11 trustee took extraordinary actions – without prior court approval – to cause the debtor's subsidiary to file a chapter 11

144403.2                                   7

petition, including amending the subsidiary's bylaws, removing all of the subsidiary's directors, and electing the trustee as the sole director. *Id.* at 136. The trustee then executed a unanimous written consent of stockholders and directors that removed all of the subsidiary's incumbent officers and elected the trustee as president, treasurer, and secretary, and authorized the filing of a petition. *Id.* When a creditor moved to dismiss the subsidiary's bankruptcy case, the bankruptcy court held that the trustee's "actions as the individual with decision making capacity for [the parent]" were "authorized under attendant principles of corporate governance." *Id.* at 139. Although the court held that the trustee should have first obtained court authorization for the filing, it nonetheless granted such authority *nunc pro tunc* because, *inter alia*, "the trustee's actions in initiating Chapter 11 proceedings for [the subsidiary] preserved the opportunity to challenge [a creditor's] security interest as a preference . . . and, therefore, stands to benefit the estate." *Id.* at 142. *See also Feltman v. Warmus (In re Am. Way Serv. Corp.)*, 229 B.R. 496, 501 n.7 (Bankr. S.D. Fla. 1999) (noting that chapter 11 trustee caused debtor's wholly-owned subsidiary to file a chapter 11 petition); *PM Denver, Inc. v. Porter (In re Porter McLeod, Inc.)*, 231 B.R. 786, 800 (D. Col. 1999) (describing how chapter 7 trustee caused debtor's four subsidiaries to file bankruptcy petitions).

The Trustee candidly acknowledges that pursuing the fraudulent transfer action against Path Media is among his chief reasons for seeking authority to file a voluntary chapter 11 petition for GGW Marketing.[26] The Trustee has no reason to hide his intentions from the Court, because it is well-settled that a party may file a bankruptcy petition solely for the purpose of availing itself of the rights and protections afforded by the Bankruptcy Code. *See, e.g.*, *Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.)*, 314 F.3d 1070, 1075 (9th Cir. 2002) ("The fact that a debtor proposes a plan in which it avails itself of an applicable Code provision does not constitute evidence of bad faith." (internal quotation marks and citation omitted)); *Consol. Auto Recyclers*, 123 B.R. at 142 (retroactively authorizing trustee to file petition on behalf of debtor's

---

[26] The Trustee may well be able to pursue such an action even without GGW Marketing filing its own bankruptcy case. However, he believes the path to relief is simpler with such a filing.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

144403.2                                      8

subsidiary where trustee stated that challenging preferential security interest in subsidiary's assets was among reasons for filing).

Even if the fraudulent transfer action were unsuccessful, revoking the cancellation and filing a bankruptcy petition for GGW Marketing would still be justified. Under Delaware law, GGW Marketing should be wound down in an orderly manner, not swept under the carpet with a bogus cancellation statement.

If successful, the fraudulent transfer action will inure to the benefit of the Debtors' estates. If Path Media has the unfettered control over the Trademarks that it asserts, the Debtors face the very real threat of being prohibited from using the "Girls Gone Wild" trademarks after May 31, 2013. Obviously, the Trademarks are essential to the Debtors' ongoing business operations. Indeed, reorganization of the Debtors may be impossible if Path Media takes actions to thwart the Debtors' use of the Trademarks.

## V. CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order granting this Motion in its entirety and (i) authorizing the Trustee to take such actions as are necessary to revoke the cancellation of GGW Marketing; (ii) authorizing the Trustee to take such actions as are necessary to cause GGW Marketing to file a voluntary chapter 11 bankruptcy petition; and (iii) granting such other and further relief as this Court deems just and proper.

DATED: May 9, 2013                    Respectfully submitted,

/s/ Matthew C. Heyn
Matthew C. Heyn
KLEE, TUCHIN, BOGDANOFF & STERN LLP
*Attorneys for R. Todd Neilson, Chapter 11 Trustee*

144403.2                    9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing documents entitled: **NOTICE OF MOTION AND MOTION FOR AUTHORITY TO REVOKE CANCELLATION AND TO FILE VOLUNTARY CHAPTER 11 PETITION FOR DEBTORS' SUBSIDIARY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW C. HEYN IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 9 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *[Date]* I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 9, 2013, I arranged for service on the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 9, 2013 | Matthew C. Heyn | /s/ Matthew C. Heyn |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

144429.1    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                         **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Dare Law on behalf of U.S. Trustee United States Trustee (LA)
  dare.law@usdoj.gov

- R. Todd Neilson (TR)
  tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com

- Malhar S Pagay on behalf of Creditor Wynn Las Vegas, LLC d/b/a Wynn Las Vegas
  mpagay@pszjlaw.com, mpagay@pszjlaw.com

- Ronald N Richards on behalf of Interested Party Courtesy NEF
  ron@ronaldrichards.com

- Ronald D Tym on behalf of Other Professional Ronald Tym
  RTym@Tymfirm.com

- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov

- Andy C Warshaw on behalf of Interested Party Courtesy NEF
  awarshaw@lawcenter.com, mstevens@lawcenter.com

- Jonathan M Weiss on behalf of Trustee R. Todd Neilson (TR)
  jweiss@ktbslaw.com

- Robert M Yaspan on behalf of Debtors
  court@yaspanlaw.com, tmenachian@yaspanlaw.com

**TO BE SERVED VIA EMAIL:**

- Brendt C. Butler, Esq., counsel to Joseph R. Francis
  b.butler@oms-llc.com
  brendt.butler@gmail.com
- Ronald Tym on behalf of Other Professional Ronald Tym
  RTym@tymfirm.com
- Dare Law on behalf of United States Trustee (LA)
  dare.law@usdoj.gov

**TO BE SERVED VIA OVERNIGHT MAIL:**

- Dare Law on Behalf of the United States Trustee
  725 S. Figueroa St. 26th Floor
  Los Angeles, CA 90017

144429.1    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**