David M. Stern (State Bar No. 67697)
Matthew C. Heyn (State Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:   310-407-4000
Facsimile:    310-407-9090
Email:         dstern@ktbslaw.com
                  mheyn@ktbslaw.com

*Attorneys for R. Todd Neilson,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC,<br>GGW DIRECT, LLC,<br>GGW EVENTS, LLC, and<br>GGW MAGAZINE, LLC<br><br>    Debtors.<br><br>This pleading affects:<br>All Debtors     ☒<br>GGW Brands, LLC  ☐<br>GGW Direct, LLC   ☐<br>GGW Events, LLC   ☐<br>GGW Magazine, LLC ☐ | Jointly Administered<br>Under Case No. 2:13-bk-15130-SK<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF MOTION FOR AUTHORITY TO REVOKE CANCELLATION AND TO FILE VOLUNTARY CHAPTER 11 PETITION FOR DEBTORS' SUBSIDIARY**<br><br>**[Declaration of Matthew C. Heyn filed concurrently herewith]**<br><br>**Judge:  Hon. Sandra R. Klein**<br>**Ctrm.:  1575**<br>**Date:   May 20, 2013**<br>**Time:  11:00 a.m.** |

The Trustee[1] hereby files this Reply to the *Opposition of Perfect Science Labs, LLC, Argyle Online, LLC, and Joseph Francis to Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for GGW Marketing, LLC* [Docket No. 141] (the "Opposition").

## I. INTRODUCTION

The Opposition suffers from three defects, each of which is fatal.

The first and most obvious is that the sole parties on whose behalf the Opposition is filed, Perfect Science Labs, LLC ("Perfect Science"), Argyle Online, LLC ("Argyle"), and Joseph Francis ("Mr. Francis," and, together with Perfect Science and Argyle, the "Opponents") lack standing to oppose the Motion. None of the Opponents has shown that it has a direct relationship with the Debtor that would be affected by the granting of the relief sought in the Motion, and thus none of the entities is a "party in interest" under Bankruptcy Code section 1109(b). *See* Part II. A.

Even if the Opponents had standing, the Opposition they tender is without merit. It relies entirely on a single misguided assertion: "Debtor GGW Brands, LLC was never the 'member' of GGW Marketing, it was only the 'manager,' entitling it to no underlying ownership interest in the Trademarks, making the purpose and effect of the Motion unnecessary, moot and not proper." (Opposition at 1) (emphasis omitted). The Opponents claim that GGW Brands, *Inc.* ("Brands, Inc.") – not GGW Brands, *LLC* ("Brands, LLC") – is the member of GGW Marketing. Even if the Opponents are right that Brands, Inc. was at one time the member of GGW Marketing, the weight of the evidence proves that debtor Brands, LLC is *now* the member of GGW Marketing. *See* Part II. B.

Finally, even were Brands, LLC not the member of GGW Marketing, it is nevertheless empowered to take the actions specified in the Motion because, as the Opponents concede, Brands, LLC is the manager of GGW Marketing. Under Delaware law and the terms of GGW

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Notice of Motion and Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for Debtors' Subsidiary; Memorandum of Points and Authorities* [Docket No. 120] (the "Motion").

1

Marketing's Operating Agreement[2] (the "Operating Agreement"), Brands, LLC has authority to revoke cancellation of GGW Marketing and file a voluntary chapter 11 bankruptcy petition on its behalf. *See* Part II. C.

In contrast to these infirmities, the Motion is well-supported and properly brought. The Trustee respectfully requests the Court grant it.

## II. ARGUMENT

### A. Francis, Perfect Science, and Argyle Are Not Parties in Interest and Lack Standing to Oppose the Motion

The Motion seeks no relief whatsoever against Mr. Francis, Perfect Science, or Argyle. The only entity that would be directly affected by the granting of the Motion is GGW Marketing. Even Path Media – which is *not* an Opponent – would be, at most, indirectly affected, since the Trustee intends to pursue a fraudulent transfer action to recover the Trademarks from Path Media if the Motion is granted. The Opponents do not claim to be related in any way to GGW Marketing or Path Media. Nor do they offer any explanation of how granting the relief sought in the Motion would affect them. To be sure, the Opponents might well be sued along with Path Media if the facts and law warrant, but controlling case law makes clear that being a trustee's target is not a basis for standing. *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983) ("[A]ppellant's only demonstrable interest in the order is as a potential party defendant in an adversary proceeding. As such, she is not a 'person aggrieved'….").[3]

To the extent that the Opponents purport to have filed the Opposition to assert rights of GGW Marketing or Path Media, it is beyond peradventure that "party-in-interest standing under

---

[2] *See Declaration of Ronald D. Tym in Support of Opposition to Motion for Authority to Revoke Cancellation and to File Voluntary Petition for Debtors' Subsidiary* [Docket No. 137] ("Tym Decl."), Exh. A, § 6.03 (page 10).

[3] Notably, the Objectors do not appear to be creditors and, in any event, do not found their objection in any respect on any adverse impact that granting the Motion would have on the dividend to creditors. That is consequential under *Fondiller* and, as a matter of basic bankruptcy jurisprudence. *See, e.g., In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983) ("When interpreting the meaning of Code terms such as 'party in interest,' we are governed by the Code's purposes. . . . One of those purposes is to convert the bankrupt's estate into cash and distribute it among creditors.") (citation omitted).

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

§ 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding." *Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 505 F.3d 109, 117 n.9 (2d Cir. 2007). Conceivably, the Opponents filed their Opposition because, through the tangled web of entities Mr. Francis has woven, Francis would benefit financially from Path Media's retention of the Trademarks. However, such an attenuated interest is insufficient to confer "party in interest" standing under section 1109(b). *See, e.g.*, *Southern Boulevard, Inc. v. Martin Paint Stores (In re Martin Paint Stores)*, 207 B.R. 57, 61 (S.D.N.Y. 1997) (creditor of debtor's creditor lacked standing even though it was "deeply concerned about the bankruptcy proceeding, since the debtor's ability to pay its creditor may affect the creditor's ability to pay, in turn, its creditor"); *In re Huggins*, 460 B.R. 714, 717-18 (Bankr. E.D. Tenn. 2011) (neither creditors of nor investors in a creditor of the debtor are parties in interest).

The Opponents have offered no evidence and no explanation of how the Motion affects them. Accordingly, they lack standing to appear and be heard.

**B.      Ample Evidence Proves That Brands, LLC Is the Sole Member of GGW Marketing**

The Opposition relies almost exclusively on the 2006 Operating Agreement of GGW Marketing.[4] That document purports to show that Brands, Inc. was the member of GGW Marketing as of November 2, 2006. For purposes of this Reply, the Trustee assumes that the document is accurate. Nevertheless, nothing in the Operating Agreement, or in any of the other

---

[4]     The declaration of Ron Tym also makes an *ad hominem* and off-point attack on the Trustee's counsel saying "This is not the first time that I have witnessed the attorneys at Klee Tuchin not realizing the difference between a Manager and a Member of a limited liability company of which, in reality, it had only been a Managers". Tym Decl. ¶ 8. Mr. Tym then goes on to claim (*id.* ¶ 9) that Klee Tuchin was also confused about ownership of Argyle Media Sales, LLC, contending that GGW Brands, LLC is solely the manager (*i.e.*, not the member) of Argyle Media Sales, LLC, a cancelled entity. That distortion should not go unanswered. The records available from Lexis (certified copies of the records for Argyle Media Sales have been requested from the California secretary of state) contradict Mr. Tym's claim. Those records show that GGW Brands, LLC is both the member ***and manager*** of Argyle Media Sales, LLC. See *Declaration of Matthew C. Heyn in Support of Reply [etc.]* (the "Second Heyn Decl."), Exh. R. Were Trustee's counsel confused by the web of similarly named entities, it would be understandable, but at least as relevant here, there appears to be no confusion.

3

evidence submitted in support of the Opposition, proves that Brands, LLC did not become the member of GGW Marketing at some point *after* November 2, 2006.  The only evidence submitted by the Opponents is the declaration of Ronald Tym, in which Mr. Tym claims to be "a custodian of *certain* business records of GGW Marketing" and states that he "found no organizational documents indicating that GGW Brands, LLC was ever a Member of GGW Marketing, LLC." Tym Decl., ¶¶ 3 & 4 (emphasis added).  But just because Mr. Tym claims to be unaware of such evidence based on what he concedes to be only "certain business records" does not mean that it does not exist.  In fact, there is evidence proving that Brands, LLC was the member of GGW Marketing at the time of GGW Marketing's cancellation and the transfer of the Trademarks.

*First*, Robert Klueger, the former attorney for and Rule 30(b)(6) designee of Brands, LLC in recent litigation involving the Debtors, Mr. Francis and Wynn Las Vegas, testified that Brands, LLC was the member of GGW Marketing.  Specifically, in his June 22, 2012 deposition in connection with the Nevada action, Mr. Klueger testified as follows:

Q: ... You also are here as the —- as the —— I say "corporate designee," but the entity designee of GGW Brands, LLC, in certain areas of testimony. Do you understand that?

A: Yes.[5]

* * *

Q: What is your relationship with —- if any, with GGW Direct, LLC?

A: Well, my firm acted as legal counsel.

* * *

Q: And what about GGW Brands, LLC?

A: I think we just acted as —— as legal counsel.[6]

---

[5] June 22, 2012 Deposition of Robert Klueger at 8:13-17, attached to *Declaration of Matthew C. Heyn in Support of Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for Debtors' Subsidiary* [Docket No. 121] (the "First Heyn Decl."), Exh. B.

[6] *Id.* at 9:11-20.

4

```
                                    * * *
    Q:      And with regard to GGW Brands, is there anybody that has knowledge
    superior to yours about the formation and setup of the company?
    A:      Not that I know of.[7]
                                    * * *
    Q:      And what -- what does GGW Brands do?
    A:      GGW Brands is a holding company that owns GGW Direct, GGW Events,
    and GGW Magazine.
    Q:      Does GGW Brands [LLC] own any other companies?
    A:      Well, *at one point it owned GGW Marketing*. But I think it's essentially a
    defunct entity. I don't think it does any business.[8]
```

Mr. Klueger's testimony flatly contradicts the contention that Brands, LLC is not and has never been the member of GGW Marketing. Moreover, contrary to the Opponents' assertion, Mr. Klueger's testimony concerning the setup and structure of Brands, LLC is not hearsay. Mr. Klueger served as counsel to Brands, LLC and other GGW entities. There is nobody "that has knowledge superior to [his] about the formation and setup of [Brands, LLC]."[9] There is no support for the Opponents' implied argument that Mr. Klueger's testimony was hearsay because he was merely repeating what was in documents. Where a witness "is testifying based upon his personal knowledge and not merely repeating the contents of documents, his statements are by definition not hearsay." *Stephens v. First Commercial Bank*, 45 So. 3d 735, 738 (Ala. 2010).[10]

---

[7] *Id.* at 26:11-14.

[8] *Id.* at 26:23-27:4 (emphasis added).

[9] *Id.* at 26:8-10.

[10] Similarly, the "Best Evidence Rule," FED. R. EVID. 1002, which the Opposition does not even invoke, does not bar the admission of Mr. Klueger's testimony. The Best Evidence Rule is only applicable when the contents of a specific writing are sought to be proved; it does not exclude general deposition testimony on a given subject, such as the corporate structures of Brands, LLC and GGW Marketing. *See, e.g.*, FED. R. EVID. 1002 advisory committee's note ("[A]n event may be proved by nondocumentary evidence, even though a written record of it was made. . . . For example, payment may be proved without producing the written receipt
*(FOOTNOTE CONTINUED)*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Additionally, even were Mr. Klueger testifying as to what was in relevant documents, his testimony would not be offered for the truth of what was set forth in the documents, but for their legal effect, making such testimony non-hearsay. Fed. R. Evid. 801(c)(2); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1164 (9th Cir. 2009) ("Gorman previously stated in his declaration that he had reviewed many of his personal credit reports, and that none of them included a notice that he disputed the delinquent charges. This statement is admissible evidence. Gorman has personal knowledge, having seen the reports. The evidence is not inadmissible hearsay, as Gorman does not rely on the credit reports for the truth of the matter asserted therein; in fact, as he notes, he disputes the truth of their contents. Instead, Gorman offers them to prove that no statement noticing the dispute was made. 'If the significance of an offered statement lies solely in the fact that it was made . . . the statement is not hearsay.'" (citation omitted)).

***Second,*** in connection with the transfer of the Trademarks to Path Media in 2011, Mr. Francis submitted a "Client Assessment Data Form," which characterized the transfer of the Trademarks as a transfer of "[a]ll of the intellectual property currently owned by ***GGW Brands, LLC and its subsidiary entities***."[11] There is no mention of Brands, Inc. anywhere in the document. An accompanying affidavit signed by Mr. Francis stated that the form was true and correct to the best of his knowledge.[12] It is noteworthy that Mr. Francis is the President of GGW Brands, Inc., and presumably would know whether GGW Brands, Inc. was the true owner of GGW Marking, LLC and the Trademarks it held.[13] Because GGW Marketing was the entity that owned and transferred the Trademarks, the only inference that can be drawn from this evidence is that Brands, LLC was the member of GGW Marketing.

---

which was given."). Mr. Klueger was not merely reciting the contents of corporate documents; he was testifying based on his personal knowledge as the attorney for Brands, LLC and the person most knowledgeable of its "formation and setup."

[11] *See* Asiaciti Trust Pacific Limited Client Assessment Data Form at C.5 (Second Heyn Decl., Exh. S) (emphasis added).

[12] *See* Affidavit of Solvency, ¶ 1, attached to Asiaciti Trust Pacific Limited Client Assessment Data Form (Second Heyn Decl., Exh. S).

[13] The documents on file with the Delaware Secretary of State for GGW Brands, Inc. show that Joseph Francis was the president of GGW Brands, Inc. (Second Heyn Decl., Exh. T).

6

***Finally*,** it has historically not been unusual for Mr. Francis to designate nominees to temporarily hold his entities. For example, on October 12, 2010, Mr. Francis, on behalf of Brands, LLC, authorized an individual named Rafael Bernardino, Jr., to "initially organize and create governance and other establishing documents and accounts for certain Delaware limited liability companies . . . pursuant to [Mr. Francis's] direction."[14] Under the terms of their agreement, Mr. Francis could, in his discretion, cause Mr. Bernardino to promptly resign from all official positions held at the companies and "relinquish and assign to [Mr. Francis] any and all rights, title and interests" in the companies.[15] Accordingly, even though Brands, Inc. may have at one time been the member of GGW Marketing, the most reasonable inference from all the preceding evidence is that by the time of GGW Marketing's dissolution, Brands, LLC had become the owner, as evidenced by the sworn testimony of Mr. Klueger and Mr. Francis shortly before GGW Marketing's registration was cancelled.

The above-listed evidence makes it probable that Brands, LLC is currently the member of GGW Marketing, notwithstanding that Brands, Inc. might have been the member as of November 2, 2006. The only evidence cited in the Opposition as to the post-2006 membership of GGW Marketing is Mr. Tym's claim that he "found no organizational documents" indicating such a relationship from his review of "certain business records of GGW Marketing;" but the mere fact that Mr. Tym is unaware of evidence in a limited universe of documents is insufficient to overcome the specific evidence supporting the Motion.

**C.   Even Assuming That GGW Brands Is Not the Member of GGW Marketing, It Is Nevertheless Empowered as Manager to Take the Actions Contemplated in the Motion**

Even if the Opponents are correct that Brands, LLC is not the member of GGW Marketing, the Motion should still be granted. As the Opponents concede, Brands, LLC is the *manager* of GGW Marketing. *See* Opposition at 1 (stating that "GGW Brands, LLC . . . was only the manager

---

[14] *See* Letter Agreement Between Rafael Bernardino, Jr. and GGW Brands, LLC (Second Heyn Decl., Exh. U).

[15] *Id.*

7

[of GGW Marketing]") (emphasis omitted).[16] As the manager, Brands, LLC is empowered under GGW Marketing's Operating Agreement and Delaware law to revoke the cancellation of GGW Marketing and file a voluntary chapter 11 petition on its behalf.

The Operating Agreement vests GGW Marketing's manager with almost complete control over the company:

> Section 6.02. <u>Authority of Managers.</u>  A Manager or Managers *may exercise all the powers of the Company* whether derived from law, the Articles of Organization or this Agreement, except such powers as are by statute, by the Articles of Organization or by this Agreement vested solely in the Members.[17]

The Operating Agreement lists certain limited exceptions to Section 6.02's broad grant of authority to managers:

> Section 6.03. <u>Restrictions on Managers.</u>  Notwithstanding any other provision hereof, no Manager or Managers, if there be any, shall, without the written consent or written ratification of the specific act by all the Members:
>
> A.  Borrow money in excess of $25,000.00;
>
> B.  Sell any Company Property (or assets, in related transactions) having a fair market value over $10,000.00;
>
> C.  Enter into any contract which is not terminable at will, involving an anticipated total expenditure of over $50,000.00;
>
> D.  Do any act which would make it impossible to carry on the ordinary business of the Company;
>
> E.  Compromise any claim over $10,000.00;
>
> F.  Admit a Person as a Member, except as provided in this Agreement; or
>
> G.  Knowingly perform any act that would subject a Member to personal liability.[18]

The Trustee clearly does not seek authority to borrow money, sell company property, enter into any contract, do any act which would make it impossible to carry on the ordinary business of

---

[16] The Certificate of Cancellation filed with the California Secretary of State confirms that, at minimum, Brands, LLC was the manager of GGW Marketing. (First Heyn Decl., Exh. J).

[17] Operating Agreement, § 6.02 (emphasis added) (Tym Decl., Exh. A).

[18] *Id.*, § 6.03.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

the company,[19] compromise any claim, admit any new members, or perform any act that would subject a member to personal liability. Thus, none of the exceptions enumerated in Section 6.03 of the Operating Agreement in any way interferes with the Trustee's authority to revoke the cancellation of GGW Marketing and file a voluntary chapter 11 petition on its behalf.

Similarly, Delaware law is clear that the manager of an LLC is vested with authority to manage and bind the company:

> [I]f a limited liability company agreement provides for the management, in whole or in part, of a limited liability company by a manager, the management of the limited liability company, to the extent so provided, shall be vested in the manager who shall be chosen in the manner provided in the limited liability company agreement. . . . Unless otherwise provided in a limited liability company agreement, each member and manager has the authority to bind the limited liability company.

DEL. CODE ANN. tit. 6, § 18-402. Thus, because the Operating Agreement does not provide otherwise, Brands, LLC, as the manager of GGW Marketing, has authority under Delaware law to manage and bind GGW Marketing, which necessarily includes authority to take the actions contemplated in the Motion.

### III. CONCLUSION

The Trustee has demonstrated – indeed, it is beyond dispute – that one of the Debtors, GGW Brands, LLC, is the manager of GGW Marketing, LLC. He has also produced substantial evidence – against only a modicum of ambiguous evidence to the contrary – that GGW Brands, LLC is also the (sole) member of GGW Marketing, LLC. The only parties objecting to the Motion are without standing, as they are not directly affected (arguably, not affected at all) by the Motion and the relief sought.

As such, the Trustee respectfully submits that this Court should enter an order granting the Motion in its entirety and (i) authorizing the Trustee to take such actions as are necessary to revoke the cancellation of GGW Marketing, LLC; (ii) authorizing the Trustee to take such actions

---

[19] In fact, the Trustee seeks to do the exact opposite – by revoking GGW Marketing's erroneously filed cancellation, the Trustee will effectively "revive" GGW Marketing and allow it to carry on its business of winding up in an orderly and appropriate manner.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1 as are necessary to cause GGW Marketing, LLC to file a voluntary chapter 11 bankruptcy petition;

2 and (iii) granting such other and further relief as this Court deems just and proper.

3 DATED: May 16, 2013        Respectfully submitted,

/s/ Matthew C. Heyn
Matthew C. Heyn
KLEE, TUCHIN, BOGDANOFF & STERN LLP
*Attorneys for R. Todd Neilson, Chapter 11 Trustee*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067.

A true and correct copy of the foregoing documents entitled: **REPLY IN SUPPORT OF MOTION FOR AUTHORITY TO REVOKE CANCELLATION AND TO FILE VOLUNTARY CHAPTER 11 PETITION FOR DEBTORS' SUBSIDIARY**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 16, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST.

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *[Date]* I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 16, 2013, I arranged for service on the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 16, 2013 | Samuel M. Kidder | /s/ Samuel M. Kidder |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

144546.1    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Matthew Heyn        mheyn@ktbslaw.com
- Samuel M Kidder     skidder@ktbslaw.com
- Dare Law            dare.law@usdoj.gov
- John F Medler       JOHN@MEDLERLAWFIRM.COM, JMEDLER@MEDLERROITHER.COM
- R. Todd Neilson (TR)    tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
- Malhar S Pagay      mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Robert J Pfister    rpfister@ktbslaw.com
- Ronald N Richards   ron@ronaldrichards.com
- Steven J Schwartz   sschwartz@dgdk.com, DanningGill@gmail.com
- Ronald D Tym        RTym@Tymfirm.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw      awarshaw@lawcenter.com, mstevens@lawcenter.com
- Jonathan M Weiss    jweiss@ktbslaw.com
- Robert M Yaspan     court@yaspanlaw.com, tmenachian@yaspanlaw.com

**TO BE SERVED VIA EMAIL:**

- Brendt C. Butler, Esq., counsel to Joseph R. Francis
  b.butler@oms-llc.com
  brendt.butler@gmail.com
- Ronald Tym on behalf of Other Professional Ronald Tym
  RTym@tymfirm.com
- Dare Law on behalf of United States Trustee (LA)
  dare.law@usdoj.gov

**TO BE SERVED VIA OVERNIGHT MAIL:**

- Dare Law on Behalf of the United States Trustee
  725 S. Figueroa St. 26th Floor
  Los Angeles, CA 90017

144546.1    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**