1  Michael L. Tuchin (Cal. Bar No. 150375)
   David M. Stern (Cal. Bar No. 67697)
2  Matthew C. Heyn (Cal. Bar No. 227474)
   Jonathan M. Weiss (Cal. Bar No. 281217)
3  KLEE, TUCHIN, BOGDANOFF & STERN LLP
   1999 Avenue of the Stars, Thirty-Ninth Floor
4  Los Angeles, California 90067
   Telephone:    310-407-4000
5  Facsimile:    310-407-9090
   Email:        mtuchin@ktbslaw.com
6                dstern@ktbslaw.com
                 mheyn@ktbslaw.com
7                jweiss@ktbslaw.com

8  *Attorneys for R. Todd Neilson, Chapter 11*
   *Trustee, and GGW Marketing, LLC*

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                 **LOS ANGELES DIVISION**

13  In re                              Jointly Administered
                                       Under Case No. 2:13-bk-15130-SK
14  GGW BRANDS, LLC,
    GGW DIRECT, LLC,                   Chapter 11
15  GGW EVENTS, LLC,
    GGW MAGAZINE, LLC, and             **OPPOSITION TO GGW GLOBAL**
16  GGW MARKETING, LLC,                **BRANDS, INC.'S MOTION TO DISMISS**
                                       **BANKRUPTCY CASE OF GGW**
17              Debtors.               **MARKETING, LLC; DECLARATION OF**
                                       **MATTHEW C. HEYN**
18
    This pleading affects:            **Hearing**
19  All Debtors            ☐
    GGW Brands, LLC        ☒           Date:   October 22, 2013
20  GGW Direct, LLC        ☐           Time:   9:00 a.m.
    GGW Events, LLC        ☐           Judge:  Hon. Sandra R. Klein
21  GGW Magazine, LLC      ☐           Place:  U.S. Bankruptcy Court
    GGW Marketing, LLC     ☒                   255 E. Temple St.
22                                             Courtroom 1575
                                               Los Angeles, California 90012
23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145857.4

# TABLE OF CONTENTS

**Page(s)**

I. PRELIMINARY STATEMENT ........................................................................ 1

II. BACKGROUND ........................................................................................... 3

III. ARGUMENT ............................................................................................... 7

    A.    Global Brands Is Barred From Re-Litigating Whether the Trustee Had
        Authority to File a Voluntary Petition for GGW Marketing ..................... 7

        1.    Issue Preclusion Applies Because Mr. Francis Has Previously
            Litigated the Issues in the Motion to Dismiss and those Issues Were
            Determined Against Him. ................................................................. 8

        2.    Issue Preclusion Applies to Global Brands Because Mr. Francis Is in
            Privity with Global Brands; Mr. Francis Controls Global Brands ............ 10

    B.    Ample Evidence Proves that Brands, LLC Is the Sole Member of GGW
        Marketing ................................................................................... 11

    C.    Brands, LLC is the Manager of GGW Marketing and Had Authority to File
        a Voluntary Petition on its Behalf .............................................. 16

    D.    Mr. Francis's Willful Destruction of Documents Militates in Favor of
        Finding that Brands, LLC is the Member of GGW Marketing, LLC .................... 18

IV. CONCLUSION ....................................................................................... 21

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

## **FEDERAL CASES**

4

*Akiona v. United States,*
5     938 F.2d 158 (9th Cir. 1991) ........................................................................... 20

6

*Arizona v. California,*
     530 U.S. 392 (2000) .......................................................................................... 8
7

*Avitia v. Metropolitan Club,*
8     924 F.2d 689 (7th Cir. 1991) ............................................................................. 9

9

*Encinas v. Tucson Elec. Power Co.,*
10     76 F. App'x 762 (9th Cir. 2003) ....................................................................... 20

11

*Ferris v. Cuevas,*
     118 F.3d 122 (2d Cir. 1997) ............................................................................. 11
12

*Gelb v. Royal Globe Ins. Co.,*
13     798 F.2d 38 (2d Cir. 1986) ............................................................................... 10

14

*Hammond Packing Co. v. Arkansas,*
15     212 U.S. 322 (1909) ......................................................................................... 20

16

*In re Avalon Hotel Partners, LLC,*
     302 B.R. 377 (Bankr. D. Or. 2003) ............................................................. 17, 18
17

*In re DB Capital Holdings, LLC*
18     2010 Bankr. LEXIS 4176 (B.A.P. 10th Cir. Dec. 6, 2010) ............................... 17

19

*In re Westgate-California Corp.,*
20     642 F.2d 1174 (9th Cir. 1981) .......................................................................... 10

21

*In re Zaragosa Properties, Inc.,*
     156 B.R. 310 (Bankr. M.D. Fla. 1993) ........................................................ 17, 18
22

*Johnson v. United States Dep't of Treasury,*
23     939 F.2d 820 (9th Cir. 1991) ............................................................................. 9

24

*Kreager v. General Electric Co.,*
     497 F.2d 468 (2d Cir. 1974) ............................................................................. 11
25

*Molina v. City of Oxnard,*
26     2003 U.S. Dist. LEXIS 27562 (C.D. Cal. June 16, 2003) ................................. 8

27

*Montana v. United States,*
28     440 U.S. 147 (1979) ..................................................................................... 3, 11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

*Nielsen v. United States,*
    976 F.2d 951 (5th Cir. 1992) ................................................................................. 9

*Owens v. Kaiser Found. Health Plan, Inc.,*
    244 F.3d 708 (9th Cir. 2001) ................................................................................. 9

*Residential Funding Corp. v. DeGeorge Fin. Corp.,*
    306 F.3d 99 (2d Cir. 2002) ................................................................................. 20

*Ritchie v. Landau,*
    475 F.2d 151 (2d Cir. 1973) ................................................................................. 11

*Robi v. Five Platters, Inc.,*
    838 F.2d 318 (9th Cir. 1988) ................................................................................. 8

*Schellong v. INS,*
    805 F.2d 655 (7th Cir. 1986) ................................................................................. 10

*Taylor v. Sturgell,*
    553 U.S. 880 (2008) ................................................................................. 3

*United States v. Schimmels (In re Schimmels),*
    127 F.3d 875 (9th Cir. 1997) ................................................................................. 9, 11

**STATE CASE**

*Karlsson v. Ford Motor Co.,*
    45 Cal. Rptr. 3d 265 (Ct. App. 2006) ................................................................................. 20

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    GGW Marketing, LLC ("GGW Marketing") and R. Todd Neilson, solely in his capacity as

2    chapter 11 trustee (the "Trustee") of the jointly administered bankruptcy estates of GGW Brands,

3    LLC ("Brands, LLC"), GGW Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"),

4    and GGW Magazine, LLC ("GGW Magazine," and together with Brands, LLC, GGW Direct,

5    GGW Events, and GGW Marketing, the "Debtors"), hereby submit this opposition to GGW

6    Global Brands, Inc.'s ("Global Brands") *Motion to Dismiss Bankruptcy Case of GGW Marketing,*

7    *LLC* [Docket No. 222] (the "Motion to Dismiss").  In opposition to the Motion to Dismiss, the

8    Trustee and GGW Marketing submit the attached *Declaration of Matthew C. Heyn* (the "Heyn

9    Decl.") and respectfully state as follows:

## I.  PRELIMINARY STATEMENT

11    The Motion to Dismiss is Joseph R. Francis's attempt to take  a "second bite at the apple."

12   Acting as president of Global Brands, a newly-revived entity with no business purpose other than

13   to litigate, Mr. Francis seeks to undo the chapter 11 bankruptcy petition that the Trustee filed on

14   behalf of GGW Marketing – relief that the Trustee sought,[1] Mr. Francis opposed,[2] and the Court

15   granted over Mr. Francis's objection.[3]  In authorizing the Trustee to file a chapter 11 petition on

16   behalf of GGW Marketing, the Court made written findings with respect to each argument raised

17   by Francis in the Marketing Opposition after a thorough consideration of all of the evidence and

---

[1]    *See Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for Debtors' Subsidiary* [Docket No. 120] (the "Marketing Motion"); *see also Reply in Support of Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for Debtors' Subsidiary* [Docket No. 148] (the "Marketing Reply").

[2]    *See Opposition of Perfect Science Labs, LLC, Argyle Online, LLC and Joseph Francis to Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for GGW Marketing, LLC* [Docket No. 141] (the "Marketing Opposition"); *see also Motion to Strike and Sur-Reply to Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for GGW Marketing, LLC* [Docket No. 151] (the "Sur-Reply").

[3]    *See Order Authorizing the Chapter 11 Trustee to Revoke Cancellation and to File Voluntary Chapter 11 Petition for GGW Marketing, LLC* [Docket No. 153]; *see also Transcript of Proceedings re Ex Parte Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for Debtors' Subsidiary* (May 20, 2013) [Docket No. 183] (the "Marketing Transcript").  The Marketing Transcript is attached to the Heyn Declaration as Exhibit A.

1    argument that he presented.  Specifically, the Court found (i) Brands, LLC, and not Global Brands

2    (formerly known as GGW Brands, Inc.), is the sole member of GGW Marketing, and is therefore

3    permitted to file a chapter 11 petition on its behalf; and (ii) even if Brands, LLC were only

4    manager of GGW Marketing (as Francis conceded),[4] it would have authority to file a chapter 11

5    petition on behalf of GGW Marketing.[5]  The Court also noted that there were serious questions

6    regarding the reliability of Mr. Francis's corporate record-keeping.[6]  The Court also denied Mr.

7    Francis's attempt to obtain a stay pending appeal of its order,[7] re-affirming that the Trustee's

8    evidence supporting the foregoing rulings outweighed any evidence presented by Mr. Francis, and

9    that Mr. Francis was unlikely to prevail on appeal.[8]  Mr. Francis appealed the Court's decision and

10   directed the appeal to go to the U.S. District Court of the District of California (the "District

11   Court").[9]  However, Mr. Francis's appeal was dismissed after Mr. Francis failed to prosecute it

12   and did not respond to the District Court's order to show cause.[10]

13          The Motion to Dismiss is a rehash of the arguments and evidence already examined and

14   ruled upon by the Court.  The only difference is that Mr. Francis now wears a different hat –

15   whereas in the initial Marketing Opposition, Mr. Francis objected in his individual capacity, the

16   current Motion to Dismiss is brought by Global Brands – directed by Mr. Francis, its president.

17   _____

[4]   In the Marketing Opposition Francis and his confederates argued: "Debtor GGW Brands, LLC
18   was never the '**member**' of GGW Marketing; it was only the '**manager**'…"  Marketing
     Opposition 1:18-19 (emphasis in original); *see also* Sur-Reply at 6:7-8 ("the relief the Trustee
19   seeks violates the fiduciary duty of loyalty GGW Brands, LLC has as the manager of GGW
     Marketing.").
20
[5]   *See* Marketing Transcript, at 43:14-51:9.
21
[6]   *See id.* at 44:1-10.
22
[7]   *See Emergency Motion of Joseph Francis for Stay Pending Appeal of Order Authorizing
23   Chapter 11 Trustee to Revoke Cancellation and to File Voluntary Chapter 11 Petition for
     GGW Marketing, LLC* [Docket No. 166] (the "Stay Motion").
24
[8]   *See Court's Tentative Ruling on Joseph Francis' Emergency Motion for Stay Pending Appeal
25   Which Was Adopted as the Court's Final Ruling Following Hearing* [Docket No. 176] (the
     "Stay Order"), at 7-8.
26
[9]   *See Notice of Appeal* [Docket No. 181]
27
[10]  *Order Dismissing Action Without Prejudice*, C.D. Cal. Case No. 2:13-cv-04162-FMO, Docket
28   No. 7.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145857.4                              2

1  However, there is no doubt that Mr. Francis is behind both litigations:  Mr. Francis directly

2  litigated the Marketing Motion in his own name and, indisputably, is controlling the current

3  litigation of the Motion to Dismiss, as president of Global Brands.  Mr. Francis has merely taken

4  the reins of a "new" entity to try to re-litigate the same issues that were decided against him in the

5  Marketing Motion.

6       This Court should reject this wasteful collateral attack.  Under hornbook principles of issue

7  preclusion, Mr. Francis and the entities in privity with him – including Global Brands – are barred

8  from re-litigating the Trustee's authority to file a petition for GGW Marketing.  Issue preclusion

9  "protects … adversaries from the expense and vexation attending multiple lawsuits, conserves

10  judicial resources, and fosters reliance on judicial action by minimizing the possibility of

11  inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *see also Taylor*

12  *v. Sturgell*, 553 U.S. 880, 892 (2008).

13       Even if the Court were to conclude that Global Brands is somehow distinct from Mr.

14  Francis and entitled to re-litigate the Trustee's authority to file a bankruptcy petition for GGW

15  Marketing, the Motion to Dismiss has presented no reason for the Court to deviate from its

16  thorough and well-reasoned conclusions in granting the Marketing Motion.  Indeed, since the time

17  of the Marketing Motion, the Trustee has uncovered additional evidence that has cast greater

18  doubt on the veracity of Mr. Francis' contention that Global Brands is the member of GGW

19  Marketing.  The Court was correct in granting the Marketing Motion, and has every reason to

20  deny the Motion to Dismiss.

21                    **II.  BACKGROUND**

22       On February 27, 2013, Brands, LLC, GGW Direct, GGW Events, and GGW Magazine

23  filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court, thereby

24  commencing the bankruptcy cases that are now jointly administered under Case No. 2:13-bk-

25  15130-SK.

26       On April 11, 2013, R. Todd Neilson was appointed as chapter 11 trustee in the bankruptcy

27  cases of Brands, LLC, GGW Direct, GGW Events, and GGW Magazine.  As a result of his

28  investigation of the Debtors' affairs, the Trustee discovered that, on or about November 2011, Mr.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145857.4                              3

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    Francis and an "asset protection" specialist named Robert Klueger caused the Debtors to transfer –

2    for no consideration – certain intellectual property, including "Girls Gone Wild" and "Guys Gone

3    Wild" trademarks and Uniform Resource Locators, that are vital to the Debtors' business (the

4    "Trademarks").  The Debtors (including GGW Marketing) transferred the Trademarks to Path

5    Media Holdings, LLC ("Path Media"), an offshore entity in Nevis that Klueger created and Mr.

6    Francis controls.  Following the Debtors' transfer of the Trademarks, Klueger cancelled the

7    registration of GGW Marketing, while litigation against GGW Marketing was pending.[11]

8         To recover the Trademarks and properly wind-up the affairs of GGW Marketing, on May

9    9, 2013, the Trustee filed the Marketing Motion, by which the Trustee sought an order authorizing

10   him, in his capacity as chapter 11 trustee of Brands, LLC, the member and manager of GGW

11   Marketing, (i) to revoke the cancellation of GGW Marketing and (ii) to file a voluntary chapter 11

12   bankruptcy petition for GGW Marketing.  On May 14, 2013, Mr. Francis, Perfect Science Labs,

13   LLC, and Argyle Online, LLC filed the Marketing Opposition.  In the Marketing Opposition, Mr.

14   Francis argued that Brands, **Inc.** (not Brands, **LLC**) was the member of GGW Marketing; GGW

15   Brands, LLC was solely the manager of Brands, LLC.  Consequently, the Trustee should have no

16   authority to revoke the cancellation of GGW Marketing, and file a chapter 11 petition on its

17   behalf.  In support of the Marketing Opposition, the opposing parties (i) filed a purported

18   Operating Agreement for GGW Marketing dated as of November 2, 2006, which indicated that

19   Brands, Inc. was the sole member of GGW Marketing, and (ii) argued that a document signed by

20   Brands, LLC as "manager" of GGW Marketing showed that Brands, LLC was not its member

21   because Brands, LLC would have signed as "member manager" had that been the case.[12]

22        On May 16, 2013, the Trustee filed the Marketing Reply, in which he made three

23   arguments.  First, he asserted that none of the opponents had standing to oppose the Marketing

---

[11]  In 2012 and early 2013, apparently in furtherance of their asset protection scheme, Mr. Francis and his attorneys caused GGW Marketing to be cancelled by filing certificates of cancellation with the Delaware Secretary of State (filed on May 4, 2012) and the California Secretary of State (filed on January 16, 2013).  *See* Marketing Motion, at 4, and exhibits thereto.

[12]  *See* Marketing Opposition, at 2, and Exhibit A to the accompanying *Declaration of Ronald D. Tym* [Docket No. 137].

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1   Motion. *Id.* at 2-3.  Second, he argued that the weight of the evidence proves that Brands, LLC is

2   now the sole member of GGW Marketing. *Id.* at 3-7.  Finally, he contended that, even assuming

3   that Brands, LLC is not the member of GGW Marketing, it is nonetheless its manager, and thus

4   empowered to take the actions sought in the Marketing Motion. *Id.* at 7-9.  On May 20, 2013, Mr.

5   Francis and his confederates filed the Sur-Reply, which argued, among other things, that the

6   evidence showed that Brands, LLC was only a manager and, as a manager, it could not revive

7   GGW Marketing or file a bankruptcy petition for it.  Sur-Reply at 5-6.  He further argued that "the

8   relief the Trustee seeks violates the fiduciary duty of loyalty GGW Brands, LLC has as the

9   manager of GGW Marketing." *Id.* at 6:7-8.

10          At a hearing on May 20, 2013, the Court granted the Marketing Motion on **all three** bases

11   set forth in the Marketing Reply.  First, after engaging in a detailed analysis of whether any of the

12   opponents had standing, the Court concluded that "neither Francis nor [Perfect Science Labs] nor

13   Argyle meet any of the three standing requirements."  Marketing Transcript, at 43:4-5.  Second,

14   after reviewing and analyzing, on the record, all of the evidence both for and against the assertion

15   that Brands, LLC is the member of GGW Marketing, this Court found that "GGW Brands, LLC

16   was a member of GGW Marketing" and that "the Trustee is authorized to . . . file a chapter 11 case

17   on behalf of Girls Gone Wild Marketing, LLC."  Marketing Transcript, at 43:15-16, 49:8-11.

18   Finally, the Court held that even were Brands, LLC not the member of GGW Marketing, "the

19   Court finds that based upon the express language of the Girls Gone Wild Marketing operating

20   agreement . . . Girls Gone Wild Brands, LLC as manager, would be authorized to do what the

21   Trustee seeks to do."  Marketing Transcript, at 49:17-22.  The Court entered an order granting the

22   Marketing Motion on May 20, 2013. *See* Docket No. 153 (the "Marketing Order").  On May 20,

23   2013, the Trustee revoked GGW Marketing's cancellation and, on May 22, 2013, he filed a

24   voluntary chapter 11 petition on GGW Marketing's behalf.

25          After GGW Marketing's petition was filed, Mr. Francis filed the Stay Motion.  The Court

26   denied the Stay Motion on several grounds, including that the Stay Motion was moot and that Mr.

27   Francis did not make the requisite showing of likelihood of success on the merits. *See* Docket No.

28   176 (the "Stay Order").  Specifically, this Court explained that at the hearing on the Marketing

1   Motion, "the Court . . . made extensive findings and determined that the weight of the evidence

2   demonstrates that GGW Brands, LLC was the member of GGW Marketing, LLC," and that

3   "pursuant to the express terms of the [GGW Marketing, LLC Operating Agreement], the Court

4   determined that GGW Brands, LLC, as the manager of GGW Marketing, LLC, had authority to do

5   what the Trustee sought to do."  Stay Order, at 7-8.

6        On June 3, 2013, Mr. Francis filed a *Notice of Appeal* of the Marketing Order [Docket

7   Nos. 178 & 181] and a *Statement of Election to Have the Appeal Heard by the United States

8   District Court* [Docket No. 179].  However, Mr. Francis filed no documents in the District Court.

9   On July 2, 2013, the District Court issued its *Order to Show Cause* directing Mr. Francis to show

10  cause why the appeal should not be dismissed for lack of prosecution.  The Order to Show Cause

11  required a response by July 17, 2013.  On August 7, 2013, after Mr. Francis failed to file any

12  response for more than a month, the Court entered an order dismissing the appeal.  The District

13  Court's order dismissing the appeal is now final and non-appealable.

14       On July 15, 2013, Global Brands filed the Motion to Dismiss.  Global Brands is the

15  reincarnated form of Brands, Inc. and claims to be the sole member of GGW Marketing.  The

16  Motion to Dismiss asserts two arguments, both of which have already been rejected by this Court.

17       First, it argues that, pursuant to GGW Marketing's Operating Agreement, the sole member

18  of GGW Marketing was Brands, Inc., which is now known as Global Brands.  *See* Motion to

19  Dismiss, at 5-6.  It also relies on a statement by Mr. Francis that Brands, LLC has never been the

20  member of GGW Marketing and a statement by Ronald Tym that he is the custodian of "certain"

21  GGW Marketing records and he has found no records indicating that Brands, LLC was the

22  member .  *Id.* at 11.  Finally, it relies on conjecture that a document signed by Brands, LLC as

23  "manager" of GGW Marketing likely would instead have indicated that Brands, LLC was the

24  "member manager" had that been the case.  *Id.*  Global Brands contends that this "evidence"

25  outweighs the evidence expected to be presented by the Trustee (recent testimony from Robert

26  Klueger, Mr. Francis's asset protection attorney), despite the fact that this Court has already held

27  precisely the opposite.  *See* Marketing Transcript, at 45:13-18 ("Klueger's testimony is more

28  recent than the GGW operating agreement from 2006, and the fact that certain documents that

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145857.4                                6

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1   T[y]m has custody over do not contain an assignment or transfer of GGW Brands, Inc.'s

2   membership interest in GGW Marketing, LLC, does not mean that such transfer did not occur.");

3   Stay Order, at 7 ("[T]he Court . . . made extensive findings and determined that the weight of the

4   evidence demonstrates that GGW Brands, LLC was the member of GGW Marketing, LLC").

5        Second, it asserts that even though Brands, LLC is undisputedly the manager of GGW

6   Marketing (if not the member-manager), it did not have the requisite authority to file a bankruptcy

7   petition for GGW Marketing because its powers as manager did not extend to actions "which

8   would make it impossible to carry on the ordinary business of the Company."  Relying on an

9   unpublished, out-of-circuit case, GGW Marketing argues that the filing of a chapter 11 petition

10  would make it impossible for GGW Marketing, LLC to carry on its "ordinary business."  Motion

11  to Dismiss, at 5-8.

12       The Motion to Dismiss must fail both because it is deficient on the merits, and because this

13  Court has already ruled in the Trustee's favor on all of the arguments presented therein.

14           **III.  ARGUMENT**

15  A.  **Global Brands Is Barred From Re-Litigating Whether the Trustee Had Authority to File a Voluntary Petition for GGW Marketing**

16

17       The Motion to Dismiss is nothing more than a second "bite at the apple," a collateral attack

18  on this Court's well-reasoned final order granting the Marketing Motion.  Mr. Francis – the

19  purported President of Global Brands, and one of the declarants in support of the Motion to

20  Dismiss – submitted pleadings in opposition to the Marketing Motion and appeared at the hearing

21  thereon.  The judicial system does **not** permit entities displeased with a judgment to re-appear in

22  court shortly thereafter – behind the veil of a "new" entity – and proffer the same arguments and

23  evidence, on the same issues, after those issues have been decided.  Mr. Francis's option if he

24  disagreed with the Court's decision was to appeal it.  Having abandoned his appeal, he cannot now

25  attempt to foist costs on the estate by attempting to re-litigate what has already been decided.

26

27

28

145857.4       7

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1

**1.      Issue Preclusion Applies Because Mr. Francis Has Previously Litigated the Issues in the Motion to Dismiss and those Issues Were Determined Against Him.**

2

3      The doctrine of issue preclusion provides that factual or legal issues necessarily and finally

4  adjudicated in an earlier action or proceeding are entitled to preclusive effect in a later lawsuit on a

5  different claim, with the effect being to bar re-litigation of those issues.  *See Arizona v. California*,

6  530 U.S. 392, 414 (2000); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).  This

7  doctrine applies where "(1) the issues in both proceedings are identical, (2) the issue in the prior

8  proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity

9  to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a

10  valid and final judgment on the merits."  *Molina v. City of Oxnard*, 2003 U.S. Dist. LEXIS 27562,

11  at *3 (C.D. Cal. June 16, 2003).

12      Issue preclusion bars the Motion to Dismiss.

13      ***First***, the issues in the Motion to Dismiss are identical to those raised in the Marketing

14  Opposition.  In the Marketing Opposition  Mr. Francis questioned (i) whether Brands, LLC is the

15  member of GGW Marketing, and (ii) if Brands, LLC is merely the manager of GGW Marketing,

16  whether it had the authority to file a bankruptcy on its behalf.  These issues are identical to those

17  that  Global Brands attempts to raise in the Motion to Dismiss.

18      ***Second***, the issues raised in the Motion to Dismiss were actually litigated and decided in

19  the prior proceeding.  The Trustee presented evidence that Brands, LLC was the member of GGW

20  Marketing and that, even it was not, Brands, LLC had authority as manager of GGW Marketing to

21  file a bankruptcy petition.  For his part, Mr. Francis presented his evidence that Brands, LLC was

22  only the manager of GGW Marketing and argued that, under the terms of the GGW Marketing

23  operating agreement, the manager does not have authority to file a bankruptcy petition for GGW

24  Marketing.  The Court reviewed the pleadings from both sides (including Mr. Francis's Sur-Reply

25  and declaration filed on the day of the hearing), engaged in a detailed analysis of the issues and the

26  evidence, and issued a thorough and reasoned decision in the Trustee's favor on both issues – and

27  then confirmed that decision in the Stay Order.

28

1    Mr. Francis's abandoned appeal of the Marketing Motion only makes this issue more clear

2    cut.  When an appeal is dismissed for failure to prosecute, the decision is a treated as an

3    adjudication on the merits for the purpose of issue preclusion.  *Owens v. Kaiser Found. Health*

4    *Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (relying on a district court Rule 41(b) dismissal for

5    failure to prosecute, court held that "because the prior action was dismissed with prejudice 'based

6    upon plaintiffs' failure to prosecute[,]' … such a dismissal 'operates as an adjudication upon the

7    merits.' Fed. R. Civ. P. 41(b). Thus, 'involuntary dismissal generally acts as a judgment on the

8    merits for the purposes of res judicata ….'"); *United States v. Schimmels (In re Schimmels )*, 127

9    F.3d 875, 884 (9th Cir. 1997); *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 825 (9th

10   Cir. 1991) (noting that dismissal for failure to prosecute is "treated as an adjudication on the

11   'merits' for purposes of preclusion"); *accord Nielsen v. United States*, 976 F.2d 951, 956-57 (5th

12   Cir. 1992) ("A dismissal for failure to prosecute bars any further adjudication, because it operates

13   as an adjudication on the merits.").

14       ***Third***, there was a full and fair opportunity to litigate in the prior proceeding.  Mr. Francis

15   filed both the Marketing Opposition and the Sur-Reply, which the Court considered.  *See*

16   Marketing Transcript, at 33:6-8.  The fact that the Court heard the matter on an expedited basis (on

17   11 days' notice instead of 21) does not throw doubt on the fact that Mr. Francis had a full

18   opportunity to present his case.  *See, e.g.*, *Avitia v. Metropolitan Club*, 924 F.2d 689, 691 (7th Cir.

19   1991) (holding that in applying preclusion, when a party has been afforded a hearing that comports

20   with due process, courts typically do not question the quality of the first proceeding).  This is

21   evident when considering that the Motion to Dismiss does not present any new evidence.  Mr.

22   Francis continues to rely on the GGW Marketing operating agreement and Mr. Tym's statement

23   that he is a custodian of "certain" records for GGW Marketing and has found no amendment to the

24   operating agreement.  Mr. Francis still has failed to explain basic absurdities in his position (e.g.,

25   if Brands, LLC is not the member of GGW Marketing, why isn't there some form of written

26   license agreement (or payment) for the use of GGW Marketing's intellectual property?; if Brands,

27   LLC is not the member of GGW Marketing, why do they have the same former address and why

28   were its records being held by GGW Brands' former attorneys, Proskauer Rose? ).

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    ***Fourth***, the issues decided in the Marketing Motion were necessary to support a valid and

2    final judgment on the merits.  Indeed, they comprised the crux of the dispute between the parties.

3    The fact that the Court issued three separate bases for its conclusion that the Trustee had authority

4    to file a bankruptcy petition for GGW Marketing is irrelevant.  It is well established that, "'[e]ven

5    though the court rests its judgment alternatively upon two or more grounds, the judgment

6    concludes each adjudicated issue that is necessary to support any of the grounds upon which the

7    judgment is rested.'"  *In re Westgate-California Corp.*, 642 F.2d 1174, 1176-77 (9th Cir. 1981)

8    (quoting 1B JAMES W. MOORE, FEDERAL PRACTICE, ¶ 0.443(5) (2d ed. 1974)); *accord Schellong v.*

9    *INS*, 805 F.2d 655, 658-59 (7th Cir. 1986) ("[A] judgment which is based on alternative grounds is

10   an effective adjudication as to both and is collaterally conclusive as to both."); *Gelb v. Royal*

11   *Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986) ("The general rule in this Circuit is that 'if a court

12   decides a case on two grounds, each is a good estoppel.'").

13        Accordingly, the Trustee and GGW Marketing respectfully submit that each element of

14   issue preclusion is present in this case, and that the Motion to Dismiss should be denied as an

15   improper collateral attack on issues fully litigated and decided by this Court.

16   **2.    Issue Preclusion Applies to Global Brands Because Mr. Francis Is in Privity
         with Global Brands; Mr. Francis Controls Global Brands**

17        The mere fact that Mr. Francis opposed the Marketing Motion using his own name, as

18   president of the then-defunct Brands, Inc.,[13] and has now revived and re-named that entity and has

19   brought the Motion to Dismiss under the guise of "GGW Global Brands, Inc." does nothing to

20   alter the preclusive effect of the Court's judgment.  The law is clear that not only are parties to a

21   prior litigation bound by its outcome, but any party in "privity" with a party to the prior litigation

22   is similarly bound.  The Ninth Circuit has held that "'[p]rivity' - for the purposes of applying the

23   doctrine of res judicata - is a legal conclusion 'designating a person so identified in interest with a

---

13    *See* Marketing Transcript, at 10:19-24 (Francis's counsel stated that "Mr. Francis, **as the
     president of [Brands, Inc.], has a right to be in court today and to represent that entity**
     with respect to what is happening here today because a defunct entity with a defunct member
     is now being sought to be revived.  Mr. Francis has a right to address the Court regarding that
     issue.").

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    party to former litigation that he represents precisely the same right in respect to the subject matter

2    involved.'"  *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997).

3         Among those relationships deemed "sufficiently close" to justify a finding of preclusion

4    are "a non-party who controlled the original suit" and "a non-party whose interests were

5    represented adequately by a party in the original suit." *Id*; *Montana v. United States*, 440 U.S. at

6    154 (1979) ("[T]he persons for whose benefit and at whose direction a cause of action is litigated

7    cannot be said to be 'strangers to the cause. . . . [One] who prosecutes or defends a suit in the

8    name of another to establish and protect his own right, or who assists in the prosecution or defense

9    of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had

10   been a party to the record.'").

11        Making issue preclusion apply to parties in privity serves "to prevent one controlling

12   person or entity from bringing multiple suits in the names of different plaintiffs, and controlling

13   the litigation from the shadows." *Ferris v. Cuevas*, 118 F.3d 122, 128 (2d Cir. 1997).  "Control is

14   thus the crux of the finding of privity …." *Id*.  In *Kreager v. General Electric Co.*, 497 F.2d 468,

15   471-72 (2d Cir. 1974), Kreager, the sole shareholder of Mercu-Ray, was bound by the dismissal of

16   the first action brought in the name of Mercu-Ray.  *Id*. at 472; *accord Ritchie v. Landau*, 475 F.2d

17   151, 156 n.2 (2d Cir. 1973) ("Although Landau, a 43% stockholder and chief operating officer of

18   Halcon, was not a named party to the arbitration proceeding he clearly participated as an active

19   'non party.'  He testified at length on behalf of Halcon and, as president of Halcon, he effectively

20   controlled the development of Halcon's litigation.").  Here, Mr. Francis directly participated in the

21   litigation of the Marketing Motion and controls Global Brands as its president.  *See* Adv. No.

22   2:13-ap-01552-SK, Docket No. 121, at ¶ 2 (Francis Declaration).  Accordingly, the Court should

23   find that Mr. Francis and Global Brands are in privity such that this Court's prior ruling on the

24   Marketing Motion should bar Global Brands, or any other entity controlled by Mr. Francis, from

25   re-litigating the issues fully adjudicated therein.

26   **B.    Ample Evidence Proves that Brands, LLC Is the Sole Member of GGW Marketing**

27        Even if the Court does not apply issue preclusion, the Motion to Dismiss should be denied

28   on substantive grounds.  The crux of the Motion to Dismiss is that Global Brands (not Brands,

145857.4                                          11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1   LLC) "is and always has been the sole member of GGW Marketing, LLC."  Motion to Dismiss, at

2   5.  The Motion to Dismiss primarily relies on the 2006 Operating Agreement of GGW Marketing

3   (the "Operating Agreement"), attached as Exhibit A to the *Declaration of Ronald Tym in Support*

4   *of GGW Global Brands, Inc.'s Motion to Dismiss* (the "Tym Declaration") [Docket No. 224].

5   That document purports to show that Brands, Inc. was the member of GGW Marketing as of

6   November 2, 2006.  However, nothing in the Operating Agreement, or in any of the other evidence

7   submitted in support of the Motion to Dismiss, proves that Brands, LLC did not become the

8   member of GGW Marketing at some point *after* November 2, 2006.

9       The Motion to Dismiss also relies on the Tym Declaration, in which Mr. Tym claims to be

10   "a custodian of **certain** business records of GGW Marketing" and states that he "found no

11   organizational documents indicating that GGW Brands, LLC was ever a Member of GGW

12   Marketing, LLC."  Tym Declaration, ¶¶ 2 & 3 (emphasis added).  But just because Mr. Tym

13   claims to be unaware of such evidence based on what he concedes to be only "certain business

14   records" does not mean that it does not exist.  Global Brands has admitted in interrogatory

15   responses that the custodian of records for GGW Marketing was Mr. Klueger, not Mr. Tym.  Heyn

16   Decl. ¶ 19, Ex. N.  Moreover, Mr. Tym came to his determination that there were no other records

17   showing a change in ownership, after what can only be described as a cursory review of 35 boxes

18   of documents.  Heyn Decl. ¶ 20, Ex. O at 18:16-23 (Tym looked for an hour for the GGW

19   Marketing documents).  Finally, the supposition that there are no other documents impacting the

20   true ownership of the GGW Marketing is drastically undermined by the evidence that Mr. Francis

21   (with Mr. Tym's assistance) engaged in a campaign of document destruction, including of a file

22   containing GGW's legal documents.  *See* Sealed Decl. [13-ap-01552-SK, Dkt. No. 20].  Simply

23   put, Tym's declaration is highly questionable.[14]

24

25   [14]  Mr. Tym's declaration is questionable for further reasons:  Mr. Tym has previously provided
     apparently false testimony under oath.  In his 2004 examination, Tym testified that Path Media

26   Holdings insisted that the trademark license between it and the Debtors should be terminated
     prior to bankruptcy.  Heyn Decl. ¶ 17, Ex. L, at 54:17-55:19.  However, emails show that it

27   was Mr. Tym who orchestrated the termination of the trademark license – not Path Media
     Holdings.  Those emails show that Mr. Tym contacted AsiacitiTrust on the day before several

28                                                                      *(FOOTNOTE CONTINUED)*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1     That there is likely to be a missing document is more than mere conjecture.  No document

2    that Global Brands has submitted (or the Trustee has found) shows when Brands, LLC became

3    manager of GGW Marketing.  Heyn Decl. ¶ 23.  Yet, until very recently, all parties initially agreed

4    that Brands, LLC *is* the manager of GGW Marketing – if not the member-manager.[15]  Indeed, it is

5    only as manager (or member manager) that Brands, LLC had authority to cancel GGW Marketing,

6    in 2011, which was the genesis of the Marketing Motion.  Heyn Decl. ¶ 7, Ex. E.  Clearly the

7    record is not complete, and could not be given spoliation by Messrs. Francis and Tym.

8     There is more than ample evidence proving that Brands, LLC was the member of GGW

9    Marketing at the time of GGW Marketing's cancellation and the transfer of the Trademarks.

10     ***First***, Robert Klueger, the former attorney for and Rule 30(b)(6) designee of Brands, LLC

11    in recent litigation brought by Wynn Las Vegas against the Debtors and Mr. Francis, testified that

12    Brands, LLC was the member of GGW Marketing.  Specifically, in his June 22, 2012 deposition

13    in connection with a Nevada action, Mr. Klueger testified as follows:

14    Q:    ... You also are here as the — as the —— I say "corporate designee," but

15    the entity designee of GGW Brands, LLC, in certain areas of testimony. Do you

16    understand that?

17    A:    Yes.[16]

18    * * *

19    Q:    What is your relationship with —- if any, with GGW Direct, LLC?

20    A:    Well, my firm acted as legal counsel.

21    * * *

---

22    of the Debtors were to file for bankruptcy and requested that AsiaicitiTrust, as supposed

23    manager of Path Media Holdings, terminate the trademark license with the Debtors. Heyn
Decl. ¶¶ 15-16, Exs. J & K.  Mr. Tym then engaged in a cover-up, requesting that AsiaicitiTrust

24    not communicate with the Trustee's counsel.  Heyn Decl. ¶ 18, Ex. M (page 3 thereof).

25    [15]  Global Brands has only recently begun to dispute this fact.  *See* Adv. No. 2:13-ap-01552-SK,
Docket No. 119, at ¶ 3-4 (Dale Declaration).  Given Mr. Francis' previous admissions that

26    Brands, LLC was the manager of GGW Marketing, this contention should be seen for what it
is – a sham declaration.

27    [16]  June 22, 2012 Deposition of Robert Klueger at 8:13-17.  Heyn Decl. ¶ 4, Ex. B.

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Q:      And what about GGW Brands, LLC?

A:      I think we just acted as —— as legal counsel.[17]

* * *

Q:      And with regard to GGW Brands, is there anybody that has knowledge superior to yours about the formation and setup of the company?

A:      Not that I know of.[18]

* * *

Q:      And what -- what does GGW Brands do?

A:      GGW Brands is a holding company that owns GGW Direct, GGW Events, and GGW Magazine.

Q:      Does GGW Brands [LLC] own any other companies?

A:      Well, *at one point it owned GGW Marketing*.  But I think it's essentially a defunct entity.  I don't think it does any business.[19]

Mr. Klueger's testimony flatly contradicts the contention that Brands, LLC is not and has never been the member of GGW Marketing.

Global Brands' *ad hominem* attempt to discredit Mr. Klueger as having "little regard for entity formalities or the sanctity of organizational documents" is baseless and incorrect.  Simply because Mr. Klueger may have executed certain routine corporate documents on behalf of his clients has no bearing on whether he observes corporate formalities or the acuracy of organizational documents.  Quite the opposite – as a self-professed expert in "asset protection law" and the author of several books on that subject, Mr. Klueger's reputation depends on his ability to properly insulate assets within certain entities, and necessarily requires that he show a high regard for corporate formalities and organizational documents.  More fundamentally, though, Mr. Klueger was hired by Mr. Francis to perform asset protection services and was designated by

---

[17]  *Id.* at 9:11-20.

[18]  *Id.* at 26:11-14.

[19]  *Id.* at 26:23-27:4 (emphasis added).

1   Mr. Francis on behalf of certain Debtors as the person most knowledgeable with respect to those

2   entities.[20]    Therefore, any claims by Mr. Francis, by and through GGW Global Brands, Inc.,

3   casting aspersions on Mr. Klueger's knowledge of either proper methods of asset protection or the

4   organizational nuances of the Debtors must be disregarded.

5       **Second**, in connection with the transfer of the Trademarks to Path Media in 2011, Mr.

6   Francis submitted a "Client Assessment Data Form," which characterized the transfer of the

7   Trademarks as a transfer of "[a]ll of the intellectual property currently owned by ***GGW Brands,***

8   ***LLC and its subsidiary entities***."[21]    There is no mention of Brands, Inc. anywhere in the

9   document.  An accompanying affidavit signed by Mr. Francis stated that the form was true and

10  correct to the best of his knowledge.[22]    Because GGW Marketing was the entity that owned and

11  transferred the Trademarks, the only inference that can be drawn from this evidence is that Brands,

12  LLC was the member of GGW Marketing.

13      **Finally**, it has historically not been unusual for Mr. Francis to designate nominees to

14  temporarily hold his entities.  For example, on October 12, 2010, Mr. Francis, on behalf of Brands,

15  LLC, authorized an individual named Rafael Bernardino, Jr., to "initially organize and create

16  governance and other establishing documents and accounts for certain Delaware limited liability

17  companies . . . pursuant to [Mr. Francis's] direction."[23]    Under the terms of their agreement, Mr.

18  Francis could, in his discretion, cause Mr. Bernardino to promptly resign from all official positions

19  held at the companies and "relinquish and assign to [Mr. Francis] any and all rights, title and

20  interests" in the companies.[24]    Accordingly, even though Brands, Inc. may have at one time been

---

[20]   *See* Klueger Engagement Letter and Letter re: Person Most Knowledgeable Between GGW Brands, LLC & GGW Direct, LLC, on the one hand, and Robert Klueger, on the other hand (Heyn Decl. ¶¶ 21, 22, Exs. P, Q).

[21]   *See* Asiaciti Trust Pacific Limited Client Assessment Data Form at C.5 (Heyn Decl. ¶ 5, Ex. C) (emphasis added).

[22]   *See* Affidavit of Solvency, ¶ 1, attached to Asiaciti Trust Pacific Limited Client Assessment Data Form (Heyn Decl. ¶ 5, Ex. C).

[23]   *See* Letter Agreement Between Rafael Bernardino, Jr. and GGW Brands, LLC (Heyn Decl. ¶ 6, Ex. D).

[24]   *Id.*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    the member of GGW Marketing, the most reasonable inference from all the preceding evidence is

2    that by the time of GGW Marketing's dissolution, Brands, LLC had become the owner, as

3    evidenced by the sworn testimony of Mr. Klueger shortly before GGW Marketing's registration

4    was cancelled.

5        The above-listed evidence makes it probable that Brands, LLC is currently the member of

6    GGW Marketing, notwithstanding that Brands, Inc. might have been the member as of November

7    2, 2006.  The only evidence cited in the Motion to Dismiss as to the post-2006 membership of

8    GGW Marketing (other than Mr. Francis's specious declaration) is Mr. Tym's claim that he

9    "found no organizational documents" indicating such a relationship from his review of "certain

10   business records of GGW Marketing;" but the mere fact that Mr. Tym is unaware of evidence in a

11   limited universe of documents (some of which he and Mr. Francis destroyed) is insufficient to

12   overcome the specific evidence proving that Brands, LLC is in fact its member.

13   **C.    Brands, LLC is the Manager of GGW Marketing and Had Authority to File a
        Voluntary Petition on its Behalf**

14

15       Even if Global Brands is correct that Brands, LLC is not the member of GGW Marketing,

16   the Motion to Dismiss should still be denied.  As the Motion to Dismiss concedes, Brands, LLC is

17   the *manager* of GGW Marketing.  *See* Motion to Dismiss at 7 ("Therefore, as Manager of GGW

18   Marketing, LLC, GGW Brands . . . .").[25]  As the manager, Brands, LLC is empowered under

19   GGW Marketing's Operating Agreement and Delaware law to file a voluntary chapter 11 petition

20   on its behalf.

21       The Operating Agreement vests GGW Marketing's manager with almost complete control

22   over the company:

23           Section 6.02.  Authority of Managers.  A Manager or Managers *may exercise all
            the powers of the Company* whether derived from law, the Articles of Organization
24           or this Agreement, except such powers as are by statute, by the Articles of

25

26

27   ───────────────
     [25]   The Certificate of Cancellation filed with the California Secretary of State confirms that, at
            minimum, Brands, LLC was the manager of GGW Marketing.  (Heyn Decl. ¶ 7, Ex. E).

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    Organization or by this Agreement vested solely in the Members.[26]

2

3    Nevertheless, the Motion to Dismiss contends that because the Operating Agreement

4    excludes from the manager's powers "any act which would make it impossible to carry on the

5    ordinary business of the Company," Brands, LLC, as manager of GGW Marketing, could not file a

6    chapter 11 petition on its behalf, because doing so would render GGW Marketing incapable of

7    carrying on its ordinary business.  Motion to Dismiss, at 6-7.  This argument is based on an

8    unpublished, out-of-circuit case which construed a similarly-worded operating agreement.  *See In*

9    *re DB Capital Holdings,* LLC, 2010 Bankr. LEXIS 4176, at *5 (B.A.P. 10th Cir. Dec. 6, 2010).

10   However, Global Brands overlooks a fundamental difference between this case and *DB Capital*.

11   In *DB Capital*, the debtor was in the real estate development business, had assets, and had been

12   actively engaged in business activities.  *See id* at *3-6.  As such, the filing of a bankruptcy petition

13   could conceivably have interfered with that debtor's ability to carry on its ordinary business.  By

14   contrast, for more than one year before the Trustee brought the Marketing Motion, **GGW**

15   **Marketing was a cancelled entity, and did not carry on any business**.[27]  It owns no assets

16   (other than litigation claims), has no employees, and has no office space.  Heyn Decl. ¶ 22.

17   Accordingly, the filing of a chapter 11 petition on GGW Marketing's behalf did not, and could

18   not, render it incapable of carrying on its ordinary business, because it had no business.  As such,

19   the *DB Capital* court's holding should not apply (assuming that, as unpublished, out-of-circuit

20   authority, it is even persuasive) to GGW Marketing's case, in which the chapter 11 petition did not

21   render GGW Marketing incapable of doing anything that it could have done prior to its

22   bankruptcy.

23   Global Brands also cites *In re Avalon Hotel Partners, LLC*, 302 B.R. 377 (Bankr. D. Or.

24   2003) and *In re Zaragosa Properties, Inc.*, 156 B.R. 310 (Bankr. M.D. Fla. 1993) to argue that a

25   manager of GGW Marketing could not filed a chapter 11 petition for the entity.  However, both

26   ---

     [26]  Operating Agreement, § 6.02 (emphasis added) (Tym Decl., Ex. A).

27   [27]  GGW Marketing was cancelled in Delaware, its state of incorporation, on May 4, 2012.  *See*
     Heyn Decl. ¶ 8, Ex. F.

28

1  cases are inapposite because they deal with whether filing a bankruptcy is in the "ordinary course

2  of business." *Avalon Hotel*, 302 B.R. at 380; *Zaragoza Props.*, 156 B.R. at 313. That is a

3  different question than what is presented by the Motion to Dismiss. Because of the specific

4  language of the purported GGW Marketing operating agreement, the Motion to Dismiss needs to

5  prove that filing a chapter 11 petition makes carrying on business "impossible" – not that filing a

6  bankruptcy is out of the ordinary course of business.

7  Moreover, presumably, had the drafter of the Operating Agreement intended to prohibit

8  GGW Marketing's manager from filing a bankruptcy petition, it could have done so by expressly

9  including that event in the list of restrictions. Indeed, the Operating Agreement does provide a

10  detailed list of restrictions on managers. *See* Operating Agreement, at § 6.03. That list does not

11  include the filing of a bankruptcy petition.

**D.  Mr. Francis's Willful Destruction of Documents Militates in Favor of Finding that
Brands, LLC is the Member of GGW Marketing, LLC**

12

13  Notwithstanding that the Trustee and GGW Marketing have set forth sufficient evidence

14  proving that Brands, LLC is the member of GGW Marketing, it would be quite understandable

15  had the Trustee and GGW Marketing not been able to uncover such evidence. As this Court is

16  aware, the Trustee's investigation of the Debtors' affairs has been hampered by Mr. Francis's

17  willful destruction of certain documents and apparent disregard for the veracity of others. Indeed,

18  at the hearing on the Marketing Motion, in response to Mr. Tym's declaration that he has found no

19  documents assigning or transferring GGW Brands, Inc.'s membership interest in GGW Marketing

20  to Brands, LLC, this Court recognized that an open question existed "regarding whether there are

21  other documents related to GGW Brands, LLC and GGW Marketing that are not currently before

22  the Court." Marketing Transcript, at 44:8-10. As an example, this Court explained that although

23  Mr. Francis strongly argues that Brands, LLC was the **manager** of GGW Marketing, Mr. Tym's

24  declaration also did not provide any documentary evidence that it was ever appointed as such. *Id.*

25  at 44:1-4. The Trustee and GGW Marketing agree with this Court's assessment that other

26  documents likely exist which the Trustee and this Court have not seen, and, due to willful

27  destruction of documents, likely will never see. Moreover, the Trustee has discovered information

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145857.4

casting doubt on certain documents that Mr. Francis and Global Brands have presented as "evidence":[28]

(1) In sworn testimony in April 2012, Mr. Francis testified that he "never heard of" GGW Marketing. Heyn Decl. ¶ 9, Ex. G, at 70:20-21 (highlighted). For him to now swear that he has first-hand knowledge that GGW Brands, Inc. is GGW Marketing's sole member (and always has been) demonstrates that he is an unreliable witness.

(2) The Trustee has uncovered significant evidence that Mr. Francis masterminded a wide-scale effort to destroy the Debtors' documents (including legal documents). Certain of this evidence has been filed with the Court, *see, e.g.*, 13-ap-01552-SK, Dkt. No. 20. Heyn Decl. ¶ 10.

(3) The Trustee previously subpoenaed documents from Mr. Tym and Mr. Francis. The subpoenas required the production, among other things, of all "Corporate Documents" (which was defined to include any operating agreements) from the Original Debtors and "Related Entities" (which was defined to include "GGW Marketing"). Heyn Decl. ¶¶ 11 & 13 & Exs. H & I (highlighted). However, at no point did Mr. Tym or Mr. Francis produce the document that they now claim is the GGW Marketing operating agreement. *Id.* ¶¶ 12 & 13.

(4) In a motion to withdraw from representing Mr. Francis and several of his entities, Brendt Butler signed a declaration testifying that "[b]ased on a sealed declaration provided by the Trustee and certain privileged attorney-client communications, I have become wary of the reliability and veracity of certain of the documentation provided to me by the Represented Parties, such that I have been forced to decline to file certain pleadings with the Court based upon suspect documentation (which suspicion may ultimately prove to be unfounded)." Dkt. No. 240 at 5 ¶ 11.

(5) The corporate records in the possession of the Trustee suggest that GGW Global Brands, Inc. is not a real entity, but a fraudulent artifice. Its corporate book is blank; its

---

[28]  *See* Dkt No. 274.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    share certificates are unissued; its bylaws are an empty and unsigned form; and its

2    minute book is devoid of any evidence that any meeting took place.  Heyn Decl. ¶ 14.

3    "Generally, a trier of fact may draw an adverse inference from the destruction of evidence

4    relevant to a case."  *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) (citation omitted).

5    Such an inference is warranted by "the common sense observation that a party who has notice that

6    a document is relevant to litigation and who proceeds to destroy the document is more likely to

7    have been threatened by the document than is a party in the same position who does not destroy

8    the document."  *Id.* (internal quotation marks and citation omitted).  Similarly, a party's

9    "persistent refusal to comply with discovery requests is equated with an admission that the

10   disobedient party has no meritorious claim in regard to that issue."  *Karlsson v. Ford Motor Co.*,

11   45 Cal. Rptr. 3d 265, 278 (Ct. App. 2006) (citations omitted); *see also, e.g.*, *Hammond Packing*

12   *Co. v. Arkansas*, 212 U.S. 322, 351 (1909) (discussing "the presumption that the refusal to

13   produce evidence material to the administration of due process was but an admission of the want

14   of merit in the asserted defense"); *Encinas v. Tucson Elec. Power Co.*, 76 F. App'x 762, 765 (9th

15   Cir. 2003) ("An adverse inference is appropriate when a party … fails to produce relevant

16   evidence within its control."); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99,

17   106-07 (2d Cir. 2002) ("Where, as here, the nature of the alleged breach of discovery obligation is

18   the non-production of evidence, a district court has broad discretion in fashioning an appropriate

19   sanction, including … an adverse inference instruction.").

20       In light of the destruction of evidence and the failure to give complete and accurate

21   responses to discovery requests, the Court should presume that Mr. Francis destroyed relevant

22   evidence showing the transfer of the membership interest of GGW Marketing to Brands, LLC and

23   should discredit the testimony of Mr. Francis and Mr. Tym.

24

25

26

27

28

145857.4

1

### IV.  CONCLUSION

2    For the reasons stated herein, the Trustee and GGW Marketing respectfully request that

3 this Court deny the Motion to Dismiss and provide such other relief as is necessary and

4 appropriate.

5 DATED: September 24, 2013     Respectfully submitted,

6                  KLEE, TUCHIN, BOGDANOFF & STERN LLP

7

8                  Matthew C. Heyn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

## DECLARATION OF MATTHEW C. HEYN

I, Matthew C. Heyn, declare as follows:

1.       I am over 18 years old.  All statements made herein are based on my personal knowledge.  If called to testify as a witness, I could and would testify under oath to the truth of the statements set forth below.

2.       I am a partner of Klee, Tuchin, Bogdanoff & Stern, LLP, counsel to GGW Marketing, LLC ("GGW Marketing") and R. Todd Neilson as chapter 11 trustee (the "Trustee"). In this declaration, I refer to GGW Brands, LLC, GGW Direct, LLC, GGW Magazine, LLC and GGW Events, LLC and GGW Marketing as the "Debtors."  I have been directly involved in the Trustee's investigation of the Debtors' financial affairs.

3.       Attached hereto as Exhibit A is a true and correct copy of the *Transcript of Proceedings re Ex Parte Motion for Authority to Revoke Cancellation and to File Voluntary Chapter 11 Petition for Debtors' Subsidiary* [Docket No. 183].

4.       Attached hereto as Exhibit B is a true and correct excerpts of the Deposition of Robert F. Klueger taken on June 22, 2012 in the action captioned *Wynn Las Vegas, LLC v. GGW Direct, LLC et al.*, Clark County, NV Case No. A-12-660288-B.

5.       Attached hereto as Exhibit C is a true and correct copy of certain documents submitted by Joseph R. Francis in connection with the formation of an asset protection plan, including an affidavit signed by Mr. Francis. I obtained these documents from a review of Mr. Francis's email boxes which were stored on the Debtors' computers. I recognize Mr. Francis's signature, and the signature on the documents appears to be his. Moreover, pursuant to Federal Rule of Evidence 901(b)(2), the Court can compare the signature of Mr. Francis on Exhibit C to the signature of Mr. Francis on the *Declaration of Joseph Francis in Opposition to Motion for Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 45.]

6.       Attached hereto as Exhibit D is a Letter Agreement dated October 12, 2010, between GGW Brands, LLC and Rafael Bernardino, Jr., and addressed to Mr. Francis. I obtained this document from a review of Mr. Francis's email boxes which were stored on the Debtors' computers.

145857.4

1

7.      Attached hereto as <u>Exhibit E</u> is a certified copy of California Secretary of State Limited Liability Company Certificate of Cancellation for GGW Marketing, LLC. The Certificate of Cancellation reflects that GGW Brands, LLC, a debtor, performed such cancellation as manager of GGW Marketing.

8.      Attached hereto as <u>Exhibit F</u> is a certified copy of all documents of GGW Marketing, LLC on file with the Delaware Secretary of State as of May 13, 2013, including its Certificate of Cancellation.

9.      In connection with my representation of the Trustee, I reviewed a transcript of the deposition of Mr. Francis that took place on August 18, 2012.  Attached hereto as <u>Exhibit G</u>, is a highlighted excerpt from the transcript, which reflects that Mr. Francis testified he "never heard of" GGW Marketing, LLC.  *See* Exhibit G at 70:20-21.

10.      The Trustee has uncovered significant evidence that Mr. Francis masterminded a wide-scale effort to destroy the Debtors' documents (including legal documents).  Some of this evidence has been filed with the Court, *see, e.g.*, 13-ap-01552-SK, Dkt. No. 20.

11.      On May 3, 2013, I issued a subpoena to Mr. Tym, a true and correct copy of which is attached hereto as <u>Exhibit H</u>.  At no time before the time required for production did Mr. Tym object to the scope of the documents requested in the subpoena.  The first request of the subpoena seeks "Any and all Corporate Documents of the Debtors and the Related Entities."  The Subpoena (at page 1 of Attachment A, highlighted) defines Corporate Documents to include operating agreements and Related Entities to include GGW Marketing.

12.      On May 24, 2013, Mr. Tym provided me the documents in response to the subpoena.  The documents he provided me did not include the purported GGW Marketing operating agreement that is attached to his declaration in support of the Motion to Dismiss.

13.      On May 7, 2013, I issued a subpoena to Mr. Francis, a true and correct copy of which is attached hereto as <u>Exhibit I</u>.  At no time did Mr. Francis object to the scope of the documents requested in the subpoena.  The first request of the subpoena (at page 2 of Attachment A, highlighted) seeks "Any and all Corporate Documents of the Debtors and the Related Entities." The Subpoena defines (at page 1 of Attachment A, highlighted) Corporate Documents to include

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145857.4

2

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    operating agreements and Related Entities to include GGW Marketing.  Mr. Francis has produced

2    no documents in response and his former attorney informed me that he claims to not have any

3    such documents.

4        14.    On May 3, 2013, I issued a subpoena to Andrew Katzenstein of Proskauer Rose

5    LLP.  In response to that subpoena, Proskauer Rose produced, among other things, a black binder

6    that purports to the corporate records of the GGW Brands, Inc.  It contains a corporate seal and

7    several original documents from the California Secretary of State and the U.S. Internal Revenue

8    Service (the "IRS").  However, it is otherwise devoid of any indication that GGW Brands, Inc.

9    was a real corporation: (i) each of the stock certificates is blank and unissued; (ii) the bylaws are

10   blank and unsigned; (iii) there are no resolutions or minutes of meetings; and (iv) the stock

11   transfer ledger is blank.

12       15.    Attached hereto as <u>Exhibit J</u> is a chain of correspondence (including attachment)

13   that Proskauer Rose produced.  It begins with a message time-stamped February 26, 2013, at 8:30

14   a.m. In the first message of Exhibit J (time-stamped February 26, 2013, at 8:30 a.m.), Tym

15   forwarded a draft notice of termination of licenses to Adrian Taylor and Angela Pope of Asiaciti

16   Trust in an email stating: "It is my understanding that Asiaciti Pacific Trust is manager of Path

17   Media Holdings, LLC (which is 100% owned by Ridgewood Global Trust). In that regard, I ask

18   that the following termination of licenses be executed and emailed to me by tomorrow (Tuesday)

19   morning if possible. Thank you for your assistance." This demonstrates that Tym, who was

20   working as the Debtors' counsel, directed Path Media to terminate the Debtors' right to use the

21   Girls Gone Wild intellectual property in the days before the Debtors filed for bankruptcy.

22       16.    Attached hereto as <u>Exhibit K</u> is a chain of correspondence that Proskauer Rose

23   produced.  It begins with a message time-stamped February 25, 2013, at 6:06 p.m. In the second

24   message of Exhibit K (time-stamped February 26, 2013, at 8:45 a.m.), Mr. Tym tells Mr. Francis

25   "I have had Path Media (Asiaciti) terminate all licenses that were held by GGW entities.  This

26   further demonstrates that Tym, who was working as the Debtors' counsel, directed Path Media to

27   terminate the Debtors' right to use the Girls Gone Wild intellectual property in the days before the

28   Debtors filed for bankruptcy.

17.    On May 24, 2013 I conducted the 2004 examination of Ronald Tym.  Attached hereto at Exhibit L is a true and correct copy of excerpts of a transcription of that 2004 Examination.  In the examination Mr. Tym stipulated that he would have 7 days after receiving the transcript to review, make any changes, and return a signed copy of the transcript or certified copy, or else I could use a certified copy of the transcript for all purposes. Mr. Tym did not return a signed copy of the transcript.

18.    Attached hereto as Exhibit M is an email, sent on April 19, 2013, at 9:33 a.m., from Ronald Tym to Adrian Taylor at AsiacitiTrust, in which Mr. Tym, on page 3 thereof, instructs Mr. Taylor not to communicate with counsel for the Trustee.  I obtained this document from a review of Mr. Francis's email boxes which were stored on the Debtors' computers.

19.    Attached hereto as Exhibit N are interrogatory responses from GGW Global Brands, Inc. indicating that Robert Klueger, Esq. is the custodian of records for GGW Marketing, LLC (page 6 thereof).

20.    On September 4, 2013, I took the deposition of Ronald Tym.  Attached hereto as Exhibit O is a true and correct copy of excerpts of that deposition.  In the examination Mr. Tym stipulated that he would have 7 days after receiving the transcript to review, make any changes, and return a signed copy of the transcript or certified copy, or else I could use a certified copy of the transcript for all purposes. Mr. Tym did not return a signed copy of the transcript.

21.    Attached hereto as Exhibit P is a true and correct copy of an engagement letter for legal services between Klueger & Stein, LLP, on the one hand, and Mr. Joe Francis and GGW Brands, LLC, on the other hand.  I obtained this document from a review of Mr. Francis's email boxes which were stored on the Debtors' computers.

22.    Attached hereto as Exhibit Q is a true and correct copy of a letter agreement sent by GGW Brands, LLC and GGW Direct, LLC to Mr. Klueger, in which GGW Brands, LLC and GGW Direct, LLC confirm that Mr. Klueger is the person most knowledgeable for GGW Brands, LLC and GGW Direct, LLC.  Mr. Klueger counter-signed the agreement, indicating his confirmation.  I obtained this document from Mr. Klueger's files.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

23.    I have not seen any document indicating when GGW Brands, LLC became the manager of GGW Marketing, LLC.

24.    I have worked closely with the Trustee and with the financial advisors and accountants to the Trustee in investigating the affairs and operations of GGW Marketing.  I have determined that GGW Marketing owns no assets (other than litigation claims), has no employees, and has no office space.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 24, 2013, at Los Angeles, California.

_____

Matthew C. Heyn

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **OPPOSITION TO GGW GLOBAL BRANDS, INC.
MOTION TO DISMISS BANKRUPTCY CASE OF GGW MARKETING, LLC**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
September 24, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

**See attached list.**

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On September 24, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Michael D. Kolodzi
Kolodzi Law Firm
5981 Topanga Canyon Blvd.
Woodland Hills, CA 91367

United States Trustee
725 South Figueroa Street.
26th Floor
Los Angeles, CA 90017

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**(state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 24, 2013, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

VIA PERSONAL DELIVERY
Hon. Sandra R. Klein
US Bankruptcy Court
255 E. Temple St., Ctrm. 1575
Los Angeles, CA 90012

⊠  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 24, 2013 | Jonathan M. Weiss | /s/ Jonathan M. Weiss |
|---|---|---|
| Date | Printed Name | Signature |

145857.4    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Martin R Barash    mbarash@ktbslaw.com, lbogdanoff@ktbslaw.com**
- **Brendt C Butler    brendt.butler@gmail.com**
- **Anne-Marie J DeBartolomeo    ajd@girardgibbs.com, jiv@girardgibbs.com,jar@girardgibbs.com**
- **Richard K Diamond    rdiamond@dgdk.com, DanningGill@gmail.com**
- **Matthew Heyn    mheyn@ktbslaw.com**
- **Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com**
- **Samuel M Kidder    skidder@ktbslaw.com**
- **Michael D Kolodzi    mdk@mdklawfirm.com**
- **Dare Law    dare.law@usdoj.gov**
- **Dare Law    dare.law@usdoj.gov**
- **John F Medler    JOHN@MEDLERLAWFIRM.COM, JMEDLER@MEDLERROITHER.COM**
- **Kelly L Morrison    kelly.l.morrison@usdoj.gov**
- **R. Todd Neilson (TR)    tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com**
- **Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com**
- **Robert J Pfister    rpfister@ktbslaw.com**
- **Ronald N Richards    ron@ronaldrichards.com, nick@ronaldrichards.com**
- **Ronald N Richards    ron@ronaldrichards.com, nick@ronaldrichards.com**
- **Steven J Schwartz    sschwartz@dgdk.com, DanningGill@gmail.com**
- **David M Stern    dstern@ktbslaw.com**
- **Ronald D Tym    RTym@Tymfirm.com**
- **Ronald D Tym    RTym@Tymfirm.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Andy C Warshaw    awarshaw@lawcenter.com, mstevens@lawcenter.com**
- **Jonathan M Weiss    jweiss@ktbslaw.com**
- **Jonathan M Weiss    jweiss@ktbslaw.com**
- **Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com**
- **Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com**

145857.4    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                **F 9013-3.1.PROOF.SERVICE**