# <u>EXHIBIT 1</u>

Exhibit 1 to Plan / Disclosure Statement

**GGW CREDITOR TRUST AGREEMENT**

**By and Among**

**GGW Marketing, LLC, in its capacity as debtor and debtor-in-possession, and R. Todd Neilson, in his capacity as chapter 11 trustee of the bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC,**

**as Transferors**

**and**

**R. Todd Neilson,**

**as Creditor Trustee**

**Dated as of _____ __, 2015**

Exhibit 1 to Plan / Disclosure Statement

# TABLE OF CONTENTS

ARTICLE I NAME OF TRUST AND CREDITOR TRUSTEE.................................................... 4

    1.1    Name          .......................................................................................... 4
    1.2    Creditor Trustee ................................................................................... 4

ARTICLE II DUTIES AND POWERS OF THE CREDITOR TRUSTEE ................................. 4

    2.1    Generally................................................................................................ 4
    2.2    Scope of Authority ................................................................................ 4
    2.3    Obligations to Creditor Trust and Beneficiaries ................................. 5
    2.4    Additional Powers of Creditor Trustee ................................................ 5
    2.5    General Authority of the Creditor Trustee............................................ 6
    2.6    Limitation of Creditor Trustee's Authority; No On-Going Business .................... 6
    2.7    Other Activities ..................................................................................... 6
    2.8    Investment and Safekeeping of Creditor Trust Assets.......................... 6
    2.9    Irrevocability of the Creditor Trust....................................................... 7

ARTICLE III TERM AND COMPENSATION FOR CREDITOR TRUSTEE ........................... 7

    3.1    Term          .......................................................................................... 7
    3.2    Compensation ........................................................................................ 7
    3.3    Termination........................................................................................... 7
    3.4    No Bond ................................................................................................ 7
    3.5    Removal ................................................................................................ 7
    3.6    Resignation ........................................................................................... 7
    3.7    Successor Creditor Trustee ................................................................... 7

ARTICLE IV PROVISIONS REGARDING DISTRIBUTIONS ................................................. 8

    4.1    Priority and Method of Distributions.................................................... 8
    4.2    Delivery of Distributions ...................................................................... 9
    4.3    Undeliverable and Unclaimed Distributions........................................ 9

ARTICLE V PROCEDURES FOR RESOLUTION OF DISPUTED, CONTINGENT AND
    UNLIQUIDATED CLAIMS OR EQUITY INTERESTS.............................................. 9

    5.1    Objections to Claims; Prosecution of Disputed Claims........................ 9
    5.2    Estimation of Claims.......................................................................... 10
    5.3    Payments and Distributions on Disputed Claims................................ 10

ARTICLE VI LIABILITY AND EXCULPATION PROVISIONS ........................................... 10

    6.1    Standard of Liability ........................................................................... 10
    6.2    Reliance by Creditor Trustee .............................................................. 11
    6.3    Exculpation; Indemnification.............................................................. 11

Exhibit 1 to Plan / Disclosure Statement

ARTICLE VII ESTABLISHMENT OF THE CREDITOR TRUST............................................ 12

7.1    Transfer of Assets to Creditor Trust ...................................................... 12
7.2    Title to Assets ................................................................................... 12
7.3    Valuation of Assets ............................................................................ 13

ARTICLE VIII ADMINISTRATION ...................................................................... 13

8.1    Purpose of the Creditor Trust............................................................... 13
8.2    Books and Records ........................................................................... 13
8.3    Compliance with Laws ....................................................................... 14

ARTICLE IX REPORTING ................................................................................ 14

9.1    Annual Reports ................................................................................ 14
9.2    Federal Income Tax ........................................................................... 14
9.3    Other       .................................................................................... 14

ARTICLE X TRANSFER OF BENEFICIARIES' INTERESTS ................................... 15

10.1    Transfer of Beneficiaries' Interests...................................................... 15

ARTICLE XI TRUSTEE PROFESSIONALS AND TRUSTEE NON-PROFESSIONALS....... 16

11.1    Retention of Trustee Professionals and Trustee Non-Professionals.................. 16
11.2    Payment to Trustee Professionals and Trustee Non-Professionals..................... 16

ARTICLE XII TERMINATION OF THE CREDITORS TRUST............................................ 16

12.1    Duration and Extension....................................................................... 16

ARTICLE XIII AMENDMENT AND WAIVER ........................................................... 17

ARTICLE XIV MISCELLANEOUS PROVISIONS.................................................... 17

14.1    Intention of Parties to Establish Grantor Trust ...................................... 17
14.2    Preservation of Privilege.................................................................... 17
14.3    Laws as to Construction...................................................................... 17
14.4    Severability .................................................................................... 17
14.5    Notices       .................................................................................. 18
14.6    Notices to a Beneficiary..................................................................... 18
14.7    Survivability................................................................................... 18
14.8    Headings ...................................................................................... 18
14.9    Conflicts with Plan Provisions.............................................................. 18
14.10    Jurisdiction.................................................................................... 18
14.11    Successors/Representatives of the Debtors.......................................... 19

Exhibit 1 to Plan / Disclosure Statement

## GGW CREDITOR TRUST AGREEMENT

### PREAMBLE

This GGW Creditor Trust Agreement (this "Agreement"), which pertains to the administration of the GGW Creditor Trust (the "Creditor Trust"), is made effective as of the Effective Date of the *Chapter 11 Trustee's Disclosure Statement and Plan of Liquidation for GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, GGW Magazine, LLC, and GGW Marketing, LLC Dated November 12, 2014* (the "Plan"),[1] by and among R. Todd Neilson, solely in his capacity as chapter 11 trustee (in such capacity, the "Chapter 11 Trustee") for the bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC (together with GGW Marketing, LLC, the "Debtors"), and GGW Marketing, LLC ("GGW Marketing," and, together with the Chapter 11 Trustee, the "Transferors"), on the one hand, and R. Todd Neilson, not individually, but solely in his capacity as trustee (the "Creditor Trustee," and collectively with the Transferors, the "Parties") in accordance with the Plan, such Plan having been confirmed on _____ __, 2015 pursuant to the entry of the Confirmation Order.

### RECITALS

(A)    On February 27, 2013, each of the Debtors other than GGW Marketing filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") and commenced the chapter 11 bankruptcy cases currently pending in the Bankruptcy Court that are being jointly administered under Case No. 2:13-bk-15130-SK (the "Chapter 11 Cases");

(B)    On May 22, 2013, GGW Marketing filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court, and commenced a chapter 11 bankruptcy case that has been jointly administered with the Bankruptcy Cases;

(C)    The Creditor Trust is created pursuant to, and to consummate, implement and effectuate, the Plan by, among other things, accepting the transfer to it, and holding, the Creditor Trust Assets, liquidating the Creditor Trust Assets, paying the Creditor Trust Liabilities, and distributing the net proceeds to the Beneficiaries (as defined below) as set forth in the Plan and this Agreement;

(D)    The Plan provides for, among other things and in accordance with the terms thereof, the distribution of the Net Proceeds to holders of Allowed Class 2 Claims whose Allowed Class 2 Claims have not been paid in full (excluding interest) from the initial $435,240.81 payment on account of Allowed Class 2 Claims provided in the Plan (the "Beneficiaries") *pro rata* unless a holder of an Allowed Class 2 Claim has agreed to different treatment;

(E)    The Creditor Trust is created on behalf of, and for the benefit of, the Beneficiaries;

---

[1]    Any capitalized term used, but not defined, herein shall have the meaning ascribed to such term in the Plan.

Exhibit 1 to Plan / Disclosure Statement

(F)    The respective powers, authority, responsibilities and duties of the Creditor Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court;

(G)    Pursuant to the terms and conditions of the Plan and this Agreement, the Creditor Trustee shall administer the Creditor Trust Assets;

(H)    This Agreement is intended to supplement, complement and implement the Plan; provided, however, that if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern; and

(I)    The Creditor Trust is intended to qualify as a "liquidating trust" under the Internal Revenue Code of 1986 and the regulations promulgated thereunder, specifically Treas. Reg. §301.7701-4(d), and as such is a "grantor trust" for federal income tax purposes with the Beneficiaries treated as the grantors and owners of the Creditor Trust.  In particular:

(i)    The Creditor Trust is organized for the primary purpose of liquidating the Creditor Trust Assets, with no objective to conduct a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust.  The Creditor Trust shall not be deemed a successor of the Debtors or their Estates except as specifically provided in the Plan and in this Agreement;

(ii)    The Agreement provides that the Beneficiaries of the Creditor Trust will be treated as the grantors of the Creditor Trust and deemed owners of the Creditor Trust and the Creditor Trust Assets, and further, requires the Creditor Trustee to file returns for the Creditor Trust as a grantor trust pursuant to Treas. Reg. §1.671-4(a);

(iii)    This Agreement provides for consistent valuations of the transferred property by the Creditor Trustee and the Beneficiaries, and those valuations shall be used for all federal income tax purposes;

(iv)    All of the Creditor Trust's income is to be treated as subject to tax on a current basis to the Beneficiaries who will be responsible for payment of any tax due;

(v)    This Creditor Trust contains a fixed or determinable termination date in that it will terminate on December 31, 2019; provided, however, that, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Creditor Trust for a finite period if such an extension is warranted by the facts and based upon a finding that such an extension is necessary to prosecute the Preserved Claims and to liquidate and distribute all of the Creditor Trust Assets; provided further, however, that such extension is approved by the Bankruptcy Court within six (6) months of the beginning of the proposed extended term;

(vi)    The investment powers of the Creditor Trustee, other than those reasonably necessary to maintain the value of the Creditor Trust Assets and to further the liquidating purpose of the Creditor Trust, are limited to powers to invest in Permissible Investments (as defined below); and,

2

Exhibit 1 to Plan / Disclosure Statement

(vii)    To the extent required to maintain grantor trust tax status, the Creditor Trustee will distribute at least once per twelve-month period to the Beneficiaries all Net Proceeds of the Creditor Trust Assets, if any, except that the Creditor Trustee may retain an amount of Net Proceeds reasonably necessary to maintain the value of the Creditor Trust Assets and to satisfy current and projected fees, costs and expenses of the Creditor Trust.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

## DEFINITIONS

"Affiliates" means parents, subsidiaries, members, managers, limited partners and general partners.

"Agreement" has the meaning specified in the Preamble to this Agreement.

"Bankruptcy Court" has the meaning specified in the Recitals to this Agreement.

"Beneficiaries" has the meaning specified in the Recitals to this Agreement.

"Creditor Trust" has the meaning specified in the Preamble to this Agreement.

"Creditor Trust Liabilities" shall mean unpaid Professional Fee Claims.

"Creditor Trustee" has the meaning specified in the Preamble to this Agreement or any successor thereto.

"Debtors" has the meaning specified in the Preamble to this Agreement.

"Initial Trust Funds" has the meaning specified in the Preamble to this Agreement.

"IRS" means the Internal Revenue Service of the United States of America.

"Net Proceeds" means the actual cash proceeds from liquidation of the Vehicles and the Preserved Claims and from any accounts receivable of the Debtors less all expenses, fees and obligations incurred in generating such proceeds, including all attorneys' fees and expenses, expert witness fees and expenses and court costs, and the Creditor Trust Liabilities.

"Parties" has the meaning specified in the Preamble to this Agreement.

"Permissible Investments" has the meaning specified in Section 2.8.

"Plan" has the meaning specified in the Preamble to this Agreement.

"Trustee Non-Professionals" has the meaning specified in Section 11.1.

"Trustee Professionals" has the meaning specified in Section 11.1.

Exhibit 1 to Plan / Disclosure Statement

# ARTICLE I
## NAME OF TRUST AND CREDITOR TRUSTEE

1.1     <u>Name</u>.  The name of the Creditor Trust is the GGW Creditor Trust.

1.2     <u>Creditor Trustee</u>.  R. Todd Neilson is hereby appointed to serve as the initial Creditor Trustee under the Plan, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement.  A successor Creditor Trustee shall be appointed as set forth in <u>Section 3.7</u> in the event the Creditor Trustee is removed or resigns pursuant to this Agreement or if the Creditor Trustee otherwise vacates the position.

# ARTICLE II
## DUTIES AND POWERS OF THE CREDITOR TRUSTEE

2.1     <u>Generally</u>.  The Creditor Trustee shall be responsible for liquidating and administering (or abandoning, as the case may be) the Creditor Trust Assets and taking actions on behalf of, and representing, the Creditor Trust.  The Creditor Trustee shall have the authority to bind the Creditor Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity of Creditor Trustee and not individually.

2.2     <u>Scope of Authority</u>.  Within the limitations set forth herein, and subject to the oversight and/or approval provisions set forth in this Agreement, the responsibilities and authority of the Creditor Trustee shall include, without limitation:  (i) holding and administering the Creditor Trust Assets, (ii) facilitating the prosecution or settlement of objections to or estimations of Claims asserted against the Creditor Trust or the Creditor Trust Assets, or beneficial interests therein, (iii) filing objections to Claims, (iv) evaluating and determining strategy with respect to litigating, settling, transferring, releasing or abandoning any and all interests in the Vehicles or the Preserved Claims on behalf of the Creditor Trust, in each case, on any terms and conditions as it may determine in good faith based on the best interests of the Beneficiaries, (v) investigating, collecting, prosecuting, settling, or abandoning on behalf of the Creditor Trust the Vehicles or the Preserved Claims in the Bankruptcy Court or in any other court of competent jurisdiction, (vi) calculating and implementing distributions to the Beneficiaries in accordance with the Plan and this Agreement, (vii) filing all required tax returns for the Creditor Trust as a grantor trust pursuant to Treas. Reg. §1.671-4(a), (viii) retaining Trustee Professionals and Trustee Non-Professionals as provided in the Plan or this Agreement, (ix) receiving reasonable compensation for performing services as Creditor Trustee in accordance with this Agreement and paying the reasonable fees, costs and expenses of any Trustee Professionals and Trustee Non-Professionals in accordance with the applicable provisions of this Agreement, (x) paying the Creditor Trust Liabilities; (xi) filing suit or any appropriate motion for relief in the Bankruptcy Court or in any other court of competent jurisdiction to resolve any claim, disagreement, conflict or ambiguity in connection with the Creditor Trustee's exercise of his rights, powers or duties, (xii) determining and establishing reasonable reserves for the Creditor Trust to maintain the value of the Creditor Trust Assets, for the funding of ongoing and future litigation fees, costs and expenses, and to satisfy current and projected administration expenses of the Creditor Trust, and (xiii) carrying out such other responsibilities not specifically set forth herein as may be vested in the Creditor Trustee pursuant

4

Exhibit 1 to Plan / Disclosure Statement

to the Plan, this Agreement, any Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

  2.3 <u>Obligations to Creditor Trust and Beneficiaries</u>. The Creditor Trustee's actions as Creditor Trustee will be held to standards required under California law.

  2.4 <u>Additional Powers of Creditor Trustee</u>. In connection with the administration of the Creditor Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Creditor Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Creditor Trust. Without limiting, but subject to, the foregoing, the Creditor Trustee shall be authorized, in the Creditor Trustee's sole discretion, unless otherwise provided in this Agreement and subject to the limitations contained herein and in the Plan, to:

    (1) hold legal title (on behalf of the Creditor Trust as Creditor Trustee, but not individually) to the Creditor Trust Assets, including, but not limited to, the right to vote any Claim or Interest held by the Creditor Trust in any case or proceeding under the Bankruptcy Code or otherwise and to receive any distribution relating thereto, and to investigate, litigate, settle, transfer, release or abandon the Vehicles or any and all Preserved Claims on behalf of the Creditor Trust, in each case, on any terms and conditions as the Creditor Trustee may determine in good faith based on the best interests of the Beneficiaries;

    (2) protect and enforce the rights to the Creditor Trust Assets vested in the Creditor Trust by the Plan by any method deemed appropriate in the Creditor Trustee's sole discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

    (3) establish and maintain accounts at banks and other financial institutions, in a trustee capacity, invest funds (in the manner set forth in <u>Section 2.8</u>), make distributions and pay any other obligations owed by the Creditor Trust from the Creditor Trust Assets as provided herein and in the Plan;

    (4) prosecute, defend, compromise, adjust, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms set forth in Article V hereof, Claims against the Creditor Trust or the Creditor Trust Assets;

    (5) pay expenses and make disbursements necessary to preserve, liquidate, and enhance the Creditor Trust Assets;

    (6) purchase such insurance coverage as the Creditor Trustee deems necessary and appropriate with respect to the liabilities and obligations of the Creditor Trustee (in the form of an errors and omissions policy, fiduciary policy or otherwise) which insurance coverage may remain in effect for a reasonable period after the termination of this Agreement;

    (7) purchase such insurance coverage as the Creditor Trustee, in the Creditor Trustee's sole discretion, deems necessary and appropriate with respect to real and personal property which may be or may become Creditor Trust Assets;

Exhibit 1 to Plan / Disclosure Statement

(8)     retain and pay, as applicable, the Trustee Professionals and the Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(9)     incur any reasonable and necessary expenses in liquidating and converting the Creditor Trust Assets to cash, or otherwise administering the Creditor Trust, as set forth in the Plan or this Agreement;

(10)     incur and pay liabilities and borrow funds;

(11)     pay the Creditor Trust Liabilities; and

(12)     assume such other powers, and do such other things, as may be vested in or assumed by the Creditor Trust pursuant to the Plan or any Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

2.5     <u>General Authority of the Creditor Trustee</u>.  Unless specifically stated otherwise herein, the Creditor Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction (a) authorized in this Agreement or (b) specifically contemplated in the Plan.

2.6     <u>Limitation of Creditor Trustee's Authority; No On-Going Business</u>.

(a)     The Creditor Trustee shall have no power or authority except as set forth in this Agreement or in the Plan.

(b)     For federal tax purposes, the Creditor Trustee shall not be authorized to engage in any trade or business with respect to the Creditor Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust.  The Creditor Trustee shall take such actions consistent with the prompt orderly liquidation of the Creditor Trust Assets as required by applicable law and consistent with the treatment of the Creditor Trust as a liquidating trust under Treas. Reg. § 301.7701-4(d), to the extent such actions are permitted by this Agreement.

2.7     <u>Other Activities</u>.  The Creditor Trustee shall be entitled to be employed by third parties while performing the duties required under the Plan and this Agreement, so long as such other employment does not involve holding or representing any interest adverse to the interests of the Creditor Trust, or otherwise preclude or impair the Creditor Trustee from performing its duties under the Plan and this Agreement.

2.8     <u>Investment and Safekeeping of Creditor Trust Assets</u>.  All monies and other assets received by the Creditor Trustee shall, until distributed or paid as herein provided, be held in trust for the benefit of the Beneficiaries, but need not be segregated from other Creditor Trust Assets, unless and to the extent required by the Plan.  The Creditor Trustee shall promptly invest any such monies in the manner set forth herein, but shall otherwise be under no liability for interest or income on any monies received by the Creditor Trust hereunder and held for distribution or payment to the Beneficiaries, except as such interest or income shall actually be received.  Investment of any monies held by the Creditor Trust shall be administered in accordance with the general duties and obligations hereunder.  The right and power of the

6

Exhibit 1 to Plan / Disclosure Statement

Creditor Trustee to invest the Creditor Trust Assets, the proceeds thereof, or any income earned by the Creditor Trust, shall be limited to the right and power to (i) invest such Creditor Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America or (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof, or (ii) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments"); provided, however, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treas. Reg. § 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.9     Irrevocability of the Creditor Trust. The Creditor Trust is irrevocable and, except as expressly provided in this Agreement or the Plan, may not be altered, modified or amended.

## ARTICLE III
## TERM AND COMPENSATION FOR CREDITOR TRUSTEE

3.1     Term. Unless otherwise terminated pursuant to the terms hereof, the Creditor Trustee shall serve in such capacity for the entire duration of the existence of this Creditor Trust.

3.2     Compensation.

(a)     The Creditor Trustee shall be entitled to receive compensation for services rendered on behalf of the Creditor Trust at his hourly rate in effect at the time of such services and reimbursement of reasonable out-of-pocket expenses directly incurred by the Creditor Trustee in the scope of the Creditor Trustee's duties hereunder.

(b)     All compensation and other amounts payable to the Creditor Trustee shall be paid out of the Creditor Trust Assets.

3.3     Termination. The duties, responsibilities and powers of the Creditor Trustee will terminate on the date the Creditor Trust is dissolved or terminated under applicable law in accordance with the terms of this Agreement.

3.4     No Bond. The Creditor Trustee shall serve without bond.

3.5     Removal. The Creditor Trustee may be removed for cause, as determined by an Order of the Bankruptcy Court pursuant to a motion by any Beneficiary.

3.6     Resignation. The Creditor Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Bankruptcy Court and each Beneficiary.

3.7     Successor Creditor Trustee. In the event the Creditor Trustee is removed or resigns pursuant to this Agreement or if the Creditor Trustee otherwise vacates the position, a successor Creditor Trustee shall be nominated by the vote, of more than one-half in number, of

Exhibit 1 to Plan / Disclosure Statement

(i) Wynn, (ii) Favazza, and (iii) Rayment, which nomination shall be subject to the Bankruptcy Court's approval.  Any successor Creditor Trustee appointed hereunder shall execute an instrument accepting such appointment and shall deliver such acceptance to the Bankruptcy Court.  Thereupon, such successor Creditor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of his/her predecessor in the Creditor Trust with like effect as if originally named herein; provided, however, that a removed or resigning Creditor Trustee shall, nevertheless, when requested in writing by the successor Creditor Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Creditor Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Creditor Trustee.

## ARTICLE IV
## PROVISIONS REGARDING DISTRIBUTIONS

4.1    Priority and Method of Distributions.

(a)    Generally.  The Creditor Trustee, on behalf of the Creditor Trust, will make all distributions of the Net Proceeds of the Creditor Trust Assets, as set forth herein and in the Plan.  Unless the entity or person receiving a payment agrees otherwise, the Creditor Trustee will make any payment in cash to be made by the Creditor Trust by check drawn on a domestic bank or by wire transfer from a domestic bank.

(b)    Distribution of Net Proceeds of the Creditor Trust Assets.  After (i) the payment, or the establishment of a reserve for such payment, of the expenses, fees and other obligations of the Creditor Trust, including, without limitation, with respect to the counsel that pursued any action on behalf of the Creditor Trust and (ii) payment in full of the Creditor Trust Liabilities, then all Net Proceeds of the Creditor Trust Assets shall be distributed by the Creditor Trustee *pro rata* on account of Allowed Class 2 Claims to the Beneficiaries in accordance with each Beneficiary's respective percentage interest of Allowed Class 2 Claims unless such holder has voluntarily agreed to different treatment.

(c)    Periodic Distribution Requirement.  Subject to the provisions of this Article IV and to the extent required to maintain grantor trust tax status, the Creditor Trustee is required to distribute at least once per twelve-month period to the Beneficiaries all Net Proceeds of the Creditor Trust Assets, if any, except that the Creditor Trustee may retain an amount of Net Proceeds reasonably necessary, in the discretion of the Creditor Trustee, to maintain the value of the Creditor Trust Assets, for the funding of ongoing and future litigation fees, costs and expenses, and to satisfy current and projected administration expenses of the Creditor Trust.

(d)    Withholding.  The Creditor Trustee may withhold from amounts distributable to any entity any and all amounts, determined in the Creditor Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof.

(e)    Tax Identification Numbers.  The Creditor Trustee shall require any Beneficiary to furnish to the Creditor Trustee his, her or its Employer or Taxpayer Identification

8

Exhibit 1 to Plan / Disclosure Statement

Number as assigned by the IRS and the Creditor Trustee may condition any distribution to any Beneficiary upon receipt of such identification number.

      4.2    <u>Delivery of Distributions</u>.  Subject to the provisions of Fed. R. Bankr. P. 2002(g), and except as otherwise provided herein, distributions and deliveries to Beneficiaries shall be made by mail as follows: (a) at the address set forth on the proof of Claim filed by such Beneficiary; (b) at the address set forth in any written notice of address change delivered to the Chapter 11 Trustee prior to the Effective Date or the Creditor Trust after the Effective Date; (c) at the address reflected in the Schedules if no proof of Claim is filed and neither the Chapter 11 Trustee nor the Creditor Trust has received a written notice of a change of address.  Each Beneficiary's right to distribution from the Creditor Trust, which is dependent upon such Beneficiary's classification under the Plan, shall be that accorded to such Beneficiary under the Plan.

      4.3    <u>Undeliverable and Unclaimed Distributions</u>.

      (a)    If the distribution to a Beneficiary is returned as undeliverable, no further distribution shall be made to such Beneficiary unless and until the Creditor Trust is notified in writing of such Beneficiary's then current address.  Subject to the other provisions of the Plan, undeliverable distributions shall remain in the possession of the Creditor Trust until such time as a distribution becomes deliverable.  All undeliverable cash distributions will be held in unsegregated, interest-bearing bank accounts for the benefit of the entities entitled to the distributions.  These entities will be entitled to any interest actually earned on account of the undeliverable distributions.  The bank account will be maintained in the name of the Creditor Trustee.

      (b)    Any Beneficiary who does not assert a claim in writing for an undeliverable distribution within ninety (90) days after the date of the first attempted distribution shall no longer have any claim to or interest in any undeliverable distribution designated for it, and shall be forever barred from receiving any distributions from the Creditor Trust until such time as it notifies the Creditor Trust in writing of its correct address, at which point is shall only be entitled to share in distributions from the Creditor Trust made after the date of such notice, which distributions shall be calculated as if the Beneficiary had received all prior distributions. The Creditor Trust shall be enabled and empowered to retain all undeliverable distributions after the expiration of the ninety (90) day period set forth above.

      (c)    Nothing contained in this Agreement shall be deemed to require the Creditor Trust or any other party to attempt to locate any Beneficiary.

**ARTICLE V**
**PROCEDURES FOR RESOLUTION OF DISPUTED, CONTINGENT**
**AND UNLIQUIDATED CLAIMS OR EQUITY INTERESTS**

      5.1    <u>Objections to Claims; Prosecution of Disputed Claims</u>.  The Creditor Trustee, on behalf of the Creditor Trust, shall have the exclusive right to object to the allowance of any Claims (other than Professional Fee Claims, as to which any party in interest may object), whether Filed before or after the Effective Date, and any other Claims asserted against the

9

Exhibit 1 to Plan / Disclosure Statement

Creditor Trust or the Creditor Trust Assets. The Creditor Trustee shall have the right to object to the allowance of such claims with respect to which the Creditor Trustee disputes classification, liability or allowance in whole or in part. The Creditor Trustee shall have the authority to settle, in the Creditor Trustee's sole discretion, any and all objections to such claims.

5.2     Estimation of Claims. The Creditor Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claims pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Chapter 11 Trustee, the Debtors, or the Creditor Trustee previously have objected to such claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any such claim at any time during litigation concerning any objection to any such claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of section 502(j) of the Bankruptcy Code, if the Bankruptcy Court estimates any contingent or unliquidated Claims, the amount so estimated shall constitute the maximum allowed amount of such claim, and the Creditor Trustee may pursue supplementary proceedings to object to the allowance of such claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

5.3     Payments and Distributions on Disputed Claims.

(a)     Notwithstanding any provision hereof to the contrary, the Creditor Trustee, in the Creditor Trustee's sole discretion, may pay the undisputed portion of a Disputed Claim. Notwithstanding the foregoing, the Creditor Trustee will set aside for each holder of an unpaid Disputed Claim such portion of cash as may be necessary to provide required distributions if that claim were an Allowed Claim, either based upon the amount of the claim as filed with the Bankruptcy Court or the amount of the claim as estimated by the Bankruptcy Court.

(b)     At such time as a Disputed Claim becomes, in whole or in part, an Allowed Claim, the Creditor Trustee shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under the Plan or the Creditor Trust. No interest will be paid on Disputed Claims that later become Allowed or with respect to any distribution in satisfaction thereof to a holder.

## ARTICLE VI
## LIABILITY AND EXCULPATION PROVISIONS

6.1     Standard of Liability.

In no event shall the Creditor Trustee, the Trustee Professionals, the Trustee Non-Professionals, or any of their respective Affiliates or representatives be held personally liable for any claim, expense, liability or other obligation asserted against or incurred by the Creditor Trust or asserted against or incurred by the Creditor Trustee in carrying out the terms of this Agreement and the Plan. None of the Creditor Trustee, the Trustee Professionals, the Trustee Non-Professionals, or any of their respective Affiliates and representatives shall be liable to any

Exhibit 1 to Plan / Disclosure Statement

party or entity, including to the Creditor Trust or any Beneficiary, with respect to any action taken or omitted to be taken hereunder or under the Plan, except to the extent that the action taken or omitted to be taken by each of the same or the Trustee Professionals, the Trustee Non-Professionals, or any of their respective Affiliates or representatives is determined by a Final Order to be due to their own respective gross negligence, willful misconduct, fraud or breach of fiduciary duty.  Any act or omission taken with the approval of the Bankruptcy Court or any other court of competent jurisdiction, or upon the advice of legal counsel, will be conclusively deemed not to constitute gross negligence, fraud, willful misconduct or breach of fiduciary duty or not to have been performed in good faith.

   6.2 <u>Reliance by Creditor Trustee</u>.  Except as otherwise provided herein:

     (a) the Creditor Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order, or other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties;

     (b) the Creditor Trustee shall not be liable for any action reasonably taken or not taken by it in accordance with the advice of a Trustee Professional or Trustee Non-Professional; and

     (c) persons dealing with the Creditor Trustee shall look only to the Creditor Trust Assets to satisfy any liability incurred by the Creditor Trustee to such person in carrying out the terms of this Agreement, and the Creditor Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Creditor Trustee are determined by a Final Order to be due to the Creditor Trustee's own gross negligence, willful misconduct, fraud or breach of fiduciary duty.

   6.3 <u>Exculpation; Indemnification</u>.

     (a) From and after the Effective Date, the Creditor Trustee, the Trustee Professionals, the Trustee Non-Professionals, and their respective Affiliates and representatives, shall be and hereby are exculpated by all persons and entities, including, without limitation, holders of Claims, holders of Interests, Beneficiaries and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only (i) with respect to the Creditor Trustee for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be due to its own gross negligence, willful misconduct,  fraud, or breach of fiduciary duty, and (ii) with respect to each of the Trustee Professionals, the Trustee Non-Professionals, and their respective Affiliates and representatives, for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be due to their own respective gross negligence, willful misconduct or fraud.

     (b) No holder of a Claim, holder of an Interest, Beneficiary or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Creditor Trustee, the Trustee Professionals, the Trustee Non-Professionals or their respective Affiliates or

Exhibit 1 to Plan / Disclosure Statement

representatives, for making payments in accordance with the Plan or this Agreement or for implementing the provisions of the Plan or this Agreement.

        (c)        The Creditor Trust shall indemnify, defend and hold harmless the Creditor Trustee, the Trustee Professionals, the Trustee Non-Professionals and their respective Affiliates or representatives, solely from the Creditor Trust Assets, from and against any and all claims, causes of action, liabilities, obligations, losses, damages or expenses (including attorneys' fees, costs and expenses) occurring after the Effective Date, other than to the extent determined by a Final Order to be due to their own respective gross negligence, willful misconduct, or fraud, to the fullest extent permitted by applicable law.

## ARTICLE VII
## ESTABLISHMENT OF THE CREDITOR TRUST

7.1    <u>Transfer of Assets to Creditor Trust</u>.

        (a)        Pursuant to the Plan, the Transferors and the Creditor Trustee hereby establish the Creditor Trust on behalf of the Beneficiaries, to be treated as the grantors and deemed owners of the Creditor Trust Assets and the Transferors hereby transfer, assign, and deliver to the Creditor Trust, on behalf of the Beneficiaries, all of the Chapter 11 Trustee's and the Debtors' right, title, and interest in the Creditor Trust Assets, including the Vehicles, the Preserved Claims, and any accounts receivable owned by the Debtors, notwithstanding any prohibition of assignability under applicable non-bankruptcy law. Such transfer includes, but is not limited to, all rights to assert, waive or otherwise exercise any attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtors or the Chapter 11 Trustee. The Creditor Trustee agrees to accept and hold the Creditor Trust Assets in the Creditor Trust for the benefit of the Beneficiaries, subject to the terms of the Plan and this Agreement.

        (b)        In accordance with the terms and conditions of the Plan and this Agreement, the Chapter 11 Trustee shall, upon, or as soon as reasonably practicable after, the Effective Date, contribute Fifty Thousand Dollars ($50,000) (the "<u>Initial Trust Funds</u>") to the Creditor Trust to fund the activities of the Creditor Trust, which funds shall, pursuant to the Plan, have been voluntarily provided to the Creditor Trust out of funds that would have otherwise been distributed on account of Professional Fee Claims, and which shall be included in the Creditor Trust Liabilities that are required to be paid to the Professionals before any Net Proceeds are available for distribution to Beneficiaries. Upon termination of the Creditor Trust and the satisfaction of all authorized Creditor Trust expenses and the Creditor Trust Liabilities, any unspent portion of the contributions set forth in this paragraph shall be distributed in accordance with <u>Section 4.1(b)</u> hereof.

    7.2    <u>Title to Assets</u>.

        (a)        On the Effective Date, the Transferors shall transfer the Creditor Trust Assets to the Creditor Trust for the benefit of the Beneficiaries. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all Creditor Trust Assets and properties encompassed by the Plan shall vest in the Creditor Trust in accordance with section 1141 of the

Exhibit 1 to Plan / Disclosure Statement

Bankruptcy Code.  Upon the transfer of the Creditor Trust Assets to the Creditor Trust, the Debtors shall have no interest in or with respect to such Creditor Trust Assets or the Creditor Trust.

(b)     For all federal income tax purposes, all Parties and Beneficiaries shall treat the transfer of the Creditor Trust Assets by the Transferors to the Creditor Trust, as set forth in this Agreement and in the Plan, as a transfer of such assets by the Transferors to the Beneficiaries entitled to distributions under this Agreement, followed by a transfer by such Beneficiaries to the Creditor Trust.  Thus, the Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

7.3     Valuation of Assets.  As soon as practicable after the Effective Date, the Creditor Trustee (to the extent that the Creditor Trustee deems it necessary or appropriate in the Creditor Trustee's sole discretion) shall value the Creditor Trust Assets based on the good faith determination of the Creditor Trustee.  The valuation shall be used consistently by all Parties and the Beneficiaries for all federal income tax purposes.  The Bankruptcy Court shall resolve any dispute regarding the valuation of the Creditor Trust Assets.

# ARTICLE VIII
# ADMINISTRATION

8.1     Purpose of the Creditor Trust.  The Creditor Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treas. Reg. § 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust.  Accordingly, the Creditor Trustee shall, in an expeditious but orderly manner, liquidate and convert to cash the Creditor Trust Assets, make timely distributions to the Beneficiaries and not unduly prolong its duration.  The Creditor Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or in this Agreement.  As provided for in the Plan and this Agreement, the Creditor Trust is a successor of the Debtors for purposes of pursuing the Vehicles and the Preserved Claims and with respect to attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtors or the Chapter 11 Trustee as of the Effective Date.

8.2     Books and Records.  The Creditor Trustee shall maintain books and records relating to the administration of the Creditor Trust Assets, the income and expenses of the Creditor Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Creditor Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Creditor Trustee to file any accounting or seek approval of any court with respect to the administration of the Creditor Trust, or as a condition for making any payment or distribution out of the Creditor Trust Assets.  Subject to all applicable privileges, Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Agreement, under the Plan or otherwise, upon twenty (20) days' prior written notice to the Creditor Trustee, to request a reasonable inspection of the books and records held by the Creditor Trustee; provided, that all

13

Exhibit 1 to Plan / Disclosure Statement

costs associated with such inspection shall be paid in advance by such requesting Beneficiary, and further, if so requested, such Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Creditor Trustee, and make such other arrangements as may be reasonably requested by the Creditor Trustee.

8.3    Compliance with Laws.  Any and all distributions of Creditor Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

## ARTICLE IX
## REPORTING

9.1    Annual Reports.  Within 180 days after the end of each calendar year, the Trustee shall furnish a report to the Beneficiaries of all assets received by the Trust, all assets disbursed to Beneficiaries, and all assets held by the Trust during the preceding calendar year.

9.2    Federal Income Tax.

(a)    Grantor Trust Status.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Creditor Trustee of a private letter ruling if the Creditor Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Creditor Trustee), the Creditor Trustee shall file returns for the Creditor Trustee as a grantor trust pursuant to Treas. Reg. § 1.671-4(a).

(b)    Allocations of Creditor Trust Taxable Income.  Subject to the provisions of Section 9.2(a) hereof, allocations of Creditor Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Creditor Trust had distributed all of its other assets (valued for this purpose at their tax book value) to Beneficiaries (treating any holder of a Disputed Claim, for this purpose, as a current Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Creditor Trust (including any distributions held in reserve pending the resolution of Disputed Claims).  Similarly, taxable losses of the Creditor Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Creditor Trust Assets.  The tax book value of the Creditor Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Creditor Trust, adjusted in either case in accordance with tax accounting principles prescribed by the Internal Revenue Code, the Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

9.3    Other.  The Creditor Trustee shall file (or cause to be filed) any other statement, returns or disclosures relating to the Creditor Trust or the Creditor Trust Assets, that are required by any governmental entity.

14

Exhibit 1 to Plan / Disclosure Statement

# ARTICLE X
# TRANSFER OF BENEFICIARIES' INTERESTS

10.1    <u>Transfer of Beneficiaries' Interests</u>.  The interests of the Beneficiaries in the Creditor Trust, which are reflected only on the records of the Creditor Trust maintained by the Creditor Trustee, are not negotiable and shall not be assigned or transferred except by will, the laws of intestacy or by operation of law.  In the case of a deceased individual Beneficiary, his or her executor or administrator shall succeed to such decedent's interests.  Until a transfer is in fact recorded on the books and records maintained by the Creditor Trustee for the purpose of identifying Beneficiaries, the Creditor Trustee, whether or not in receipt of documents of transfer or other documents relating to the transfer, may nevertheless make distributions and send communications to Beneficiaries, as though the Creditor Trustee had no notice of any such transfer, and in so doing the Creditor Trustee shall be fully protected and incur no liability to any purported transferee or any other person or entity.

13.2    <u>Rights of Beneficiaries</u>.  The Beneficiaries' sole right hereunder shall be the contingent right to receive their share of the Creditor Trust Assets as provided for herein and in the Plan.  Each Beneficiary shall take and hold its interest in the Creditor Trust subject to all the terms and provisions of this Agreement, the Plan and the Confirmation Order.  The interest of a Beneficiary is hereby declared and shall be in all respects personal property.  Upon the death of an individual who is a Beneficiary, his interest shall pass as personal property to his legal representative and such death shall in no way terminate or affect the validity of this Agreement or the Creditor Trust.  Upon the merger, consolidation or other similar transaction involving a Beneficiary that is not an individual, such Beneficiary's interest shall be transferred by operation of law and such transaction shall in no way terminate or affect the validity of this Agreement or the Creditor Trust.  No widower, widow, heir or devisee of any individual who may be a Beneficiary and no bankruptcy trustee, receiver or similar person of any Beneficiary shall have any right, statutory or otherwise (including any right of dower, homestead or inheritance, or of partition, as applicable), in any property whatever forming a part of the Creditor Trust or the Creditor Trust Assets, and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this Agreement and the Plan.

Exhibit 1 to Plan / Disclosure Statement

## ARTICLE XI
## TRUSTEE PROFESSIONALS AND TRUSTEE NON-PROFESSIONALS

11.1    <u>Retention of Trustee Professionals and Trustee Non-Professionals</u>.  The Creditor Trustee shall have the right to retain the Creditor Trustee's own professionals, including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts and other agents or advisors (the "<u>Trustee Professionals</u>"), and non-professionals, including, without limitation, employees, independent contractors or other agents (the "<u>Trustee Non-Professionals</u>"), in each case without Bankruptcy Court approval and on such terms as the Creditor Trustee deems appropriate.  The Trustee Professionals and Trustee Non-Professionals shall be compensated in accordance with <u>Section 11.2</u> hereof.  The Trustee Professionals and Trustee Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, professionals retained by the Chapter 11 Trustee or any of the Debtors on behalf of the Debtors' estates or employees, independent contractors or agents of the Chapter 11 Trustee or any of the Debtors.

11.2    <u>Payment to Trustee Professionals and Trustee Non-Professionals</u>.

(a)    After the Effective Date, Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Creditor Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such person, plus an itemized statement of expenses.  The Creditor Trustee shall pay those invoices on such terms as agreed to with the Trustee Professional, without Bankruptcy Court approval, unless the Creditor Trustee objects.  If there is a dispute as to a part of an invoice, the Creditor Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(b)    After the Effective Date, Trustee Non-Professionals shall be required to submit to the Creditor Trustee periodic invoices containing information with sufficient detail to assess the reasonableness of the fees and charges.  The Creditor Trustee shall pay those invoices, on such terms as agreed to with the Trustee Non-Professional without Bankruptcy Court approval, unless the Creditor Trustee objects.  If there is a dispute as to a part of an invoice, the Creditor Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(c)    All payments to Trustee Professionals and Trustee Non-Professionals shall be paid from the Creditor Trust in accordance with the terms of this Agreement.

## ARTICLE XII
## TERMINATION OF THE CREDITORS TRUST

12.1    <u>Duration and Extension</u>.  Notwithstanding any provision of the Plan to the contrary, the Creditor Trust will terminate on December 31, 2019; <u>provided</u>, <u>however</u>, that, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Creditor Trust for a finite period if such an extension is warranted by the facts and based upon a finding that such an extension is necessary to the liquidating purpose of the Creditor Trust; <u>provided further</u>, <u>however</u>, that such extension is approved by the Bankruptcy Court within six (6) months of the

Exhibit 1 to Plan / Disclosure Statement

beginning of the proposed extended term.  Notwithstanding the foregoing, multiple extensions may be obtained.

## ARTICLE XIII
## AMENDMENT AND WAIVER

Any substantive provision of this Agreement may be materially amended or waived only with the written consent of the Creditor Trustee and (i) if such amendment or waiver affects the holders of Creditor Trust Liabilities, with the affirmative vote of persons or entities holding in the aggregate more than 50% in dollar amount of the GGW Creditor Trust Liabilities, and (ii) if such amendment or waiver affects the Beneficiaries, with the affirmative vote of Beneficiaries holding in the aggregate more than 50% in dollar amount of the unpaid (excluding interest) Allowed Class 2 Claims; provided, however, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Creditor Trust as a "grantor trust." Technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary, to clarify this Agreement or to enable the Creditor Trust to effectuate the terms of this Agreement, with the consent of the Creditor Trustee and without the voting requirements provided herein.

## ARTICLE XIV
## MISCELLANEOUS PROVISIONS

14.1    Intention of Parties to Establish Grantor Trust.  This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

14.2    Preservation of Privilege.  In connection with the vesting and transfer of the Creditor Trust Assets, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Chapter 11 Trustee or the Debtors shall be transferred to the Creditor Trust and shall vest in the Creditor Trust.  Accordingly, in connection with the prosecution and/or investigation of the Preserved Claims by the Creditor Trustee, any and all current or former directors, advisors, officers, employees, counsel, agents, attorneys, accountants or attorneys-in-fact of the Debtors cannot assert any attorney-client privilege, work product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors or otherwise prevent, hinder, delay, or impede production or discussion of documents or communications requested by the Creditor Trustee in discovery (whether formal or informal, and including without limitation, depositions, written discovery, and interviews).

14.3    Laws as to Construction.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to rules governing the conflict of law.

14.4    Severability.  Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to

Exhibit 1 to Plan / Disclosure Statement

any extent, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

14.5    Notices.  Any notice or other communication which may be or is required to be given, served, or sent to the Creditor Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

> Mr. R. Todd Neilson, GGW Creditor Trustee
> c/o Berkeley Research Group, LLC
> 2049 Century Park East, Suite 2525
> Los Angeles, CA 90067
>
> Fax: (310) 557-8982
> Email: tneilson@brg-expert.com

with a copy to:

> Michael L. Tuchin, Esq.
> Klee, Tuchin, Bogdanoff & Stern LLP
> 1999 Avenue of the Stars, 39th Floor
> Los Angeles, CA 90067
>
> Fax: (310) 407-9090
> Email: mtuchin@ktbslaw.com

14.6    Notices to a Beneficiary.  Any notice or other communication hereunder to a Beneficiary shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set forth on such Beneficiary's proof of claim or such other notice filed with the Bankruptcy Court and the Creditor Trust, or if none of the above has been filed, to the address set forth in the Debtors' Schedules.

14.7    Survivability.  Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Creditor Trustee.

14.8    Headings.  The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

14.9    Conflicts with Plan Provisions.  If any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

14.10    Jurisdiction.  The Bankruptcy Court shall retain jurisdiction to enforce this Agreement in order to effectuate the provisions of the Plan and to resolve any dispute that may

Exhibit 1 to Plan / Disclosure Statement

arise among the parties or which may arise in connection with the administration of the Creditor Trust.

      14.11  <u>Successors/Representatives of the Debtors</u>.  The Creditor Trust and the Creditor Trustee shall be "representative[s] of the estate" under Section 1123(b)(3) of the Bankruptcy Code and successors of the Debtors under Section 1145 of the Bankruptcy Code.

[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

Exhibit 1 to Plan / Disclosure Statement

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

CREDITOR TRUSTEE:

_____

R. Todd Neilson,
solely as Creditor Trustee and not as an individual

CHAPTER 11 TRUSTEE:

By:    _____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC

GGW MARKETING, LLC

By:    _____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of the estate of GGW Brands, LLC, sole member and manager of GGW Marketing, LLC

Exhibit 1 to Plan / Disclosure Statement