1 David M. Stern (State Bar No. 67697)
Michael L. Tuchin (State Bar No. 150375)
2 Robert J. Pfister (State Bar No. 241370)
Jonathan M. Weiss (State Bar No. 281217)
3 KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
4 Los Angeles, California 90067
Telephone:    310-407-4000
5 Facsimile:    310-407-9090
Email:        dstern@ktbslaw.com
6             mtuchin@ktbslaw.com
              rpfister@ktbslaw.com
7             jweiss@ktbslaw.com

8 *Attorneys for R. Todd Neilson, Chapter 11*
*Trustee, and GGW Marketing, LLC*

9

10 **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

11

12 In re

13 GGW BRANDS, LLC,
GGW DIRECT, LLC,
14 GGW EVENTS, LLC,
GGW MAGAZINE, LLC, and
15 GGW MARKETING, LLC,

16           Debtors.

17 This pleading affects:
All Debtors                      ☒
18 GGW Brands, LLC                 ☐
GGW Direct, LLC                  ☐
19 GGW Events, LLC                 ☐
GGW Magazine, LLC                ☐
20 GGW Marketing, LLC              ☐

21

22

23

24

25

26

27

28

Jointly Administered
Under Case No. 2:13-bk-15130-SK

Chapter 11

**NOTICE OF MOTION AND MOTION
FOR ENTRY OF ORDER APPROVING:
(A) THE "CHAPTER 11 TRUSTEE'S
DISCLOSURE STATEMENT AND PLAN
OF LIQUIDATION FOR GGW BRANDS,
LLC, GGW DIRECT, LLC, GGW
EVENTS, LLC, GGW MAGAZINE, LLC
& GGW MARKETING, LLC DATED AS
OF NOVEMBER 12, 2014" AS
CONTAINING ADEQUATE
INFORMATION; (B) THE FORM,
SCOPE, AND NATURE OF
SOLICITATION, BALLOTING,
TABULATION, AND NOTICES WITH
RESPECT THERETO; AND
(C) RELATED CONFIRMATION
PROCEDURES, DEADLINES AND
NOTICES**

**Hearing:**

Date:    December 18, 2014
Time:    8:30 a.m.
Ctrm:    1575
Judge:   Hon. Sandra R. Klein

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

152936.1

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

**TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that GGW Marketing, LLC ("GGW Marketing"), in its capacity as debtor in possession, and R. Todd Neilson (the "Trustee"), in his capacity as chapter 11 trustee of the bankruptcy estates of GGW Brands, LLC ("GGW Brands"), GGW Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"), and GGW Magazine, LLC ("GGW Magazine" and, collectively with GGW Brands, GGW Direct, GGW Events, and GGW Marketing, the "Debtors"), hereby jointly move this Court (the "Motion") for entry of an order (the "Order"), pursuant to sections 105 and 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rules 2002, 3017, 3018, 3020, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving the *Chapter 11 Trustee's Disclosure Statement and Plan of Liquidation for GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, GGW Magazine, LLC, and GGW Marketing, LLC Dated as of November 12, 2014* (the "Disclosure Statement and Plan")[1] filed concurrently herewith as containing adequate information; (ii) setting a plan confirmation hearing and approving certain deadlines and procedures relating to plan solicitation, tabulation of ballots, and plan confirmation; and (iii) approving the form and scope of notice of those deadlines and procedures, as proposed herein, with respect to the Disclosure Statement and Plan.  In particular, the Trustee seeks entry of an order granting the following relief:

    **1.**    **Approval of the Disclosure Statement and Plan:**  Approving the Disclosure Statement and Plan as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

---

[1]   Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Disclosure Statement and Plan.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

2. **Service of the Solicitation Package:** Authorizing the Trustee to disseminate the "Solicitation Package," consisting of the Disclosure Statement and Plan and the following related notices and solicitation materials, and limiting the required service of such materials, as follows:

Within five (5) business days following the entry of the Order, the Trustee will serve (or cause to be served) a "Solicitation Package" consisting of: (1) the Disclosure Statement and Plan; (2) a notice of (a) the Court's order approving the Disclosure Statement and Plan as containing adequate information, (b) the scheduled hearing regarding confirmation of the Disclosure Statement and Plan (the "Confirmation Hearing"), and (c) the deadlines for voting, filing objections, and submitting evidence in connection with the Confirmation Hearing, substantially in the form of the proposed notice attached hereto as <u>Exhibit 1</u> (the "Confirmation Hearing Notice"); and (3) a ballot (if the intended recipient is in Class 2), on the following persons and entities:

i. All creditors that have filed a proof of claim in these chapter 11 cases (other than creditors that filed a proof of claim that since has been disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise);

ii. All creditors that one or more Debtors scheduled as holding one or more claims in its Schedules of Assets and Liabilities (the "Schedules"), provided that such claim or claims are not listed in the Schedules as contingent, unliquidated, disputed, subject to adjustment, unknown, or in an amount equal to zero;

iii. Any non-debtor parties to unexpired leases and executory contracts with any of the Debtors;

iv. All parties who have filed requests for special notice in these chapter 11 cases (collectively, the "Special Notice Parties"); and

v. The Office of the United States Trustee (the "U.S. Trustee") and the governmental units enumerated in Bankruptcy Rule 2002(j).

3. **Limited Notice to Other Potentially Interested Parties:** Authorizing the Trustee to provide notice of the Disclosure Statement and Plan and Confirmation Hearing to other potentially interested parties who do not otherwise qualify to receive a Solicitation Package

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

pursuant to the foregoing paragraph (including, without limitation, parties listed on the list of creditors filed by the Trustee or any of the Debtors in accordance with Bankruptcy Rule 1007(a)(1)) by mailing to such parties only the Confirmation Hearing Notice, which will contain information on how these potentially interested parties may obtain a copy of the Disclosure Statement and Plan, if they so desire.

**4.** **<u>Transferred Claims</u>:**  With respect to transferred claims, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e)(2) is filed on or before entry of the Order, the Solicitation Package will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to vote to accept or to reject the Disclosure Statement and Plan, and (ii) if the notice of transfer is filed after entry of the Order, then the Solicitation Package will be mailed to the original claim holder, and the original claim holder will be entitled to vote to accept or to reject the Disclosure Statement and Plan.

**5.** **<u>Approval of Form of Ballot</u>:**  Approving and authorizing the Trustee to disseminate the ballot for Class 2 Claims (General Unsecured Claims), substantially in the form of the proposed ballot attached hereto as <u>Exhibit 2</u>.

**6.** **<u>Approval of Procedures for Balloting and Tabulation of Ballots</u>:**  Approving and authorizing the Trustee to employ the following procedures for balloting and for the tabulation of ballots with respect to the Disclosure Statement and Plan:

a. The amount of a claim for the purposes of ballot tabulation will be:

i. For an Allowed Class 2 Claim identified in the Schedules as non-contingent, liquidated, known, not subject to adjustment, and undisputed in an amount in excess of $0, and that has not been disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise prior to the Ballot Deadline (defined below), and for which no proof of claim has been timely filed, the claim amount as identified in the Schedules;

ii. For a timely-filed proof of claim that asserts an Allowed Class 2 Claim in a liquidated amount (whether or not additional unliquidated claims are also asserted therein), that is not the subject of a pending objection filed before the Ballot Deadline, and that has not been

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1  disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise prior to

2  the Ballot Deadline, the liquidated amount identified in such proof of claim;

3          iii.     For a claim that is, in whole or in part, the subject of a pending objection

4  filed before the Ballot Deadline, the undisputed amount, if any, of such claim, unless such claim is

5  temporarily allowed under Bankruptcy Rule 3018(a) at or prior to the Confirmation Hearing;

6  provided, however, that any creditor whose claim is the subject of a pending objection filed before

7  the Ballot Deadline may nonetheless tender a ballot, which shall only be counted as it relates to the

8  disputed amount of such claim upon the temporary allowance of such claim by the Court; and

9          iv.     Notwithstanding clauses (i) through (iii) of this section, for a timely-filed

10  proof of claim by Wynn Las Vegas, LLC, Stephen A. Wynn, Tamara Favazza, Brian Rayment,

11  Chelsea Heath, Howard M. Ehrenberg, as chapter 7 trustee for Mantra Films, Inc. and MRA

12  Holding, LLC, or class counsel for the certified and settlement class in *In re Girls Gone Wild*

13  *Litigation*, Los Angeles Superior Court Case No. BC296675 (each, a "Settling Claimant"), the

14  amount set forth in this Court's orders approving settlements between the Trustee and each

15  respective Settling Claimant.

16      b.    The Trustee has proposed to substantively consolidate the assets, liabilities, and

17  corporate entities of the Debtors.  As a consequence of the substantive consolidation, all of the

18  property and interests in property of the Debtors' estates, and all of the claims against the Debtors'

19  estates shall be deemed pooled for all purposes under the Disclosure Statement and Plan.

20  Consequently, for purposes of ballot tabulation, to the extent that a claimant holds identical claims

21  against two or more Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules

22  of one or more Debtors, or a combination of both), such claim shall be counted only once.

23      c.    If a creditor submits a ballot relating to a claim (i) for which there is no timely-filed

24  proof of Allowed Class 2 Claim and there is no corresponding non-contingent, liquidated, known,

25  not subject to adjustment, and undisputed Allowed Class 2 Claim held by such creditor set forth in

26  the Schedules, (ii) which has been disallowed, waived, satisfied, or withdrawn by order of the

27  Court, stipulation, or otherwise, or (iii) which is the subject of an unresolved objection filed prior

28  to the Ballot Deadline, such ballot will not be counted unless otherwise ordered by the Court.

d.    If a creditor casts more than one eligible ballot with respect to the same claim before the Ballot Deadline, the last ballot received prior to that deadline shall supersede any prior ballot(s) by such creditor with respect to such claim.  Any creditor that requires additional copies of a ballot may obtain an additional ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the ballot.

e.    Any ballot that is incomplete or not received by the Ballot Deadline shall not be counted.

f.    Shanda Pearson, a paralegal at Klee, Tuchin, Bogdanoff & Stern LLP, or such other person designated by the firm (the "Ballot Tabulator") shall tabulate the ballots and prepare the appropriate report with respect thereto.  After tabulation of the ballots, a plan ballot summary (a "Plan Ballot Summary") will be filed with the Court.

**7.    Setting A Hearing On Confirmation of the Disclosure Statement and Plan**: Setting the date for a hearing on confirmation of the Disclosure Statement and Plan (as it may be modified prior to or at such hearing) as **February 19, 2015**, or as soon thereafter as the Court is available.

**8.    Fixing of Requisite Dates, Deadlines, and Briefing Procedures**:  Establishing (i) the Ballot Deadline for receipt by the Ballot Tabulator of ballots to accept or reject the Disclosure Statement and Plan; (ii) the deadline for filing the Plan Ballot Summary with the Court; (iii) the last date for filing a memorandum in support of confirmation of the Disclosure Statement and Plan; and (iv) the last date for filing objections to confirmation of the Disclosure Statement and Plan and replies thereto; and adopting the following proposed procedures in an order of the Court:[2]

The deadline by which ballots to accept or reject the Disclosure Statement and Plan must be received by the Ballot Tabulator will be **January 23, 2015 at 5:00 p.m. (Pacific time)** (the "Ballot Deadline").  All ballots must be returned to and actually received by the Ballot

---

[2]    The following proposed dates and deadlines are premised upon a confirmation hearing being set on or about February 19, 2015.  If for any reason the Court sets a materially different date, the Trustee may propose alternate dates for the solicitation and briefing schedule.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Tabulator on or before the Ballot Deadline in order to be counted.  Ballots received late will not be counted.  Creditors should return their ballots, in accordance with the instructions printed on the ballots, to the following address:

> Klee, Tuchin, Bogdanoff & Stern LLP
> Attn: Shanda D. Pearson
> 1999 Avenue of the Stars, 39th Floor
> Los Angeles, CA 90067

The deadline by which the Plan Ballot Summary and the Trustee's memorandum and evidence in support of confirmation of the Disclosure Statement and Plan must be filed and served will be **January 29, 2015**.

The deadline by which any party objecting to confirmation of the Disclosure Statement and Plan must file and serve its objection and evidence in support thereof will be **February 5, 2015**. Any such objection must be in writing, specify the name and address of the party objecting, set forth the amount of the objecting party's claims and any other grounds giving the objector standing to object, set forth the grounds for the objection, and be accompanied by the objecting party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible documentary evidence.  The objection and evidence in support thereof will be served on the Trustee's counsel, the U.S. Trustee, and the Special Notice Parties.

The deadline by which the Trustee's reply or replies to any objections to confirmation of the Disclosure Statement and Plan must be filed and served will be **February 12, 2015**. Such documents shall be served on the U.S. Trustee, the Special Notice Parties, and any party that has filed an objection to the Disclosure Statement and Plan.

Any objection not timely filed and served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Disclosure Statement and Plan.

1    **WHEREFORE**, based on this Motion, the annexed Memorandum of Points and

2    Authorities, the annexed Declaration of R. Todd Neilson, the record in these cases, and any

3    arguments and evidence presented at or prior to the hearing on this Motion, the Trustee

4    respectfully requests that the Court enter an order granting the relief requested herein and such

5    other and further relief as the Court deems necessary and appropriate.

6

7    DATED: November 12, 2014            Respectfully submitted,

8                                       KLEE, TUCHIN, BOGDANOFF & STERN LLP

9                                       By:____/s/ *Jonathan M. Weiss*_____
                                            Jonathan M. Weiss
10                                      Attorneys for R. Todd Neilson and
                                        GGW Marketing, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1

## MEMORANDUM OF POINTS AND AUTHORITIES[3]

2

### I.  STATUS OF THE CASES.

3       On February 27, 2013 (the "Petition Date"), GGW Brands, GGW Direct, GGW Events,

4   and GGW Magazine filed petitions for relief under chapter 11 of the Bankruptcy Code in this

5   Court.  Their bankruptcy cases are being jointly administered under Case No. 2:13-bk-15130-SK.

6       On April 11, 2013, following a hearing and extensive briefing, the Court entered its *Order*

7   *Granting Motion for Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 78.]  On

8   the same day that the Court entered its order authorizing the appointment of a trustee, the United

9   States Trustee appointed R. Todd Neilson as chapter 11 trustee in the bankruptcy cases of GGW

10  Brands, GGW Direct, GGW Events, and GGW Magazine.  [Dkt. No. 79.]  On April 12, 2013, the

11  Court entered an order approving Mr. Neilson's appointment as Trustee.  [Dkt. No. 82.]

12      On May 22, 2013, GGW Marketing filed a petition for relief under chapter 11 of the

13  Bankruptcy Code.  On May 23, 2013, the Court entered an order requiring GGW Marketing's

14  bankruptcy case to be jointly administered with the other Debtors' cases under Case No. 2:13-bk-

15  15130-SK.  [Dkt. No. 98.]  No trustee has been appointed in the GGW Marketing bankruptcy case.

16  Since his appointment, the Trustee and his professionals have investigated the financial affairs of

17  the Debtors.  On April 28, 2014, the Debtors sold substantially all of their operating assets to

18  GGW Acquisition, LLC, pursuant to section 363 of the Bankruptcy Code.

19                          ### II.  STATEMENT OF FACTS.

20  **A.      General Background**

21      Prior to the sale of substantially all of their operating assets, the Debtors were in the

22  business of producing and distributing adult entertainment through various media, including pay-

23  per-view, internet, and DVDs.  The Debtors employed approximately 25 employees and occupied

24  office space at 10940 Wilshire Blvd, Los Angeles, California.

25  _____

26  [3]  Capitalized terms not defined herein shall have the meanings ascribed to them in the
        contemporaneously-filed *Chapter 11 Trustee's Disclosure Statement and Plan of Liquidation*
27      *for GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, GGW Magazine, LLC, and*
        *GGW Marketing, LLC Dated November 12, 2014.*

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    As more completely set forth in Article VIII of the Disclosure Statement and Plan, since

2  his appointment, the Trustee has resolved numerous obstacles caused by Joseph R. Francis, the

3  Debtors' founder, including (i) tens of millions of dollars in alter ego liability asserted against the

4  Debtors by numerous claimants—including over $30 million by Wynn Las Vegas, LLC and

5  Stephen A. Wynn—stemming from judgments that those claimants had obtained against Francis

6  personally or against Francis's shell entities, and (ii) the fraudulent transfer of the Debtors' critical

7  intellectual property—including the "Girls Gone Wild" trademarks—from the Debtors to offshore

8  entities created and owned by Francis just 15 months before the Debtors filed for bankruptcy.  The

9  Trustee successfully avoided the transfer of the Debtors' intellectual property as fraudulent (and

10  recovered that intellectual property for the benefit of the Debtors' estates), and favorably settled

11  all of the multi-million dollar lawsuits filed or threatened against the Debtors based on Francis's

12  personal debts.

13    The foregoing actions by the Trustee, combined with the sale of substantially all of the

14  Debtors' operating assets, have paved the way for the Trustee to propose a Disclosure Statement

15  and Plan that provides substantial recoveries to general unsecured creditors.

16  **B.**    **Filing of the Disclosure Statement and Plan**[4]

17    On November 12, 2014, the Trustee filed the Disclosure Statement and Plan.  The

18  Disclosure Statement and Plan contemplates, among other things, the liquidation of the Debtors'

19  assets and payment, on or shortly after the effective date of the Disclosure Statement and Plan, to

20  the following claimants and in the following amounts:

21        (i) payment in full to administrative claimants (other than professionals);

22        (ii) payment in full to holders of Priority Tax Claims;

23        (iii) payment in full to holders of Priority Non-Tax Claims (Class 1);

24

25  ───────────────────
   [4]   The summary of the Disclosure Statement and Plan contained herein does not modify the

26  actual terms and provisions of the Disclosure Statement and Plan.  To the extent of any
   inconsistency between the Disclosure Statement and Plan, on the one hand, and the summary

27  contained herein, on the other hand, the terms of the Disclosure Statement and Plan shall
   govern.

28

1    (iv) payment to holders of General Unsecured Claims (Class 2) of an aggregate amount of

2    $435,240.81, subject to voluntary limited subordination by certain holders of General Unsecured

3    Claims, which will provide an estimated recovery of 100% to holders of Trade Claims (except as

4    to those holders of Trade Claims that have agreed otherwise, and provided that claims in favor of

5    claimants listed on Exhibit 3 to the Disclosure Statement and Plan are not entitled to the

6    aforementioned voluntary limited subordination and are not deemed Trade Claims), with the

7    possibility of additional distributions from the GGW Creditor Trust as described below;

8    (v) no payment on account of any Voluntarily Subordinated Punitive Damage Claims

9    (Class 3);

10    (vi) no payment on account of any Interests (Class 4); and

11    (vii) payment to professionals on account of unpaid Professional Fee Claims in an amount

12    equal to the Debtors' estates' remaining cash[5] after the distributions set forth in clauses (i) through

13    (iv) hereof.

14    The source of the foregoing payments is the cash held by the Debtors' estates, including

15    reserves and settlement proceeds expected to be received by the Debtors' estates before the

16    effective date of the Disclosure Statement and Plan.  Although the estates' cash is insufficient to

17    pay all administrative claimants (including professionals) in full, the professionals have agreed

18    (i) to voluntarily subordinate their rights of distribution on account of their unpaid Professional

19    Fee Claims to permit payment of Priority Tax Claims in the amount of $14,935.85, payment of

20    Allowed Class 1 Claims in the amount of $22,475.00, and payment of Allowed Class 2 Claims in

21    an aggregate amount not to exceed $435,240.81, and (ii) to the extent of such subordination,

22    subrogate to the rights of distribution under the Plan of the holders of Priority Tax Claims,

23    Allowed Class 1 Claims, and Allowed Class 2 Claims.  Evidence of the Trustee's ability to make

24    the foregoing payments, in the form of the Debtors' estates' bank statement for its primary

25    account, reflecting $860,094.88 in unrestricted cash, is attached hereto as Exhibit 3.

26

27    [5]    Except for $50,000 thereof, which shall instead be used to fund the GGW Creditor Trust, and
    to which the professionals shall be subrogated.

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    The Disclosure Statement and Plan also proposes the creation of the GGW Creditor Trust

2  to pursue liquidation of the estates' unliquidated assets, including luxury vehicles that are believed

3  by the Trustee to currently be in the possession of Joseph Francis, and various claims and causes

4  of action that are set forth on Exhibit 2 to the Disclosure Statement and Plan.  Recovery on these

5  unliquidated assets, however, is speculative and subject to risk for the reasons set forth in Article

6  XIII of the Disclosure Statement and Plan.  The GGW Creditor Trust's net assets will be

7  distributed pro rata on account of remaining unpaid Allowed Class 2 Claims after the GGW

8  Creditor Trust's expenses are paid and after the GGW Creditor Trust Liabilities—comprising

9  unpaid Professional Fee Claims (including the $50,000 to which the Professional Fee Claims have

10  been subordinated in order to fund the GGW Creditor Trust)—have been paid in full.

11    **III.  LEGAL ARGUMENT.**

12    By the Motion, the Trustee requests that the Court, among other things, (i) approve the

13  Disclosure Statement and Plan as containing adequate information; (ii) set a hearing on

14  confirmation of the Disclosure Statement and Plan and approve certain deadlines and procedures

15  relating to solicitation, tabulation of ballots, and confirmation; and (iii) approve the form and

16  scope of notice of those deadlines and procedures, as proposed herein, with respect to the

17  Disclosure Statement and Plan.  For the reasons set forth below, all of such requested relief is

18  appropriate and authorized by the Bankruptcy Code and the Bankruptcy Rules.

19  **A.    The Disclosure Statement and Plan Contains Adequate Information.**

20    Bankruptcy Code section 1125(b) provides that "[a]n acceptance or rejection of a plan may

21  not be solicited after the commencement of the case under this title from a holder of a claim or

22  interest with respect to such claim or interest, unless, at the time of or before such solicitation,

23  there is transmitted to such holder the plan or a summary of the plan, and a written disclosure

24  statement approved, after notice and a hearing, by the court as containing adequate information."

25  11 U.S.C. § 1125(b).  The Bankruptcy Code defines "adequate information" as follows:

26    "[A]dequate information" means information of a kind, and in
        sufficient detail, as far as is reasonably practicable in light of the nature and
27    history of the debtor and the condition of the debtor's books and records,
        including a discussion of the potential material Federal tax consequences of
28    the plan to the debtor, any successor to the debtor, and a hypothetical

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

> investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]

11 U.S.C. § 1125(a)(1).

The determination of whether a particular disclosure statement provides "adequate information" is "subjective and made on a case by case basis . . . [and] . . . is largely within the discretion of the bankruptcy court." *Computer Task Group, Inc. v. Brotby* (*In re Brotby*), 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (quoting *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988)); *see also Menard-Sanford v. Mabey (In re A.H. Robins Co.)*, 880 F.2d 694, 696 (4th Cir. 1989). Nevertheless, in determining whether the "adequate information" requirements of section 1125(a) have been satisfied in a particular case, courts frequently investigate whether the disclosure statement provides descriptions of the following information:

(1)    the events which led to the filing of the bankruptcy petition;

(2)    the available assets and their value;

(3)    the anticipated future of the company;

(4)    the source of information stated in the disclosure statement;

(5)    a disclaimer;

(6)    the present condition of the debtor;

(7)    the scheduled claims;

(8)    the estimated return to creditors under a chapter 7 liquidation;

(9)    the accounting method utilized to produce financial information and the name of the accountants responsible for such information;

(10)    the future management of the debtor;

(11)    the proposed chapter 11 plan or a summary thereof;

(12)    the estimated administrative expenses, including attorneys' and accountants' fees;

(13)    the collectability of accounts receivable;

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

152936.1

5

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

(14)  financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the proposed chapter 11 plan;

(15)  information relevant to the risks posed to creditors under the plan;

(16)  the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

(17)  litigation likely to arise in a non-bankruptcy context;

(18)  tax attributes of the debtor; and

(19)  the relationship of the debtor with affiliates.

*See In re Metrocraft Pub. Servs. Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); *see also In re Reilly*, 71 B.R. 132, 134 (Bankr. D. Mont. 1987) (adopting *Metrocraft* factors); *In re United States Brass Corp.*, 194 B.R. 420, 424 (Bankr. E.D. Tex 1996) (same).

Here, the Disclosure Statement and Plan provides extensive information about the Debtors' chapter 11 cases and a detailed explanation of the projected treatment of all constituencies affected by the Disclosure Statement and Plan and the financial information and assumptions that underlie those projections.   Among other things, the Disclosure Statement and Plan sets forth the following:

- voting procedures and voting information (Articles IV-VII);

- the events leading to the filing of the Debtors' chapter 11 petitions (Article VIII);

- information regarding the Debtors' assets and liabilities (Article XIII);

- the anticipated future of the Debtors (Article XVI);

- the source of information stated in the Disclosure Statement and Plan (Article XXII);

- a disclaimer regarding the Disclosure Statement and Plan (Article II);

- a summary of significant events during the bankruptcy cases (Article VIII);

- the present condition of the Debtors (Section XI.A and Article XIII);

- the estimated administrative expenses, including attorneys' and accountants' fees (Article X);

- the claims asserted against the Debtors (Article X);

- the estimated return to creditors under a chapter 7 liquidation (Article XV);

- the accounting method utilized to produce financial information and the name of the accountants responsible for such information (Article XXII);

- the future management of the Debtors (Article XVI);

- the material provisions of the Disclosure Statement and Plan (Article IX);

- the means of execution and implementation of the Disclosure Statement and Plan (Article XI);

- the collectability of accounts receivable (Article XI);

- financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Disclosure Statement and Plan (Article XII and Article XIII);

- information relevant to the risks posed to creditors (Section XIII.A);

- projected realizable value from recovery of preferential or otherwise voidable transfers (Exhibit 2)

- outstanding legal proceedings involving the Debtors (Article XVIII); and

- the tax consequences of the Disclosure Statement and Plan (Article XIX).

Accordingly, the Disclosure Statement and Plan provides extensive information about the Debtors and their assets and a detailed explanation of the treatment to creditors under the Disclosure Statement and Plan and the underlying and related financial information and other data. Based on all of the information contained in the Disclosure Statement and Plan and exhibits thereto, a hypothetical, reasonable investor typical of the holders of claims or interests in these cases would be able to make an informed judgment about the Disclosure Statement and Plan. Therefore, the Disclosure Statement and Plan meets the "adequate information" requirement of Bankruptcy Code section 1125 and should be approved for distribution and for use in soliciting votes to accept or reject the Disclosure Statement and Plan.

**B.      The Proposed Procedures for the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices Are Reasonable and Appropriate.**

**1.      Distribution of the Solicitation Packages Is Appropriate.**

Bankruptcy Rule 3017(d) requires a plan proponent to mail copies of the plan, the disclosure statement, and a notice regarding the deadlines for voting on the plan to all creditors. FED. R. BANKR. P. 3017(d).   In accordance with this rule, the Trustee proposes to send to all

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    creditors holding Allowed Claims, the U.S. Trustee, and certain other parties-in-interest

2    Solicitation Packages including the Disclosure Statement and Plan, the Confirmation Hearing

3    Notice, and, if appropriate, a ballot.

4    The Trustee also proposes to provide notice, in the form of the Confirmation Hearing

5    Notice only, to parties that were included in one or more of the Debtors' creditor matrix but do not

6    hold scheduled or filed claims of any kind (*i.e.*, including, but not limited to, parties that were

7    included in that list for notice purposes, or creditors who filed proofs of claim that have been

8    disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise).

9    The Confirmation Hearing Notice (Exhibit 1) provides the information required by

10    Bankruptcy Rule 3017(d), including information on how to obtain a copy of the Disclosure

11    Statement and Plan.  Accordingly, the Court should approve the form of that notice.  *See* FED. R.

12    BANKR. P. 9007 ("When notice is to be given under these rules, the court shall designate . . . the

13    form and manner in which the notice shall be given.").

14    Bankruptcy Rule 3017(d) further requires that "a form of ballot conforming to the

15    appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote

16    on the plan."  FED. R. Bankr. P. 3017(d); *see also* FED. R. BANKR. P. 3018(c) ("An acceptance or

17    rejection shall . . . conform to the appropriate Official Form.").  Because the form of ballot

18    proposed by the Trustee conforms in all material respects with the official form, Official

19    Bankruptcy Form 14, the Court therefore also should approve the form of that ballot (Exhibit 2).

20    **2.    The Proposed Procedures for Balloting and Tabulation of Votes
    Are Appropriate.**

21

22    Generally, only holders of allowed and impaired claims are entitled to vote to accept or

23    reject a proposed plan.  *See* 11 U.S.C. § 1126(a).  The Trustee therefore has proposed the

24    procedures set forth in the Motion to ensure that only the votes of holders of allowed and impaired

25    claims are counted in the tabulation of ballots on the Plan.  The Trustee submits that the proposed

26    procedures are reasonable and appropriate under the circumstances.

27    **C.    The Proposed Procedures and Deadlines for Briefing Are Appropriate.**

28    The Trustee has proposed the following confirmation-related deadlines:

152936.1                                    8

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

| Service of Solicitation Packages | Five business days after entry of Order approving this Motion |
|---|---|
| Voting deadline for creditors to deliver ballots to ballot tabulator | **January 23, 2015** |
| Deadline for Trustee to file confirmation motion and ballot summary | **January 29, 2015** |
| Deadline for objections to confirmation motion | **February 5, 2015** |
| Deadline for replies to objections to confirmation motion | **February 12, 2015** |
| Confirmation hearing | **February 19, 2015** |

Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which holders of claims and interests may accept or reject the plan."  FED. R. BANKR. P. 3017(c).  The Trustee requests that the Court set **January 23, 2015 at 5:00 p.m. (Pacific time)** as the Ballot Deadline.  Because the Trustee will serve the Solicitation Packages shortly after entry of the Order, the proposed Ballot Deadline should provide creditors with enough time—approximately four weeks—within which to review the Solicitation Packages and cast ballots.  The Trustee submits that this deadline will afford creditors reasonably adequate time to vote, while allowing sufficient time for the Trustee to tabulate votes and prepare the applicable ballot tabulation for filing with the Court.

This Court's *Procedure for Approval of Disclosure Statement and Confirmation of Chapter 11 Plan When the Debtor is Not an Individual* requires that a brief in support of confirmation be "served at least 21 days before the confirmation hearing."  Here, the proposed

1   deadline for the Trustee to file his brief in support Disclosure Statement and Plan is **January 29,**

2   **2015**, and the proposed Confirmation Hearing is February 19, 2015.  Accordingly, the Trustee's

3   brief would be served at least 21 days before the Confirmation Hearing.

4           Bankruptcy Rule 3020(b) provides that "[a]n objection to confirmation of the plan shall be

5   filed and served . . . within a time fixed by the court." FED. R. BANKR. P. 3020(b).  In addition,

6   Bankruptcy Rule 2002(b) provides that the plan proponent must provide at least twenty-eight

7   days' notice of the deadline for filing such objections.  Here, the proposed deadline for filing

8   objections to the Disclosure Statement and Plan is **February 5, 2015**.  By virtue of mailing the

9   Solicitation Packages within five business days after entry of the Order, the Trustee will be

10  providing well in excess of twenty-eight days' notice of the deadline for filing objections.  The

11  proposed deadline for the Trustee to file a reply to any objections is **February 12, 2015**.  The

12  Trustee respectfully submits that the proposed dates for the deadlines for objecting to the

13  Disclosure Statement and Plan and for replying to such objections, and the related procedures set

14  forth in the Motion, are reasonable and appropriate under the circumstances.

15          Finally, the Trustee requests that the Court set the Confirmation Hearing on **February 19,**

16  **2015**, which will be approximately 8 weeks after the mailing of the Solicitation Packages.  Setting

17  the Confirmation Hearing on the proposed date will allow adequate notice to be provided to

18  creditors and parties in interest.

19                      **IV.  CONCLUSION**

20          Based upon all the foregoing, the Trustee respectfully requests that the Court enter an order

21  granting the Motion and such other and further relief as is appropriate under the circumstances.

22  DATED: November 12, 2014                 Respectfully submitted,

23                                          KLEE, TUCHIN, BOGDANOFF & STERN LLP

24                                          By:    /s/ *Jonathan M. Weiss*
                                                   Jonathan M. Weiss
25                                          Attorneys for R. Todd Neilson and
                                            GGW Marketing, LLC

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

### DECLARATION OF R. TODD NEILSON

I, R. Todd Neilson, declare as follows:

1.      I am over the age of 18.  All statements made herein are based on my personal knowledge.  If called to testify as a witness in this matter, I could and would testify under oath to the truth of the statements set forth herein.

2.      I am the chapter 11 trustee appointed in the jointly administered bankruptcy cases of GGW Brands, LLC, GGW Direct, LLC, GGW Magazine, LLC and GGW Events, LLC.  In this declaration, I refer to GGW Brands, LLC, GGW Direct, LLC, GGW Magazine, LLC and GGW Events, LLC and GGW Marketing, LLC as the "Debtors."  Since my appointment as chapter 11 Trustee, my professionals and I have investigated the financial affairs of the Debtors.

3.      Attached hereto as <u>Exhibit 3</u> is a true and correct copy (except for partial redaction of the bank account number) of the October 31, 2014 bank statement for GGW Brands, LLC's primary bank account, reflecting an ending balance as of that date of $860,094.88 in unrestricted funds.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of November 2014, at Los Angeles, California.

R. Todd Neilson

152936.1

1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled:
**NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER APPROVING: (A) THE "CHAPTER 11 TRUSTEE'S DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION FOR GGW BRANDS, LLC, GGW DIRECT, LLC, GGW EVENTS, LLC, GGW MAGAZINE, LLC & GGW MARKETING, LLC DATED AS OF NOVEMBER 12, 2014" AS CONTAINING ADEQUATE INFORMATION; (B) THE FORM, SCOPE, AND NATURE OF SOLICITATION, BALLOTING, TABULATION, AND NOTICES WITH RESPECT THERETO; AND (C) RELATED CONFIRMATION PROCEDURES, DEADLINES AND NOTICES** was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 12, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 12, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 12, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 1 business day after the document is filed.
TO BE SERVED VIA PERSONAL DELIVERY
Hon. Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1575
Los Angeles, CA 90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 12, 2014 | Jonathan M. Weiss | /s/ Jonathan M. Weiss |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

152936.1

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **James E Armstrong**    jearmstrong@scif.com
- **Martin R Barash**    mbarash@ktbslaw.com, lbogdanoff@ktbslaw.com
- **Brendt C Butler**    brendt.butler@gmail.com
- **Anne-Marie J DeBartolomeo**    ajd@girardgibbs.com, jiv@girardgibbs.com,jar@girardgibbs.com
- **Richard K Diamond**    rdiamond@dgdk.com, DanningGill@gmail.com;rdiamond@ecf.inforuptcy.com
- **Brian D Hefelfinger**    brian@palaylaw.com
- **Matthew Heyn**    mheyn@ktbslaw.com, mcheyn@outlook.com
- **Matthew C. Heyn**    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Lance N Jurich**    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
- **Samuel M Kidder**    skidder@ktbslaw.com
- **Michael D Kolodzi**    mdk@mdklawfirm.com
- **Dare Law**    dare.law@usdoj.gov
- **John F Medler**    JOHN@MEDLERLAWFIRM.COM, JMEDLER@MEDLERROITHER.COM
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Morris Nazarian**    monazarian@yahoo.com
- **R. Todd Neilson (TR)**    tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- **Robert J Pfister**    rpfister@ktbslaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, nick@ronaldrichards.com
- **Ronald N Richards**    ron@ronaldrichards.com, nick@ronaldrichards.com
- **Steven J Schwartz**    sschwartz@dgdk.com, DanningGill@gmail.com;sschwartz@ecf.inforuptcy.com
- **David M Stern**    dstern@ktbslaw.com
- **Ronald D Tym**    RTym@Tymfirm.com
- **Ronald D Tym**    RTym@Tymfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Andy C Warshaw**    awarshaw@lawcenter.com, ecf@lawcenter.com;intake@lawcenter.com
- **Jonathan M Weiss**    jweiss@ktbslaw.com
- **Jonathan M Weiss**    jweiss@ktbslaw.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com

152936.1

<u>TO BE SERVED VIA U.S. MAIL</u>

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

GGW Brands, LLC, et al.
R. Todd Neilson, Trustee
BRG, LLP
2049 Century Park East, Ste 2525
Los Angeles, CA 90067

Securities and Exchange Commission
Michele Wein Layne, Regional Director
444 South Flower Street, Suite 900
Los Angeles, CA 90071

152936.1