David M. Stern (Cal. Bar No. 67697)
Michael L. Tuchin (Cal. Bar No. 150375)
Jonathan M. Weiss (Cal. Bar No. 281217)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:    310-407-4000
Facsimile:    310-407-9090
Email:    dstern@ktbslaw.com
    mtuchin@ktbslaw.com
    jweiss@ktbslaw.com

*Attorneys for R. Todd Neilson, chapter 11 trustee and GGW Marketing, LLC*

**FILED & ENTERED**

**DEC 22 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY may    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC,<br>GGW DIRECT, LLC,<br>GGW EVENTS, LLC,<br>GGW MAGAZINE, LLC and<br>GGW MARKETING, LLC<br><br>Debtors.<br><br>This pleading affects:<br>All Debtors    ☒<br>GGW Brands, LLC    ☐<br>GGW Direct, LLC    ☐<br>GGW Events, LLC    ☐<br>GGW Magazine, LLC    ☐<br>GGW Marketing, LLC    ☐ | Case No. 2:13-bk-15130-SK<br><br>Jointly Administered<br><br>Chapter 11<br><br>**ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION AND CONFIRMATION PROCEDURES, AND SETTING HEARING ON PLAN CONFIRMATION AND RELATED DEADLINES**<br><br><u>Disclosure Statement Hearing</u><br><br>Date:    December 18, 2014<br>Time:    8:30 a.m.<br>Ctrm:    1575<br>Judge:    Hon. Sandra R. Klein |

On November 12, 2014, GGW Marketing, LLC ("GGW Marketing"), in its capacity as debtor in possession, and R. Todd Neilson (the "Trustee"), in his capacity as chapter 11 trustee of the bankruptcy estates of GGW Brands, LLC ("GGW Brands"), GGW Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"), and GGW Magazine, LLC ("GGW Magazine" and, collectively with GGW Brands, GGW Direct, GGW Events, and GGW Marketing, the "Debtors") filed their: (1) *Chapter 11 Trustee's Disclosure Statement and Plan of Liquidation for GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, GGW Magazine, LLC, and GGW Marketing, LLC Dated as of November 12, 2014* (the "Disclosure Statement and Plan") [Docket No. 776]; and (2) *Motion for Entry of Order Approving: (A) the "Chapter 11 Trustee's Disclosure Statement and Plan of Liquidation for GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, GGW Magazine, LLC & GGW Marketing, LLC Dated November 12, 2014" as Containing Adequate Information; (B) the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, And Notices With Respect Thereto; and (C) Related Confirmation Procedures, Deadlines and Notices* [Docket. No. 777] (the "Motion").

Pursuant to the Motion, the Debtors sought entry of an order (1) approving the Disclosure Statement and Plan as containing adequate information under Bankruptcy Code section 1125(a); (2) setting a plan confirmation hearing and approving certain deadlines and procedures relating to plan solicitation, tabulation of ballots, and plan confirmation; and (3) approving the form and scope of notice of those deadlines and procedures, as proposed therein, with respect to the Disclosure Statement and Plan. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

There was no opposition to the Motion. On December 18, 2014, the Court held a hearing on the Motion. Appearances of counsel were as reflected on the record of the hearing.

The Court has reviewed and considered the Motion, the Disclosure Statement and Plan, the record in these cases, and the representations of counsel at the hearing on the Motion. Based on this review and consideration, the Court finds that: (1) notice of the Motion was adequate and appropriate under the circumstances and no other notice need be given; (2) the Disclosure

Statement and Plan contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code; (3) granting the Motion is in the best interests of the Debtors, their estates and their creditors; and (4) other good and sufficient cause exists to grant the Motion.

**THEREFORE, IT HEREBY IS ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Disclosure Statement and Plan contain "adequate information" as defined in Bankruptcy Code section 1125(a), and is hereby **APPROVED** in all respects pursuant to Bankruptcy Code section 1125(a).

3. The Confirmation Hearing Notice, substantially in the form attached to the Motion as <u>Exhibit 1</u>, is hereby **APPROVED**.

4. The Ballot, substantially in the form attached to the Motion as <u>Exhibit 2</u>, is hereby **APPROVED**.

5. The Trustee is authorized to distribute the Disclosure Statement and Plan to parties in interest and utilize the Disclosure Statement and Plan to solicit acceptances and rejections thereto.

6. Within five (5) business days following the entry of this Order, the Trustee is directed to disseminate the "Solicitation Package," consisting of the Disclosure Statement and Plan and the following related notices and solicitation materials, as follows:

   a. The Trustee shall serve (or cause to be served) a "Solicitation Package" consisting of: (1) the Disclosure Statement and Plan; (2) the Confirmation Hearing Notice; and (3) a ballot (if the intended recipient is in Class 2), on the following persons and entities:

      i. All creditors that have filed a proof of claim in these chapter 11 cases (other than creditors that filed a proof of claim that since has been disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise);

      ii. All creditors that one or more Debtors scheduled as holding one or more claims in its Schedules of Assets and Liabilities (the "Schedules"),

        provided that such claim or claims are not listed in the Schedules as contingent, unliquidated, disputed, subject to adjustment, unknown, or in an amount equal to zero;

    iii.    Any non-debtor parties to unexpired leases and executory contracts with any of the Debtors;

    iv.    All parties who have filed requests for special notice in these chapter 11 cases (collectively, the "Special Notice Parties"); and

    v.    The Office of the United States Trustee (the "U.S. Trustee") and the governmental units enumerated in Bankruptcy Rule 2002(j).

    b.    The Trustee is authorized to provide notice of the Disclosure Statement and Plan and Confirmation Hearing to other potentially interested parties who do not otherwise qualify to receive a Solicitation Package pursuant to the foregoing paragraph (including, without limitation, parties listed on the list of creditors filed by the Trustee or any of the Debtors in accordance with Bankruptcy Rule 1007(a)(1)) by mailing to such parties only the Confirmation Hearing Notice, which contains information on how these potentially interested parties may obtain a copy of the Disclosure Statement and Plan, if they so desire.

7.    With respect to transferred claims, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e)(2) is filed on or before entry of the Order, the Solicitation Package shall be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to vote to accept or to reject the Disclosure Statement and Plan, and (ii) if the notice of transfer is filed after entry of the Order, then the Solicitation Package shall be mailed to the original claim holder, and the original claim holder will be entitled to vote to accept or to reject the Disclosure Statement and Plan.

8.    The following procedures for balloting and for the tabulation of ballots with respect to the Disclosure Statement and Plan are hereby approved:

    a.    The amount of a claim for the purposes of ballot tabulation shall be:

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

i. For an Allowed Class 2 Claim identified in the Schedules as non-contingent, liquidated, known, not subject to adjustment, and undisputed in an amount in excess of $0, and that has not been disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise prior to the Ballot Deadline (defined below), and for which no proof of claim has been timely filed, the claim amount as identified in the Schedules;

ii. For a timely-filed proof of claim that asserts an Allowed Class 2 Claim in a liquidated amount (whether or not additional unliquidated claims are also asserted therein), that is not the subject of a pending objection filed before the Ballot Deadline, and that has not been disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise prior to the Ballot Deadline, the liquidated amount identified in such proof of claim;

iii. For a claim that is, in whole or in part, the subject of a pending objection filed before the Ballot Deadline, the undisputed amount, if any, of such claim, unless such claim is temporarily allowed under Bankruptcy Rule 3018(a) at or prior to the Confirmation Hearing; provided, however, that any creditor whose claim is the subject of a pending objection filed before the Ballot Deadline may nonetheless tender a ballot, which shall only be counted as it relates to the disputed amount of such claim upon the temporary allowance of such claim by the Court; and

iv. Notwithstanding clauses (i) through (iii) of this section, for a timely-filed proof of claim by Wynn Las Vegas, LLC, Stephen A. Wynn, Tamara Favazza, Brian Rayment, Chelsea Heath, Howard M. Ehrenberg, as chapter 7 trustee for Mantra Films, Inc. and MRA Holding, LLC, or class counsel for the certified and settlement class in

4

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

In re Girls Gone Wild Litigation, Los Angeles Superior Court Case No. BC296675 (each, a "Settling Claimant"), the amount set forth in this Court's orders approving settlements between the Trustee and each respective Settling Claimant.

b.  The Trustee has proposed to substantively consolidate the assets, liabilities, and corporate entities of the Debtors. As a consequence of the substantive consolidation, all of the property and interests in property of the Debtors' estates, and all of the claims against the Debtors' estates shall be deemed pooled for all purposes under the Disclosure Statement and Plan. Consequently, for purposes of ballot tabulation, to the extent that a claimant holds identical claims against two or more Debtors (by virtue of one or more timely-filed proofs of claim, the Schedules of one or more Debtors, or a combination of both), such claim shall be counted only once.

c.  If a creditor submits a ballot relating to a claim (i) for which there is no timely-filed proof of Allowed Class 2 Claim and there is no corresponding non-contingent, liquidated, known, not subject to adjustment, and undisputed Allowed Class 2 Claim held by such creditor set forth in the Schedules, (ii) which has been disallowed, waived, satisfied, or withdrawn by order of the Court, stipulation, or otherwise, or (iii) which is the subject of an unresolved objection filed prior to the Ballot Deadline, such ballot shall not be counted unless otherwise ordered by the Court.

d.  If a creditor casts more than one eligible ballot with respect to the same claim before the Ballot Deadline, the last ballot received prior to that deadline shall supersede any prior ballot(s) by such creditor with respect to such claim. Any creditor that requires additional copies of a ballot may obtain an additional ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the ballot.

  e. Any ballot that is incomplete or not received by the Ballot Deadline shall not be counted.

  f. Shanda Pearson, a paralegal at Klee, Tuchin, Bogdanoff & Stern LLP, or such other person designated by the firm (the "Ballot Tabulator") shall tabulate the ballots and prepare the appropriate report with respect thereto. After tabulation of the ballots, a plan ballot summary (a "Plan Ballot Summary") shall be filed with the Court.

9. The deadline by which ballots to accept or reject the Disclosure Statement and Plan must be received by the Ballot Tabulator shall be **January 29, 2015 at 5:00 p.m. (Pacific time)** (the "Ballot Deadline"). All ballots must be returned to and actually received by the Ballot Tabulator on or before the Ballot Deadline in order to be counted. Ballots received late shall not be counted. Ballots shall be returned, in accordance with the instructions printed on the Ballots, to: Klee, Tuchin, Bogdanoff & Stern LLP, Attn: Shanda D. Pearson, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067.

10. The Confirmation Hearing shall be held on **February 25, 2015 at 9:30 a.m. (Pacific time)**, or as soon thereafter as counsel may be heard, before the Honorable Sandra R. Klein, United States Bankruptcy Judge, in Courtroom 1575 at the United States Bankruptcy Court for the Central District of California, 255 East Temple Street, Los Angeles, California 90012. The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing.

11. The deadline by which the Trustee must file and serve his memorandum in support of confirmation of the Disclosure Statement and Plan and any evidence in support thereof, as well as the Plan Ballot Summary, is **February 4, 2015**.

12. The deadline by which any party objecting to confirmation of the Disclosure Statement and Plan must file and serve its objection and evidence in support thereof is **February 11, 2015**. Any such objection must be in writing, specify the name and address of the party objecting, set forth the amount of the objecting party's claims and any other grounds giving the objector standing to object, set forth the grounds for the objection, and be accompanied by the

6

objecting party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible documentary evidence. The objection and evidence in support thereof shall be served on the Trustee's counsel, the U.S. Trustee, and the Special Notice Parties. Any objection not timely filed and served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Disclosure Statement and Plan. To preserve an objection, anyone filing an objection must also attend the Confirmation Hearing, either in person or through counsel.

13. The deadline by which the Trustee's reply or replies to any objections to confirmation of the Disclosure Statement and Plan must be filed and served is **February 18, 2015**. Such documents shall be served on the U.S. Trustee, the Special Notice Parties, and any party that has filed an objection to the Disclosure Statement and Plan.

14. The Trustee is authorized to make non-substantive modifications to the Disclosure Statement and Plan and other documents in the Solicitation Package prior to distribution to insert dates and deadlines or make corrections of a typographical, conforming, and/or ministerial nature.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

# # #

Date: December 22, 2014

Sandra R. Klein
United States Bankruptcy Judge

7